1  **GUTRIDE SAFIER REESE LLP**
Adam J. Gutride (Cal. State Bar No.181466)
2  Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
3  San Francisco, California 94114
Telephone:  (415) 271-6469
4  Facsimile:  (415) 449-6469

5  **Counsel for Plaintiff**

6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  DOE, Individually And On Behalf Of All Others    )  Case No. _____
    Similarly Situated,                              )
12                                                   )
                          Plaintiff,                 )  **CLASS ACTION COMPLAINT**
13                                                   )
           vs.                                       )
14                                                   )  **JURY TRIAL DEMANDED**
    NETWORK SOLUTIONS, LLC                           )
15                       Defendant.                  )
16                                                   )
                                                     )
17                                                   )
                                                     )
18                                                   )
                                                     )
19                                                   )
                                                     )
20                                                   )
                                                     )
21                                                   )
                                                     )
22                                                   )

23

24

25

26

27

28  |                    CLASS ACTION COMPLAINT                    |

Plaintiff Doe, on behalf of himself and those similarly situated, brings this action against Defendant Network Solutions, LLC for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2702, the California Online Privacy Act of 2003, California Business and Professions Code ("Bus. & Prof.") § 22575, *et seq*, the California Consumers Legal Remedies Action, California Civil Code § 1750, *et seq*, the California Customer Records Act, California Civil Code § 1798.80, *et seq*, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*, unjust enrichment and private disclosure of public facts and alleges as follows:

## INTRODUCTION

1.      By this Action, Plaintiff challenges Defendants publication, release and/or failure to reasonably secure or keep private electronic mail ("email') and the email accounts of its customers.  As such, the private email and contents of the email accounts (including their inboxes) are publicly available on the Internet thru the use of public search engines such as Google.

## JURISDICTION AND VENUE

2.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 2702 and 18 U.S.C. § 2707.  This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.

3.      In the alternative, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## PARTIES

4.      Doe ("Plaintiff") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of San Francisco or San Mateo County, California.  Plaintiff registered a private domain name in October 2003 and renewed the registration each year until this year.  At that time, Plaintiff also purchased, for an additional yearly payment of approximately $20, a single web based email account, which was his name at the domain name (e.g., doe@doesdomain.com).  In or about May of 2007, Plaintiff became aware that private emails from his email account were publicly available on the Internet.  Such emails were indeed

easily locatable on Internet search engines, including Google.  These emails and snap shots of his email in-box included sensitive, private personal and financial including information such as Plaintiff's email address, physical address, telephone number(s), passwords, usernames and other personal information about Plaintiff's personal and professional life.

5.      Network Solutions, LLC ("Network Solutions" or "Defendant") is a Delaware limited liability company and majority-owned subsidiary of Versign, Inc.  Network Solutions has its principle place of business in Herndon, Virginia.    As set forth above, Network Solutions is one of the largest domain name registrars in the world.  In addition to domain name registration, Network Solutions offers a number of additional Internet related services such as web hosting and design, search engine optimization and web-based email services.

## SUBSTANTIVE ALLEGATIONS

6.      Defendant is in the business of selling domain name registration and providing other related (Internet) services including: Web hosting, Web site design, online marketing, search engine optimization, web based email accounts and more.  For example, Defendant sells to customers a service for the registration of specific Internet domain names, such as "janesbagels.com."  In conjunction with the domain name registration, Defendant offers to customers services such as web design, web site hosting and a web-based online email account at that particular domain name (*e.g.*, jane@janesbagels.com).  For these services including the web-based email account, Defendant charges approximately $34.99 for one year and an additional $20 per year for a single email account at the chosen domain name.

7.      Defendant's email accounts are typically web based.  They work similarly to Hotmail or Yahoo email accounts except that the domain names (i.e., the portion after the "@") are specific to Defendant's customers and they are not free, but rather cost customers approximately $20 per year for a single email account.  Defendant's customers may check their email accounts by logging in, with their usernames and passwords, at www.networksolutions.com.

