1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHERI FLAME EISNER #162776
2  sheri.eisner@pillsburylaw.com
   DAVID L. STANTON # 208079
3  david.stanton@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
4  Los Angeles, CA  90017-5406
   Telephone: (213) 488-7100
5  Facsimile: (213) 629-1033

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   JOHN M. GRENFELL #88500
7  john.grenfell@pillsburylaw.com
   50 Fremont Street
8  Post Office Box 7880
   San Francisco, CA  94120-7880
9  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
10
   Attorneys for Defendant
11 NETWORK SOLUTIONS, LLC

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15 _____
   DOE, Individually And On Behalf Of All    )
16 Others Similarly Situated,                )      No. C 07-5115 JSW
                                             )
17                   Plaintiff,              )   DEFENDANT NETWORK
                                             )   SOLUTIONS, LLC'S NOTICE OF
18      vs.                                  )   MOTION AND MOTION TO DISMISS
                                             )   FOR LACK OF SUBJECT MATTER
19 NETWORK SOLUTIONS, LLC,                   )   JURISDICTION PURSUANT TO
                                             )   FEDERAL RULE OF CIVIL
20                   Defendant.              )   PROCEDURE 12(b)(1)
                                             )
21                                           )
                                             )
22                                           )   Judge:   Hon. Jeffrey S. White
                                             )   Date:    January 25, 2008
23                                           )   Time:    9:00 a.m.
                                             )   CrtRm:   2
24 _____)

25

26

27

28
   600455225v1
                                                    DEFENDANT'S MOTION TO DISMISS
                                                           UNDER FRCP 12(b)(1)
                                                           Case No. C 07-5115 JSW

# TABLE OF CONTENTS

SUMMARY ................................................................................................................................iv

NOTICE OF MOTION AND MOTION TO DISMISS........................................................1

POINTS AND AUTHORITIES ..............................................................................................2

I.    Introduction ...................................................................................................................2

II.   Statement of the Case ...................................................................................................2

    A.   Defendant's Services ..........................................................................................2

    B.   Plaintiff Allegedly Discovered His Emails on Search Engines...........................3

    C.   The Service Agreement ......................................................................................3

III.  Plaintiff's Claims..........................................................................................................4

IV.   Standards Under Federal Rule of Civil Procedure 12(b)(1) ........................................5

V.    Plaintiff's Anonymous Complaint Violates Federal Rules of Civil Procedure 10(a) and 17(a) ..............................................................................................................5

VI.   No Person Has Appeared With Standing to Bring This Case .....................................6

VII.  Nothing Justifies Plaintiff's Use of a Pseudonym........................................................7

VIII. Proceeding Anonymously Would Obstruct the Public Interest................................9

IX.   Proceeding Anonymously Would Be Unfair.............................................................10

X.    Conclusion...................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**

Branch v. Tunnell,
    14 F.3d 499 (9th Cir. 1994) ................................................................................ 3

Clark v. Chase Nat. Bank of City of New York,
    45 F.Supp. 820 (S.D.N.Y. 1942) ......................................................................... 5

Doe v. Indiana Black Expo, Inc.,
    923 F.Supp. 137 (S.D. Ind. 1996) ....................................................................... 6

Doe v. Rotsker,
    89 F.R.D. 158 (N.D. Cal. 1981) ................................................................... iv, 6

Doe v. United States Dept. of Justice,
    93 F.R.D. 483 (D. Colo. 1982) ............................................................................ 7

Does 1 through XXIII v. Advanced Textile Corp.,
    214 F.3d 1058 (9th Cir. 2000) ..................................................................... iv, 5

EEOC v. Erection Co., Inc.,
    900 F.2d 168 (9th Cir. 1990) ............................................................................... 5

In re Stac Electronics Securities Litig.,
    89 F.3d 1399 (9th Cir. 1996) ............................................................................... 3

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) ............................................................................................ 7

M.M. v. Zavaras,
    139 F.3d 798 (10th Cir. 1998) ........................................................................ 6, 7

Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,
    853 F.2d 1376 (9th Cir. 1988),
    cert. denied, 488 U.S. 1006 (1989) ..................................................................... 5

