| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>SHERI FLAME EISNER #162776 |
| 2 | sheri.eisner@pillsburylaw.com<br>DAVID L. STANTON # 208079 |
| 3 | david.stanton@pillsburylaw.com<br>725 South Figueroa Street, Suite 2800 |
| 4 | Los Angeles, CA   90017-5406<br>Telephone: (213) 488-7100 |
| 5 | Facsimile: (213) 629-1033 |
| 6 | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>JOHN M. GRENFELL #88500 |
| 7 | john.grenfell@pillsburylaw.com<br>50 Fremont Street |
| 8 | Post Office Box 7880<br>San Francisco, CA   94120-7880 |
| 9 | Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200 |
| 10 | |
| 11 | Attorneys for Defendant<br>NETWORK SOLUTIONS, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC,<br><br>    Defendant. | No. C 07-5115 JSW<br><br>[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO STRIKE<br><br>Judge:   Hon. Jeffrey S. White<br>Date:    January 25, 2008<br>Time:    9:00 a.m.<br>CrtRm:   2 |

1  Defendant Network Solutions LLC's ("Network Solutions") Motion To Strike
2  Pursuant to Federal Rule of Civil Procedure 12(f), came on regularly for hearing in room 2
3  of this Court on January 25, 2008 at 9:00 a.m. before the Honorable Jeffrey S. White.
4  Network Solutions was represented by the law firm of Pillsbury Winthrop Shaw Pittman
5  LLP and plaintiff Doe ("Plaintiff") was represented by the law firm of Gutride Safier Reese
6  LLP.

7  After full consideration of the pleadings, records and files herein, including oral
8  argument by both parties, and the authorities submitted by counsel, the Court GRANTS
9  Defendant's Motion to Strike and ORDERS as follows:

10  Plaintiff's demand for a jury trial is inconsistent with the controlling Service
11  Agreement which governs the parties' relationship. The Service Agreement contains a
12  "Governing Law" provision which Plaintiff agreed to and under which Plaintiff waived the
13  right to a jury trial. Therefore, the Court hereby strikes the following language from the
14  Complaint:

| Caption: | "**JURY TRIAL DEMANDED**" |
|---|---|
| CAC at 15:24-25: | "**JURY TRIAL DEMANDED**"; "Plaintiff hereby demands a trial by jury." |

19  In addition, the Court finds that the following language in Plaintiff's Complaint is
20  inconsistent with the express waivers in the Exclusive Remedy provisions of the Service
21  Agreement, and therefore the Court hereby strikes the following language from the
22  Complaint:

| CAC ¶8:26-9-4 | "Pursuant to 18 U.S.C. § 2707, which provides for a civil action for any persons aggrieved by a knowing or intentional violation of 18 U.S.C. § 2702, Plaintiff, and those similarly situated, seeks [sic] preliminary and permanent injunction, declaratory and equitable relief statutory damages, actual damages, and disgorgement of any profits made by Defendant as a result of the violation set forth herein but no less than $1,000 for Plaintiff, and each of those similarly situated; punitive damages and [sic] Court considers just; and reasonable attorneys fees" |
|---|---|

| | |
|---|---|
| CAC ¶10:22-26. | "Pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of himself and similarly situated Class Members, seeks compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices."<br><br>"Plaintiff also requests that this Court award him his costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d)." |
| CAC ¶13:15-17 | "including statutory damages of $3,000 per violation suffered by himself or those similarly situated" |
| CAC ¶14:1-2 | "Plaintiff and those similarly situated are entitled to actual and punitive damages and injunctive relief for the above-mentioned tortuous act of Defendant." |
| CAC ¶15:6-7 | "Awarding Plaintiff and those similarly situated statutory and actual damages of no less than $1,000 per class member;" |
| CAC ¶15:8-10 | "Awarding Plaintiff and those similarly situated statutory and actual damages of no less than $1,000 per California Subclass member for Defendant's violation of Cal. Civ. Code § 1770, *et seq*;" |
| CAC ¶15:11-13 | "statutory" … "of no less than $3,000 per California Subclass member" |
| CAC ¶15:14-16 | "Awarding compensatory damages in favor of Plaintiff and the Class members against Defendant, for all damages sustained as a result of Defendant's violations of the laws set forth above, in an amount to be proven at trial, including interest thereon;" |
| CAC ¶15:17 | "Awarding statutory penalties;" |
| CAC ¶ 15:18-19 | "Ordering Defendant to disgorge revenues and profits wrongfully obtained" |
| CAC ¶15:20 | "Awarding Plaintiff and those similarly situated punitive damages;" |
| CAC ¶15:21-22 | "Awarding Plaintiff and those similarly situated their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;" |

The Court finds further support for striking the language quoted above regarding any reference to the $3,000 statutory damages under the California Consumer Records Act

1  (Count IV) because such statutory damages are not authorized under the specific provisions
2  under which Plaintiff has brought his claims. (Complaint at Paragraphs 15:11-13; 13:15-
3  17.)
4      Further, the Court finds that the Exclusive Remedy / Time Limitation provision
5  limits Plaintiff's claims to the period commencing one year before the filing of the
6  Complaint (October 4, 2006).
7      Finally, the Court finds that the following language in the Complaint confuses the
8  issues in this case and it is hereby stricken:

| CAC at 3:5 | "that incorporates and includes a Privacy Policy" |
|---|---|

11  Dated:_____

13                                    _____
                                      Jeffrey S. White
14                                    Judge of the United States District Court