1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SHERI FLAME EISNER #162776
2  sheri.eisner@pillsburylaw.com
   DAVID L. STANTON # 208079
3  david.stanton@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
4  Los Angeles, CA  90017-5406
   Telephone: (213) 488-7100
5  Facsimile: (213) 629-1033

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   JOHN M. GRENFELL #88500
7  john.grenfell@pillsburylaw.com
   50 Fremont Street
8  Post Office Box 7880
   San Francisco, CA  94120-7880
9  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
10
   Attorneys for Defendant
11 NETWORK SOLUTIONS, LLC

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16 DOE, Individually And On Behalf Of All       )   No. C 07-5115 JSW
   Others Similarly Situated,                    )
17                                                )
                    Plaintiff,                    )  DECLARATION OF SHERI EISNER
18                                                )  IN SUPPORT OF
       vs.                                        )  DEFENDANT NETWORK
19                                                )  SOLUTIONS, LLC'S MOTION TO
   NETWORK SOLUTIONS, LLC,                       )  DISMISS PURSUANT TO FEDERAL
20                                                )  RULE OF CIVIL PROCEDURE
                    Defendant.                    )  12(b)(3), OR IN THE ALTERNATIVE
21                                                )  TO TRANSFER PURSUANT TO 28
                                                  )  USC § 1406(a), FOR IMPROPER
22                                                )  VENUE
                                                  )
23                                                )
                                                  )  Judge:   Hon. Jeffrey S. White
24                                                )  Date:    January 25, 2008
                                                  )  Time:    9:00 a.m.
25                                                )  CrtRm:   2

26

27

28

**DECLARATION OF SHERI FLAME EISNER**

I, Sheri Flame Eisner, declare as follows:

1. I am an attorney licensed to practice before all courts in the State of California, and am a partner with the firm of Pillsbury Winthrop Shaw Pittman LLP, attorneys of record for defendant Network Solutions LLC ("Network Solutions") in this action ("Action"). I am familiar with the files and pleadings in this Action. I have personal knowledge of the following facts, and, if called as a witness, I could and would testify competently hereto.

2. Prior to this Action being filed, Network Solutions was contacted by attorney Seth Safier of Gutride Safier LLP who indicated in correspondence that he represented Brett Gottlieb ("Gottlieb"). (As explained in the concurrently filed Declaration of Natalie Sterling, Network Solutions has a customer named "Nexus Holdings", for which Gottlieb is listed as the contact on the account.). I have reviewed the correspondence sent by Mr. Safier to Network Solutions. In this correspondence, Gottlieb's counsel alleged similar, if not virtually identical, facts and claims against Network Solutions as those presently alleged in the complaint in this Action by plaintiff "Doe" ("Plaintiff"); in particular, that Gottlieb's emails were captured, cached and published on internet search engines. Gottlieb, through his counsel, also alleged that Network Solutions violated the same statutes at issue in this Action, specifically the Electronic Communications Privacy Act, 18 U.S.C. § 2702; the California Consumers Legal Remedies Act, Cal. Civ. Code § 1740, et seq.; the California Customer Records Act, Cal. Civ. Code § 1798.80, et seq.; and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. In his communications, Gottlieb's counsel threatened to file a lawsuit in California, rather than Virginia, as required by the "Governing Law" provision of the Service Agreement between Network Solutions and its customers.

3. On September 21, 2007, due to Gottlieb's threats, Network Solution filed a declaratory relief action in the Circuit Court of Fairfax County, Virginia against Gottlieb and his company, Nexus Holdings (the "Virginia Action"). In the Virginia Action,

1  Network Solutions seeks a declaratory judgment that (1) the Service Agreement governs
2  any claims by Gottlieb and Nexus Holdings' against Network Solutions, including but not
3  limited to any claims related to a search engine's capture, publication and cache of emails;
4  and (2) pursuant to the Governing Law provision of the Service Agreement, any claims
5  related to Gottlieb's web-based email account are governed by Virginia law and can be
6  prosecuted only in Virginia.  Attached hereto as Exhibit A is a true and correct copy of the
7  complaint in the Virginia Action.