8.    In order to access these email accounts, Defendant's customers are required to login with a username (typically their email address) and password.  As such, customers are led to believe that their email and email accounts will be both secure and private.

9.    Additionally, all Defendant's customers enter into a written agreement with Defendant that incorporates and includes a Privacy Policy that specifically states that Defendant "will not monitor, edit or disclose the contents of your private communications with third parties unless required to do so by law or in the good faith belief that such action is necessary to: (a) conform to the law or comply with legal process served on Network Solutions; (b) protect and defend the rights or property of Network Solutions; or (c) act under exigent circumstances to protect the personal safety of our customers or the public."

10.    Without customers' knowledge or consent, Defendant has knowingly published to, and/or made these contents of these email accounts, including the text of emails and the inboxes of the email accounts, publicly available to search engines and other persons on the Internet.  Defendant knowingly failed to install industry-standard hardware and/or software that would have prevented the release of this information.  As such, the contents of these email account were and may still be available on search engines such as Google, or on internet archives or caches.

11.    The email and email accounts that Defendant published, released or made available for publication contain highly personal and sensitive information of its customers, including without limitation personal and financial information like name, street addresses, email addresses, phone numbers, credit card numbers, birthdates, passwords, social security numbers, financial account numbers, usernames and other personal information about customers' romantic lives, financial well being, business and social plans, etc.

12.    This information, which was released by Defendant without the authorization or consent of its customers, has now become a permanent, public record on the Internet, free to be saved, manipulated, used and exposed by anyone who has access to the Internet.  For customers whose information has been made public, their private, highly personal, sensitive and confidential information is there for public consumption, use, inquiry, obloquy and ridicule.

Indeed, with a few key strokes anyone with access to the Internet could review this highly personal and sensitive information.

13. Defendant did not receive consent to release or make available this information. Indeed, had Defendant's customers known that such information would be released, made publicly available and/or not secured or otherwise kept private, they never would have paid for Defendant's email services.

14. Defendant holds itself out as one of the oldest, best and most experienced domain name registration service on the Internet. It also claims to be expert at search engine optimization, security and privacy. Its business practices, however, do not support (and directly contradict) such claims.

## CLASS ALLEGATIONS

15. Plaintiff brings this class action against Defendant on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. The class or classes that Plaintiff seeks to represent are composed of and defined as follows:

> **All persons whose, at any time within the four years preceding the filing of this Class Action Complaint, email (or email accounts) were released, published and/or made available for publication by Defendant.**

This group shall be referred to herein as the "Class" and its members collectively, including the named Plaintiff, shall be referred to as "Class Members"

Plaintiff further seeks to represent a subclass of Class Members who resided in California at the time of any of the actions complained of herein. This group shall be referred to as the "California Subclass" and its members collectively, including the named Plaintiff, shall be referred to as "Subclass Members"

16. This action has been brought and may properly be maintained as a class action against the Defendant pursuant to the provisions of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

17.     Numerosity: Plaintiff does not know the exact size of the class, but it is estimated that the class is composed of more than 10,000 persons.  Furthermore, even if subclasses need to be created for the consumers of one or more service(s) or one or more Defendant(s), it is estimated that each subclass would have thousands of members.  The persons in the class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

18.     Common Questions Predominate: This action involves common questions of law and fact to the potential class because each Class Member's claim derives from the same allegedly false, misleading, deceptive and/or unfair practices, in publishing (or making publicly available for publication) its customers' private emails and email accounts.  The common questions of law and fact involved predominate over questions that affect only one product, one Defendant, or individual Class Members.  Thus, proof of a common or single set of facts will establish the right of each member of the class to recover.  Among the questions of law and fact common to the class are:

a.     Whether Defendant's release or publication (or reckless failure to adequately secure or keep private) customer email and email accounts was a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2702, *et seq*;

b.     Whether Defendant released, published and/or made available to the public email, email accounts or the content of other communications to third parties and, if so, the number of times Defendant did so;

c.     Whether Defendant's release and publication of email, email accounts or the content of other communications to third parties is a violation of California law;