National Commodity & Barter Ass'n. et al v. Gibbs,
    886 F. 2d 1240 (10th Cir. 1989) .......................................................................... 7

Nixon v. Warner Communications, Inc.,
    435 U.S. 589 (1978) ...................................................................................... iv, 5

Richmond Newspapers, Inc. v. Virginia,
    448 U.S. 555 (1980) ............................................................................................ 5

Roberts v. Corrothers,
    812 F.2d 1173 (9th Cir. 1987) ............................................................................ 5

Takhar v. Kessler,
    76 F.3d 995 (9th Cir. 1996) ................................................................................ 6

Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp.,
      594 F.2d 730 (9th Cir. 1979) .................................................................................... 5

W.N.J. v. Yocom,
      257 F.3d 1171 (10th Cir. 2001) ............................................................................ iv, 7

Warth v. Seldin,
      422 U.S. 490 (1975) ................................................................................................ 6

Wilbur v. Locke,
      423 F.3d 1101 (9th Cir. 2005) ................................................................................. 7

**Statutes and Codes**

California Consumers Legal Remedies Act, California Civil Code § 1740 .......................... 4

California Customer Records Act, California Civil Code § 1798.80 ................................... 4

California Online Privacy Act of 2003, California Business & Professions
      Code § 22575 .......................................................................................................... 4

California Unfair Competition Law, California Business & Professions Code
      § 17200 .................................................................................................................... 4

Electronic Communications Privacy Act, 18 U.S.C. § 2702 ............................................... 4

**Rules and Regulations**

Federal Rule of Civil Procedure 10(a) ........................................................................ passim

Federal Rule of Civil Procedure 12(b)(1) .................................................................. iv, 2, 5

Federal Rule of Civil Procedure 12(b)(3) ...................................................................... 1, 4, 8

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 1, 4

Federal Rule of Civil Procedure 12(f) ................................................................................. 1, 4

Federal Rule of Civil Procedure 17(a) ......................................................................... passim

**Other Authorities**

2 Moore's Federal Practice, § 10.02(2)(c)(ii) (3rd ed. 2006) ............................................. iv

Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 8:120.13 (The Rutter Group
      2007) ................................................................................................................... iv, 7

**Summary**

Network Solutions, LLC ("Network Solutions") moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) because the plaintiff has improperly filed anonymously without prior court approval in violation of Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure. Thus, the Court lacks subject matter jurisdiction.

Rule 10(a) requires that the title of the action identify all parties. A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." Does 1 through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000), citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99 (1978). Identification of all parties is also required by Rule 17(a) which states: "Every action shall be prosecuted in the name of the real party in interest." Rule 10(a) and 17(a) protect the public's vital interest in knowing all the facts and events surrounding court proceedings. Doe v. Rotsker, 89 F.R.D. 158, 160 (N.D. Cal. 1981). Where the plaintiff is not identified, there is no real party in interest or person with Article III standing to pursue the alleged claims. Thus, the Court lacks subject matter jurisdiction.

Where plaintiffs wish to proceed anonymously, they must first obtain leave of court. Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 8:120.13 (The Rutter Group 2007), citing W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001). This request must be supported by "sufficient admissible evidence." Doe v. Texaco, Inc., 2006 WL 2850035 at *2 (N.D.Cal. 2006). Here, not only has the plaintiff failed to obtain such permission, the complaint does not even allege a basis for proceeding anonymously. A Doe filing is a unique remedy reserved for rare cases in which plaintiffs, if identified, face extreme hardship. Plaintiff has not described any retaliation he could suffer if identified; he has not demonstrated matters of a sensitive or highly personal nature; and there is no allegation that he intends to engage in illegal conduct. Such are typically the only situations that would justify an anonymous filing. See generally 2 Moore's Federal Practice, § 10.02(2)(c)(ii) (3rd ed. 2006); Advanced Textile, 214 F. 3d at 1067.