8        4.      After the Virginia Action was filed, I spoke with Gottlieb's counsel, Mr.
9  Safier, who notified me that Gottlieb still planned to file an action against Network
10 Solutions in the Northern District of California.  Mr. Safier did not mention that he was
11 representing any new clients in this matter, nor did he request that Gottlieb's identity be
12 concealed.

13       5.      On October 4, 2007, Gutride Safier LLP filed the complaint in this Action
14 against Network Solutions in the Northern District of California.  It alleges the same facts
15 and claims Gottlieb asserted against Network Solutions in the correspondence from Mr.
16 Safier.  However, the plaintiff in the present action is only identified as "Doe."

17       6.      On November 27, 2007, Gottlieb filed a Memorandum in Support of Plea in
18 Bar, Motion to Quash Service and/or Dismiss for Lack of Personal Jurisdiction in the
19 Virginia Action.  I was served with a copy of this Memorandum as Network Solutions'
20 counsel of record in the Virginia Action.  In this Memorandum, Gottlieb specifically admits
21 that he is the party who filed the present Action in the Northern District of California.
22 Specifically, Gottlieb argues:

23 > This case has nothing to do with Defendant's [Gottlieb] alleged actions in the Commonwealth but rather with Plaintiff's [Network Solutions'] publication of private email and/or the search engine's 'capture' of such email. This suit asks the Court to determine the proper venue for any cause of action that Defendant [Gottlieb] may file against Plaintiff [Network Solutions]. That analysis is properly conducted <u>in the case Defendant [Gottlieb] actually filed.</u>

27 (Emphasis added.)
28

1  7. Based on these facts, I am informed and believe that Gottlieb is the anonymous plaintiff in the present Action in California. To my knowledge, he has taken no steps to conceal his identity in the Virginia Action, including not attempting to conceal his identity as the plaintiff in this Action in his filings in the Virginia Action.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of November, 2007, at Los Angeles, California.

_____
Sheri Flame Eisner

# Exhibit A

Declaration of Sheri Eisner

**VIRGINIA:**

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| NETWORK SOLUTIONS LLC, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEXUS HOLDINGS, INC. )<br>)<br>Serve: )<br>Brett Gottlieb )<br>325 Sharon Park Drive )<br>Suite 317 )<br>Menlo Park, CA 94025 )<br>)<br>and )<br>)<br>BRETT GOTTLIEB, )<br>)<br>Serve: )<br>3625 Fillmore Street, #6 )<br>San Francisco, CA 94123 )<br>)<br>Defendants. )<br>_____) | Civil Action No. _____<br><br>**2007 11510** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Network Solutions LLC ("Network Solutions"), and for its complaint against Defendants Nexus Holdings, Inc. ("Nexus Holdings") and Brett Gottlieb ("Mr. Gottlieb"), states as follows:

**Parties**

1. Plaintiff Network Solutions is a limited liability company organized under the laws of Delaware, with its principal place of business located in Herndon, Virginia. Network Solutions is an accredited domain name registrar that provides Internet services such as

domain name registration, e-mail, web hosting, website design and online marketing. Network Solutions is the original domain name registrar and has been in operation in Virginia since 1979.

2. Defendant Nexus Holdings is a business of unknown origin that, upon information and belief, operates in Menlo Park, California.

3. Defendant Gottlieb is Managing Director of Nexus Holdings, and is the administrative contact for Nexus Holdings' account with Network Solutions.

## Jurisdiction

4. This Court has jurisdiction over Defendants pursuant to Va. Code § 8.01-328.1. Defendants have transacted business in Virginia by entering into a contract for services that Network Solutions provides from its offices in Virginia. Defendants have further transacted business in Virginia by continuing to use the services that Network Solutions provides from Virginia.