d.     Whether Defendant violated the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq* ;

e.     Whether Defendant is in violation of California Business and Professions Code § 22575;

f.     Whether Defendant violated Cal. Civ. Code § 1798.80, *et seq* ;

g.    Whether Defendant violated the California Business and Professions Code § 17200, *et seq*;

h.    Whether Plaintiff and members of the class are entitled to damages, statutory penalties and/or restitution and the appropriate measure of such damages, penalties and/or restitution; and

i.    The scope of injunctive relief that should be imposed against Defendant to prevent such conduct in the future.

19.    Typicality: Plaintiff's claims are typical of the class because his email and email account were release, published, made available for publication and/or not maintained as secure or private in substantially the same fashion as the email and email accounts of all Class Members.  Thus, Plaintiff and Class Members sustained the same injuries and damages arising out of Defendant's conduct in violation of California law.  The injuries and damages of each Class Member were caused directly by Defendant's wrongful conduct in violation of law as alleged herein.

20.    Adequacy: Plaintiff will fairly and adequately protect the interests of all Class Members because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for the illegal conduct of which they complain.  Plaintiff also has no interests that conflict with or are antagonistic to the interests of Class Members.  Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and that of the class.  No conflict of interest exists between Plaintiff and Class Members hereby, because all questions of law and fact regarding liability of Defendant is common to Class Members and predominate over any individual issues that may exist, such that by prevailing on their own claim, Plaintiff necessarily will establish Defendant's liability to all Class Members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class Members.

21.     Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendant and result in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions world engender.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

22.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT I

### Divulgence of Electronic Communications
### Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2702 on behalf of the Class

23.     Plaintiff realleges and incorporates by reference the above paragraphs of this Class Action Complaint as if set forth herein.

24.     The emails stored in Defendant's customers email accounts (and the email accounts themselves) are contents of communications made by Defendant's customers.  In the alternative, the emails and email accounts contain (and are in themselves) records or other information pertaining to Defendant's customers.

25.     In pertinent part, the Electronic Communication Privacy Act, 18 U.S.C. § 2702(a) provides the following:

> (a) Prohibitions.--Except as provided in subsection (b)--(1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service;  and (2) a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that

service-- (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service; and (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing; and (3) a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity.

26.    Defendant provides to the public, including Plaintiff and those similarly situated, an "electronic communications service." As set forth herein, in violation of without limitation 18 U.S.C. § 2702(a)(1), Defendant has knowingly divulged the contents of communications by class members, including those of Plaintiff and those similarly situated, while those communications were in electronic storage in Defendant's email service.

27.    Defendant provides to the public, including Plaintiff and those similarly situated, a "remote computing service." As set forth herein, in violation of without limitation 18 U.S.C. § 2702(a)(2), Defendant has knowingly divulged the contents of communications by class members, including those of Plaintiff and those similarly situated, that were carried and/or maintained on Defendant's remote computing service.

28.    As alleged herein, in violation of without limitation 18 U.S.C. § 2702(a)(3), Defendant has also knowingly divulged to government entities records and/or other information pertaining to its customers, including Plaintiff and those similarly situated, of their electronic communications and remote computing services.

29.    Plaintiff, and those similarly situated, have suffered harm as a result of Defendant's violations of 18 U.S.C. § 2702, including paying service and other fees and charges to Defendant and suffering the public disclosure of their privation information and the consequences thereof.

30.    Pursuant to 18 U.S.C. § 2707, which provides for a civil action for any persons aggrieved by a knowing or intentional violation of 18 U.S.C. § 2702, Plaintiff, and those similarly situated, seeks preliminary and permanent injunction, declaratory and equitable relief

as may be appropriate; statutory damages, actual damages, and disgorgement of any profits made by Defendant as a result of the violation set forth herein but no less that $1,000 for Plaintiff, and each of those similarly situated; punitive damages and Court considers just; and reasonable attorneys' fees and costs.