1    NOTICE OF MOTION AND MOTION TO DISMISS

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on Friday, January 25, 2008 at 9:00 a.m., before the

4    Honorable Jeffery S. White, United States District Judge, in Courtroom 2, 450 Golden Gate

5    Avenue, San Francisco, California, defendant **NETWORK SOLUTIONS, LLC** will move

6    and hereby does move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure,

7    to dismiss the complaint (Dkt. 1) filed anonymously by plaintiff "**DOE**."

8    This motion is made on the grounds that, without leave of Court, Plaintiff filed this

9    action anonymously in violation of Rules 10(a) and 17(a) of the Federal Rules of Civil

10   Procedure.  As a result, there is no real party in interest or person with Article III standing

11   to pursue the alleged claims.  Thus, the Court lacks subject matter jurisdiction.  Moreover,

12   the strong and well-recognized public interest in open court proceedings and the unfairness

13   to Defendant that would result if this matter proceeds anonymously outweigh whatever

14   interest Plaintiff may have in pursuing this matter anonymously.

15   This motion is based on this notice of motion, the memorandum that follows, the

16   request for judicial notice filed herewith, Defendant's concurrent motions to dismiss under

17   Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure and its motion to strike

18   under Rule 12(f) of the Federal Rules of Civil Procedure, which are each incorporated

19   herein by reference, all pleadings and records on file in this action, and any other arguments

20   and evidence presented to this Court at or before the hearing on this motion.

21   ISSUE TO BE DECIDED

22   Does the Court have subject matter jurisdiction where, without leave of Court,

23   Plaintiff filed a complaint anonymously and no grounds whatsoever have been presented to

24   demonstrate that Plaintiff's interest in remaining anonymous outweighs the public's interest

25   in open court proceedings and the unfairness to Defendant?

26

27

28

POINTS AND AUTHORITIES

I. <u>Introduction</u>

Defendant Network Solutions, LLC ("Defendant" or "Network Solutions") has been sued improperly by a "Doe" plaintiff ("Plaintiff"). This person had no right to bring this action under a pseudonym without leave of court, and he failed to request leave before filing the Class Action Complaint ("Complaint" or "CAC"). Dkt. 1. Since no plaintiff is identified and there is no real party in interest, the Complaint fails to comply with Federal Rules of Civil Procedure ("FRCP") 10(a) and 17(a). Thus, Article III standing is lacking, and the Court lacks subject matter jurisdiction to proceed.

Moreover, leave to file anonymously is unjustified in this case. Such a filing is a unique remedy reserved for rare situations in which plaintiffs, if identified, face extreme hardship. The plaintiff in this case has set forth no allegations or evidence qualifying for such special treatment. Letting this matter proceed anonymously would infringe on the broad public interest in open, taxpayer-funded courts, and would unfairly complicate the administration and defense of this case.

Thus, the entire Complaint should be dismissed under FRCP 12(b)(1).

II. <u>Statement of the Case</u>

A. <u>Defendant's Services</u>

Network Solutions is in the business of registering domain names (e.g. "janesbagels.com") and providing web-related services through its website and servers located in Virginia.[1] CAC ¶5-6. Among other things, Defendant provides, for a fee, web-based email accounts (called "webmail" accounts) associated with customers' domain names (e.g., "jane@janesbagles.com"). CAC ¶6. In order to obtain or renew a domain

---

[1] Each computer connected to the Internet has a unique numeric address, known as an Internet Protocol or "IP" address, whereby one computer or network identifies and exchanges information with another. The Domain Name System ("DNS") was created to allow a more easily remembered word or phrase (also called a "domain name") to be associated with a specific IP address. The DNS allows the use of easily-remembered domain names (e.g. "janesbagels.com") rather than numerical IP addresses.

name or webmail account, each Network Solutions customer must affirmatively agree to the terms of a written Service Agreement.  See CAC ¶9 ("[A]ll Defendant's customers enter into a written agreement with Defendant….")  In October 2003, Plaintiff voluntarily and affirmatively entered into a Service Agreement, whereby he registered a domain name and established a webmail account.[2]  CAC ¶4.  Each year through 2007 (including in October 2007), Plaintiff renewed his registration and reaffirmed the Service Agreement.  Id.  Plaintiff has paid fees of $34.99 annually for his domain name registration (CAC ¶6), and $20.00 annually for his webmail account (CAC ¶4).