5. Venue is appropriate in this Court under Va. Code § 8.01-262 and pursuant to the terms of the service agreement applicable to the services purchased and being used by Defendants.

## Facts

### Services Provided by Network Solutions

6. Each computer connected to the Internet has a unique numeric address, known as an Internet Protocol or "IP" address. The use of IP addresses is the method by which one computer or network connected to the Internet can identify and exchange information with another computer or network. IP addresses are generally made up of only numbers.

7. The Domain Name System ("DNS") allows a more easily remembered word or phrase to be associated with the numbers that relate to a specific IP address. The DNS is a

2

hierarchical system, whereby individuals or entities can register specific and unique domain names to be associated with DNS servers. By way of example, the IP Address that is associated with the domain name <networksolutions.com> is 205.178.187.13.

8. An individual who registers a domain name is referred to as a registrant. A registrant may register a domain name by creating a unique domain name character string and entering into a service contract with a registrar to associate that domain name with an IP address.

9. A domain name may be used in connection with a variety of Internet functions, including email services.

10. Network Solutions offers domain name registration services and is one of the largest registrars in the world, managing over 7 million domain names. In addition, Network Solutions offers a web-based e-mail service that enables a customer's e-mail address to be branded with the customer's domain name. Network Solutions provides these services pursuant to individual service contracts with its customers.

11. Network Solutions has provided Defendant Nexus Holdings with domain name registration services as well as email services since October 31, 2003. At that time, Defendant Nexus Holdings registered the domain name of "nexusholdings.com" with Network Solutions and has since that date subscribed to the email service provided by Network Solutions as "@nexusholdings.com." All of Network Solutions' registrar and e-mail services to Defendants are provided in Virginia.

The Service Agreement

12. Mr. Gottlieb, on behalf of Nexus Holdings, first purchased Network Solutions' services and entered into the initial service agreement on October 31, 2003. On October 25, 2004 and October 12, 2005, Mr. Gottlieb renewed Nexus Holdings' domain name registration

for "nexusholdings.com" and also renewed its subscription to the "@nexusholdings.com" email service offered by Network Solutions. On September 18, 2006, in an online transaction conducted on Network Solutions' website, Mr. Gottlieb again renewed the same domain name registration and email service.

13. As part of the 2006 renewal, Defendant Gottlieb, on behalf of Defendant Nexus Holdings, entered into a service agreement that governs the terms of Network Solutions' services to Defendants (the "Service Agreement").

14. The Service Agreement expressly provides that all disputes arising thereunder shall be governed by Virginia law. The Service Agreement further provides that all such disputes shall be subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia or the courts of Fairfax County, Virginia. Section 21 of the Service Agreement states:

> You and Network Solutions agree that this Agreement and any disputes hereunder shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflict of laws rules. You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District of Virginia, Alexandria Division for any disputes between you and Network Solutions under, arising out of, or related in any way to this Agreement (whether or not such disputes also involve other parties in addition to you and Network Solutions). If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, for any such disputes, you and we agree that exclusive jurisdiction and venue shall be in the courts of Fairfax County, Fairfax, Virginia.

15. The Service Agreement limits Network Solutions' maximum liability to the amount paid by Defendants during the term of the Service Agreement. Section 7 of the Service Agreement states:

> YOU AGREE THAT OUR ENTIRE LIABILITY, AND YOUR EXCLUSIVE REMEDY, IN LAW, IN EQUITY, OR OTHERWISE, WITH RESPECT TO ANY NETWORK

4

SOLUTIONS SERVICE(S) PROVIDED UNDER THIS AGREEMENT AND/OR FOR ANY BREACH OF THIS AGREEMENT IS SOLELY LIMITED TO THE AMOUNT YOU PAID FOR SUCH SERVICE(S) DURING THE TERM OF THIS AGREEMENT.

16. The foregoing provisions are significant to Network Solutions because it has millions of customers throughout the world. Network Solutions does business only with customers who agree to be bound by these and other provisions of the Service Agreement.