## COUNT II

**Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* on behalf of the California Subclass**

31.     Plaintiff realleges and incorporates by reference the paragraphs stated above of this Class Action Complaint as set forth herein.

32.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA").

33.     Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

34.     Plaintiff and other Class Members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

35.     Defendant's email services that Plaintiff (and others similarly situated Class Members) purchased from Defendant were "goods" and/or "services" within the meaning of California Civil Code § 1761(a).

36.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, section 1770(a)(5) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(5), Defendant's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that it represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

37.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, section 1770(a)(7) of the

CLRA. Specifically, in violation of California Civil Code §1770(a)(7), Defendant's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that it represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

38.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, section 1770(a)(9) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(9), Defendant's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that it advertised goods or services with intent not to sell them as advertised.

39.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, section 1770(a)(14) of the CLRA.   Specifically, in violation of California Civil Code §1770(a)(14), Defendant's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that represented that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

40.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continue to violate, section 1770(a)(16) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(16), Defendant's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that it represented that a subject of a transaction has been supplied in accordance with a previous representation when it has not.

41.     Pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of himself and similarly situated Class Members, seeks compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices.

42.     Plaintiff also requests that this Court award him his costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

43.     Plaintiff further requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code

§ 1780(a)(2).  If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff, Class Members and other members of the general public will continue to suffer harm.

44.     On behalf of himself and all similarly situated persons, Plaintiff, on May 29, 2007,  supplied Defendant with notice and demand that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and or deceptive practices complained of herein.  Defendant failed to do so.

## COUNT III

**Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200, *et seq.* Against Defendant on behalf of the California Subclass**

45.     Plaintiff realleges and incorporates by reference the paragraphs stated above of this Class Action Complaint as set forth herein.

46.     Beginning at an exact date unknown to Plaintiff, but within four (4) years preceding the filing of this Action, and at all times mentioned herein, Defendant has engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California, and nationwide, by engaging in the unfair and illegal business practices outlined above, in particular by  releasing, publishing, allowing to be published, not protecting or keeping private and secure, private information, including emails and email accounts, belonging to Plaintiff and those similarly situated.

47.     Defendant additionally represented as private and/or secure customers email and email accounts when in fact they were neither secure nor protected.   Accordingly, Defendant is in violation of without limitation § 22576 of the California Business and Professions Code.

48.     Defendant engaged in these unfair practices to increase its profits.  As such, Defendant has engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

49.     The aforementioned practices, which Defendant has used, and continue to use, to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the class.

50.    Plaintiff seeks, on behalf of those similarly situated, full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiff and those similarly situated by means of the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

51.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair trade practices complained of herein. The acts complained of herein occurred, at least in part, within four (4) years preceding the filing of this Action.

52.    Plaintiff and those similarly situated are further entitled to and do seek both a declaration that the above-described trade practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendant from engaging in any of such deceptive, unfair and/or unlawful trade practices in the future. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that the Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recoup monies paid to Defendant to which Defendant is not entitled. Plaintiff and those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

53.    As a direct and proximate result of such actions, Plaintiff and the other members of the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

54.    As a direct and proximate result of such actions, Defendant has enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

## COUNT IV

### Violation of the California Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.* on behalf of the California Subclass

55.     Plaintiff realleges and incorporates by reference the paragraphs stated above of this Class Action Complaint as set forth herein.

56.     California Civil Code § 1798.81 mandates that businesses take reasonable steps to destroy or arrange for the destruction of a customer's record containing personal information that are within its custody or control by modifying the personal information in those records to render it unreadable or undecipherable by any means.

57.     California Civil Code § 1798.81.5 requires businesses to implement and maintain reasonable security procedures to protect the personal information of its customers.

58.     Defendant's release, publication and/or failure to reasonably secure and protect personal information contained in email and email accounts of Plaintiff and those similarly situated as alleged herein violated without limitation Cal. Civ. Code §§ 1798.81 and 1798.81.5.