        B.      <u>Plaintiff Allegedly Discovered His Emails on Search Engines</u>

Plaintiff alleges that in May 2007, several months before renewing the subject account, he discovered certain of his emails "on Internet search engines, including Google."  CAC ¶4.  He does not claim that Network Solutions is a search engine, that he discovered these emails on any medium controlled by Network Solutions, or that any search results linked him to a website affiliated with Network Solutions.  Nor does Plaintiff clearly allege that his emails remain available online.  He also does not allege any damages directly arising from the alleged (and temporary) publication of his emails on search engines.

        C.      <u>The Service Agreement</u>

Plaintiff does not attach to his Complaint copies of his Service Agreements with Network Solutions, but he selectively quotes identical language found in each version from 2003 to 2007.  Compare CAC ¶9, with Exhs. 1-5 of Defendant's Request for Judicial Notice ("RFJN") at RFJN 0025, 0075, 0109, 0178, and 0243-44.  Thus, the Court may properly take judicial notice of the written contracts that Plaintiff formed when establishing and renewing his relationship with Network Solutions.  See Branch v. Tunnell, 14 F.3d 499, 454 (9th Cir. 1994); In re Stac Electronics Securities Litig., 89 F.3d 1399, 1405, fn. 4 (9th Cir. 1996).

---

[2] Network Solutions does not concede that Plaintiff acquired Network Solutions' services for personal use, as Plaintiff may have obtained the services on behalf of a business.

1    These Service Agreements contain several dispositive provisions which are
2    addressed in Defendant's motions to dismiss under FRCP 12(b)(3) and 12(b)(6) and in
3    Defendant's motion to strike under FRCP 12(f).  These provisions include a Governing
4    Law provision (requiring plaintiff to bring his claims in Virginia and waiving the right to a
5    jury trial); an Exclusive Remedy / Time Limitation provision (limiting plaintiff's remedies
6    and requiring all claims be filed within one year[3]); a Disclaimer of Warranties (expressly
7    disclaiming any warranty that Defendant's email services would be "SECURE, OR
8    ERROR-FREE"); an Email Schedule; and a Privacy Policy.

9    III.    Plaintiff's Claims

10   Plaintiff filed his Complaint as a putative class action.  CAC ¶15-22.  It asserts six
11   claims, for violations of state and federal law:
12         1.  Electronic Communications Privacy Act, 18 U.S.C. § 2702;
13         2.  California Consumers Legal Remedies Act, Cal. Civ. Code § 1740, et seq.;
14         3.  California Customer Records Act, Cal. Civ. Code § 1798.80, et seq.;
15         4.  California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.;
16         5.  Unjust Enrichment; and
17         6.  Private Disclosure of Public Facts.
18   Plaintiff also asserts, as a predicate to his claim under the California Unfair Competition
19   Law, that Defendant violated the California Online Privacy Act of 2003, Cal. Bus. & Prof.
20   Code § 22575, et seq.
21         In short, and as set forth in Defendant's concurrently filed motion to dismiss under
22   Federal Rule of Civil Procedure 12(b)(6), these claims are all preempted by the express
23   provisions of the Service Agreement, and they are unsupported by the sparse factual
24   allegations of the Complaint.
25
26   ───────────────
27   [3] The "Time Limitation on Filing Any Claims," is not found in the Service Agreements from 2003 and 2004.  Compare RFJN Exhs. 1-2 at RFJN 0003-0004, 0052-53, with Exhs. 3-5 at RFJN 0055-56, 0091, 0133, 0225.
28

### IV. Standards Under Federal Rule of Civil Procedure 12(b)(1)

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. Proc. 12(b)(1).  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 853 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989).  A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

As set forth below, the Court lacks jurisdiction over this anonymous pleading, and dismissal is, therefore, proper under Rule 12(b)(1).