17. Defendants have only paid Network Solutions $20.00 for email services during the term of the Service Agreement. Therefore, there is no jurisdiction in the United States District Court for the Eastern District of Virginia because the amount in controversy requirement for federal court diversity jurisdiction cannot be met.

<u>The Current Dispute</u>

18. In approximately March 2007, Network Solutions learned that an online search engine had captured, published and cached pages of certain email content sent to and from Mr. Gottlieb's "@nexusholdings.com" email account.

19. Network Solutions immediately contacted the search engine and demanded that it remove all cached pages of any email offered through Network Solutions' services.

20. Network Solutions investigated and believes that there had been no breach of its storage systems or their security, and no compromise of its customers' account information.

21. In correspondence and conversations with Network Solutions, Defendants recently have alleged that Network Solutions "published" Defendants' emails to a search engine. Through California counsel, Defendants have repeatedly threatened litigation against Network Solutions on the basis of, *inter alia*, alleged violations of California state laws. On September 19, 2007, Defendants' California counsel informed Network Solutions that Defendants intend to file a class action complaint in the United States District Court for the Northern District of California.

## COUNT I

### (For Declaratory Judgment)

22. Network Solutions repeats and realleges the allegations set forth in paragraphs 1 through 21 as though fully set forth herein.

23. Defendants incorrectly claim that Network Solutions has published Defendants' emails to an online search engine, and that Network Solutions is responsible for the search engine's capture, publication and cache of Defendants' emails. Defendants claim unspecified damages and penalties, without any reference to the contractual limitation of damages. Defendants further allege that their claims against Network Solutions are governed by California law and have confirmed that they are preparing to sue Network Solutions in California.

24. Network Solutions denies that it published Defendants' emails to any search engine. Network Solutions is not a search engine and therefore could not have published Defendants' emails to any search engine. Furthermore, Network Solutions did not give authorization to any third party, including the search engine mentioned above, to capture, publish and cache Defendants' emails. Network Solutions denies responsibility and liability for the search engine's capture, publication and cache of Defendants' emails, and denies that there has been any breach of Network Solutions' storage systems or their security. Network Solutions denies that Defendants have suffered any damages, but, to the extent that any theoretical damages exist, Network Solutions maintains that any damages are limited pursuant to the Service Agreement. Moreover, Network Solutions asserts that pursuant to the Service Agreement, Defendants' claims are governed by

6

Virginia law and can be prosecuted only in the Circuit Court for Fairfax County, Virginia.

25. Accordingly, an actual controversy exists between Network Solutions and Defendants regarding Network Solutions' liability for the search engine's capture, publication, and cache of Defendants' emails. An actual controversy also exists regarding the application of the damage limitations of the Service Agreement, the applicable law governing Defendants' claims and the venue in which claims for the alleged security breach may be brought.

7

## Request for Relief

WHEREFORE, Network Solutions hereby prays this Court for:

(a) A declaration that the Service Agreement, including its damage limitation, governs any claims brought by Defendants against Network Solutions arising from the services provided by Network Solutions to Defendants (including, but not limited to, any claims related to the search engine's capture, publication and cache of Defendants' emails);

(b) A declaration that any claims arising from or related to the services provided by Network Solutions to Defendants (including, but not limited to, any claims related to the search engine's capture, publication and cache of Defendants' emails) are governed by Virginia law and can be prosecuted only in the Circuit Court for Fairfax County, Virginia; and

(c) Such other further relief as the Court deems just and proper.

Dated: September 21, 2007          Respectfully Submitted,

NETWORK SOLUTIONS LLC
By Counsel

Jack McKay (VSB No. 01319)
Osman Handoo (VSB No. 65522)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC  20037
Telephone:  202-663-8000
Facsimile:  202-663-8007

Sheri Flame Eisner
Mariah Brandt
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: 213-488-7100
Facsimile: 213-629-1033

Counsel for Plaintiff Network Solutions LLC