59.     Pursuant to California Civil Code California Civil Code § 1798.84, Plaintiff seeks damages, including statutory damages of $3,000 per violation suffered by himself or those similarly situated, together with injunctive relief.

## COUNT V

### Public Disclosure of Private Facts on behalf of the Class

60.     Plaintiff realleges and incorporates by reference the paragraphs stated above of this Class Action Complaint as set forth herein.

61.     By its conduct, Defendant has knowingly, intentional and/or recklessly caused the public disclosure of private facts concerning Plaintiff, and those similarly situated.  These private facts are facts that a reasonable person would not wished disclosed on the Internet and they are additionally not newsworthy.

62.     Plaintiff and those similarly situated have suffered harm as a result of Defendant's public disclosure of private facts about them.

63.     Plaintiff and those similarly situated are entitled to actual and punitive damages and injunctive relief for the above-mentioned tortuous act of Defendant.

## COUNT VI

### Unjust Enrichment on behalf of the Class

64.     Plaintiff realleges and incorporates by reference the paragraphs stated above of this Class Action Complaint as set forth herein.

65.     Defendant benefited from the unlawful acts set forth in this Class Action Complaint through the receipts of payments for Internet services, including web based email accounts, from Plaintiff and those similarly situated.  It would be inequitable for Defendant to be permitted to retain the benefit of such fees and payments because Plaintiff and those similarly situated would not have paid for such services had they known that Defendant would publish, make available for publications and/or not adequately protect and secure its customers' email accounts.

66.     Plaintiff and those similarly situated are entitled to the establishment of a constructive trust consisting of the benefit to Defendant of any and all payments for Internet services from which Plaintiff and those similarly situated may make claims on a pro-rata basis for restitution of the service fees that they unjustly paid to Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)     Determining that this action is a proper class action and certifying the Plaintiff as Class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Declaring that Defendant has violated and are in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2702;

(c)     Declaring that Defendant has violated and are in violation of Cal. Civ. Code § 1770, *et seq.*

(d)     Declaring that Defendant has violated and are in violation of Cal. Civ. Code § 1798.80, *et seq.*

1          (e)      Declaring that Defendant has violated and are in violation of Cal. Business

2 and Professions Code § 17200, *et seq.*

3          (f)      Declaring that Defendant has violated and are in violation of the federal

4 common law or the common law of California and the several states with respect to public

5 disclosure of private facts, unjust enrichment.

6          (g)      Awarding Plaintiff and those similarly situated statutory and actual

7 damages of no less than $1,000 per class member;

8          (h)      Awarding Plaintiff and those similarly situated statutory and actual

9 damages of no less than $1,000 per California Subclass member for Defendant's violation of Cal.

10 Civ. Code § 1770, *et seq*;

11          (i)      Awarding Plaintiff and those similarly situated statutory and actual

12 damages of no less than $3,000 per California Subclass member for Defendant's violation of Cal.

13 Civ. Code § 1798.80, *et seq*;

14          (j)      Awarding compensatory damages in favor of Plaintiff and the Class

15 members against Defendant, for all damages sustained as a result of Defendant's violations of

16 the laws set forth above, in an amount to be proven at trial, including interest thereon;

17          (k)      Awarding statutory penalties;

18          (l)      Ordering Defendant to disgorge revenues and profits wrongfully obtained

19 and awarding restitution of Plaintiff and those similarly situated;

20          (m)      Awarding Plaintiff and those similarly situated punitive damages;

21          (n)      Awarding Plaintiff and those similarly situated their reasonable costs and

22 expenses incurred in this action, including counsel fees and expert fees; and

23          (o)      Such other and further relief as the Court may deem just and proper.

24 <center>**<u>JURY TRIAL DEMANDED</u>**</center>

25    Plaintiff hereby demands a trial by jury.

26

27

28

1  DATED:   October 2, 2007

**GUTRIDE SAFIER REESE LLP**

By: _____
Adam J. Gutride (Cal. State Bar No. 181446)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone:  (415) 271-6469
Facsimile:  (415) 449-6469

*Counsel for Plaintiff*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28