### V. Plaintiff's Anonymous Complaint Violates Federal Rules of Civil Procedure 10(a) and 17(a)

Parties to a lawsuit typically must identify themselves in pleadings—a common law idea exemplified in Rule 10(a) of the Federal Rules of Civil Procedure.  "In the complaint, the title of the action shall include the names of all the parties."  FRCP 10(a).  In general, "[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings…, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties'."  Does 1 through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000), citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99 (1978), EEOC v. Erection Co., Inc., 900 F.2d 168, 169 (9th Cir. 1990), and FRCP 10(a).  See generally Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 & n. 17 (1980) (holding public has First Amendment right to attend criminal trial).

Similarly, Rule 17(a) of the Federal Rules of Civil Procedure states that "Every action shall be prosecuted in the name of the real party in interest."  FRCP 17(a).  This rule applies equally to class actions under Rule 23 of the Federal Rules of Civil Procedure.  See Clark v. Chase Nat. Bank of City of New York, 45 F.Supp. 820, 824 (S.D.N.Y. 1942).

1    FRCP 10(a) and 17(a) are not simply matters of administrative convenience for
court staff and counsel.  These rules protect the public's legitimate interest in knowing
which disputes involving which parties are before the federal courts, which are supported
with tax payments and which exist ultimately to serve the American public.  <u>Doe v.
Rotsker</u>, 89 F.R.D. 158, 160 (N.D. Cal. 1981) (Rule 10(a) protects "public's legitimate
interest in knowing all the facts and events surrounding court proceedings."); <u>Doe v.
Indiana Black Expo, Inc.</u>, 923 F.Supp. 137, 139 (S.D. Ind. 1996).

The plaintiff in this case is unidentified, and, on the face of the Complaint, it is
impossible to identify a true owner of the alleged legal interests at issue.  Thus, the
requirements of Rule 10(a) have not been met.  Likewise, there is no real party in interest,
as required under Rule 17(a).  For these reasons, the Court must dismiss this action for
failing to comport with the Federal Rules of Civil Procedure.  <u>See e.g.</u> <u>M.M. v. Zavaras</u>,
139 F.3d 798, 801 (10th Cir. 1998) (action dismissed "for failure to comply with Rule 10(a)
of the Federal Rules of Civil Procedure by not including the names of all the parties in the
title of the action," and "for failure to comply with the orders… requiring a real party in
interest to be named who ratifies the commencement of the action or joins or is substituted
for the real party in interest, all as required by Rule 17(a) Federal Rules of Civil
Procedure.")

VI.    <u>No Person Has Appeared With Standing to Bring This Case</u>

"A plaintiff has the burden of establishing the elements required for standing, and
'[f]or purposes of ruling on a motion to dismiss for want of standing, both the trial and
reviewing courts must accept as true all material allegations of the complaint, and must
construe the complaint in favor of the complaining party.'"  <u>Takhar v. Kessler</u>, 76 F.3d 995,
1000 (9th Cir. 1996), <u>quoting</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).  To meet this
burden, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and
particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is
fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to
merely speculative, that the injury will be redressed by a favorable decision.  <u>Wilbur v.</u>

1  Locke, 423 F.3d 1101, 1107 (9th Cir. 2005) (citation and quotation marks omitted).  For an

2  injury to be "particularized," it "must affect the plaintiff in a personal and individual way."

3  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n. 1 (1992).

4        Where plaintiffs wish to proceed anonymously, they must obtain leave of court

5  before filing under a pseudonym.  Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 8:120.13

6  (The Rutter Group 2007), citing W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001).

7  Because the person who filed this action anonymously did so without leave of court, it is

8  impossible to determine from the pleadings that anyone has suffered an injury in fact, or

9  that any alleged injury is concrete or particularized, not conjectural or hypothetical, and that

10  it is fairly traceable to the actions of Network Solutions.  See W.N.J. v. Yocom, 257 F.3d at

11  1172 ("Where no permission [to proceed anonymously] is granted, the federal courts lack

12  jurisdiction over the unnamed parties, as a case has not been commenced with respect to

13  them.") (citation omitted); M.M. v. Zavaras, 139 F.3d 798, 800 (10th Cir. 1998); National

14  Commodity & Barter Ass'n. et al v. Gibbs, 886 F. 2d 1240 (10th Cir. 1989); Doe v. United

15  States Dept. of Justice, 93 F.R.D. 483, 484 (D. Colo. 1982) (holding that a "civil action has

16  not been commenced and will not be commenced unless and until it is filed in full

17  compliance with Rule 10(a) of the Federal Rules.")

18        Thus, the unidentified Plaintiff in this case has not met the burden of establishing

19  Article III standing, and, the Court must dismiss for lack of subject matter jurisdiction.

20        VII.   Nothing Justifies Plaintiff's Use of a Pseudonym

21        On occasion, federal courts will permit plaintiffs to proceed anonymously, "when

22  special circumstances justify secrecy."  Advanced Textile, 214 F.3d at 1067 (citations

23  omitted).  For example, the courts have found sufficient privacy concerns to justify

24  proceeding under a pseudonym in matters involving birth control, illegitimacy, abortion,

25  transsexuality, homosexuality, mental illness, and rape.  See generally 2 Moore's Federal

26  Practice, § 10.02(2)(c)(ii) (3rd ed. 2006).  Unlike those sensitive subjects, Plaintiff's

27  Complaint is little more than an overreaching breach of contract action.

28

Courts determining whether to permit plaintiffs to proceed anonymously will balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Advanced Textile, 214 F.3d at 1067, citing M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998); James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Doe v. Frank, 951 F.2d 320, 323-24 (11th Cir. 1992); Doe v. Stegall, 653 F.2d 180, 183 (5th Cir. 1981). Applying this balancing test, plaintiffs have been permitted to use pseudonyms in three situations:

> (1) when identification creates a risk of retaliatory physical or mental harm;
>
> (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;
>
> (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.

Advanced Textile, 214 F.3d 1068. The factors that trial courts consider when evaluating a plaintiff's interest in using a pseudonym include: (a) the severity of the threatened harm; (b) the reasonableness of plaintiff's fears; and (c) the plaintiff's particular vulnerability. Id. "That the plaintiff may suffer some embarrassment or economic harm is not enough. There must be some strong social interest in concealing the identify of the plaintiff." Doe v. Rostker, 89 F.R.D. at 162.

This case does not present any circumstances justifying an anonymous proceeding. Plaintiff has not identified any retaliation he would suffer if identified; he has not demonstrated matters of a sensitive or highly personal nature; and there is no allegation that Plaintiff intends to engage in illegal conduct.[4]

Plaintiff only claims that somehow he discovered his emails on various search engines. CAC, ¶4. Meanwhile, the Service Agreement disclaims any warranty that the services would be "SECURE, OR ERROR FREE," (RFJN Exhs. 1-5 at RFJN 0004, 0053,

---

[4] In fact, Defendant refers the Court to its 12(b)(3) motion which addresses a related case pending in Virginia in which this Doe plaintiff has apparently acknowledged his identity in this California action and taken no steps to conceal it.

1  0089, 0128, and 0223), and his agreement with Network Solutions expressly limits
2  damages to the amount of Plaintiff's annual fees (RFJN Exh. 1-5 at RFJN 0003, 0052,
3  0088, 0127, and 0222).  Thus, the Complaint fails to reveal any harm that would result if
4  Plaintiff proceeded under his own name.
5         Even if Plaintiff had sought to allege the factors required to qualify for anonymous
6  treatment, it still would be inadequate, because the grounds to proceed anonymously must
7  be supported by "sufficient admissible evidence."  See Doe v. Texaco, Inc., 2006 WL
8  2850035 at *2-*5 (N.D.Cal. 2006) (denying motion to proceed anonymously after court
9  "evaluates whether plaintiff s have presented sufficient admissible evidence to justify the
10 use of pseudonyms.") (emphasis added); Advanced Textile, 214 F.3d at 1604-1065
11 (discussing evidence, including declarations and testimony, that plaintiffs and defendant
12 filed in support of and in opposition to plaintiffs' motion to proceed under fictitious names);
13 James v. Jacobson, 6 F.3d 233 (4th Cir. 1993) (holding that decision to allow or to deny
14 parties to proceed anonymously must be based upon "informed discretion.").  Plaintiff has
15 not requested the required evidentiary hearing, or submitted any evidence justifying his
16 need to proceed anonymously.
17        VIII.   Proceeding Anonymously Would Obstruct the Public Interest
18        There is a "powerful presumption in favor of open proceedings where the parties are
19 identified."  Doe v. Indiana Black Expo, Inc. 923 F. Supp. 137, 139 (S.D. Ind. 1996).  This
20 has been expressly recognized by the United States Supreme Court:

> A trial is a public event.  What transpires in the courtroom is public property... There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.

Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 492-93 (1975), citing Craig v. Harney, 331 U.S. 367, 374 (1947).  Trial courts should protect the openness of public proceedings:

> [I]t is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view.... Courts are public institutions which exist for the public to serve the public interest.  Even a superficial recognition of our

> judicial history compels one to recognize that secret court proceedings are anathema to a free society.

M.M. v. Zavaras, 139 F.3d 798, 800 (10th Cir. 1998).

In this case, there is no basis asserted in the Complaint or otherwise that would justify overriding the public interest in open proceedings in favor of Plaintiff's desire not to be identified. This is especially so because Plaintiff seeks to proceed as a class representative, and the putative class members have direct interest in his identity.

IX.    Proceeding Anonymously Would Be Unfair

Furthermore, permitting Plaintiff to proceed with this action under a pseudonym would be unfair. He has made no effort to conceal the identity of Network Solutions. To the contrary, he has published disparaging claims concerning Defendant's business practices in a entirely public forum—accusations that would be actionable if not protected by the litigation privilege. See e.g., Cal. Civ. Code § 47(b)(2) (defining as "privileged" communications those made in any "judicial proceeding."). It is only right that Plaintiff also be identified. Further, proceeding anonymously would complicate discovery, increase the cost of the defense, require closed hearings, and obligate Defendant to lodge routine briefs and filings under seal. These administrative and logistical hurdles are unjustified.

Plaintiff's use of a pseudonym also hamstrings Defendant's ability "to defend itself from adverse publicity and other collateral, but often inevitable, effects of civil litigation."

Doe v. Indiana Black Expo, Inc., 923 F.Supp. 137, 140 (1996).

> As courts have recognized, the mere filing of a civil lawsuit can have significant effects on a defendant.… The public charges made in a civil lawsuit can cast a shadow over a defendant's reputation until the case is resolved. The effects can be felt with lenders or employers, both actual and prospective.… A civil lawsuit can also lead to adverse publicity and can require defendants to disclose publicly certain information that they might prefer to keep private. But only rarely can a defendant in a lawsuit remain anonymous, and certainly not where the plaintiff has chosen to file publicly a complaint naming the defendants but using a false name for himself.

Id.

1    Further, Plaintiff's identity is an important fact in this case.  The alleged claims are

2    circumscribed by the Service Agreement between Network Solutions and a particular

3    individual.  Also, at least one alleged claim is barred if Plaintiff used his webmail account

4    for business purposes, and this is a foundational fact not established by the anonymous

5    Complaint.  See Cal. Civ. Code § 1761(b) (services for a "commercial or business use" are

6    not covered by the Consumers Legal Remedies Act).

7    For all of these reasons, the need for anonymity in this case is outweighed by "the

8    risk of unfairness to the opposing party."  Advanced Textile, 214 F.3d at 1067 (citations

9    omitted).  Therefore, Plaintiff has improperly sued under a pseudonym, and the matter

10   should be dismissed.

11   X.    Conclusion

12   As set forth above, Plaintiff's anonymous Complaint is wholly improper, fails to

13   establish subject matter jurisdiction, and it should be dismissed in its entirety pursuant to

14   Federal Rule of Civil Procedure §12(b)(1).

15

16                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                      SHERI FLAME EISNER
                                      JOHN M. GRENFELL
17                                    DAVID L. STANTON

18

19
                                      By ___/s/_____
20                                          Sheri Flame Eisner
                                          Attorneys for Defendant
21                                        NETWORK SOLUTIONS, LLC

22

23

24

25

26

27

28