PILLSBURY WINTHROP SHAW PITTMAN LLP
SHERI FLAME EISNER #162776
sheri.eisner@pillsburylaw.com
DAVID L. STANTON # 208079
david.stanton@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
JOHN M. GRENFELL #88500
john.grenfell@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendant
NETWORK SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC,<br><br>　　　　　Defendant. | No. C 07-5115 JSW<br><br><u>DECLARATION OF NATALIE STERLING IN SUPPORT OF DEFENDANT NETWORK SOLUTIONS, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3), OR IN THE ALTERNATIVE TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a), FOR IMPROPER VENUE</u><br><br>Judge:　Hon. Jeffrey S. White<br>Date:　January 25, 2008<br>Time:　9:00 a.m.<br>CrtRm:　2 |

600455232v1

- 1 -

DECLARATION OF NATALIE STERLING IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS
UNDER FRCP 12(b)(3); OR IN THE ALTERNATIVE TO
TRANSFER UNDER 28 U.S.C. § 1406(a)
Case No. C 07-5115 JSW

**DECLARATION OF NATALIE STERLING**

I, Natalie Sterling, declare as follows:

1.  I am the Subpoena Compliance Administrator for Network Solutions, LLC ("Network Solutions"). I was employed by Network Solutions from January 2002 to November 2004 as a Fraud Analyst. I rejoined Network Solutions in July 2007 as the Subpoena Compliance Administrator. As a Fraud Analyst, I was responsible for investigating purchase transactions (renewals, transfers and new customer transactions) for credit card related fraud. I also handled customer disputes and credit card charge-backs. Currently, as Network Solutions' Subpoena Compliance Administrator, I am responsible for reviewing all incoming subpoenas and document information requests. In addition, I serve the function of custodian of business records. As such, I am familiar with the business records of Network Solutions, including customer account histories, Service Agreements and payment history. Through my work with Network Solutions I also have developed an understanding of the Domain Name System and registration process, as well as related services offered by Network Solutions, including webmail. If called upon as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge.

2.  I make this Declaration in support of the motion to dismiss due to improper venue based upon a review of documents maintained by Network Solutions in the usual and ordinary course of business and the allegations in plaintiff's complaint.

*Internet Background and Network Solutions' Business*

3.  In order to understand Network Solutions' business, it is helpful to understand the background of the Internet and the Domain Name System. The Internet is a vast, international network of interconnected computers. In order for it to function, each computer connected to it must have a unique numeric address, known as an Internet Protocol or "IP" address. The use of IP addresses is the method by which one computer or network connected to the Internet can identify and exchange information with another.

4. Because IP numbers can be difficult to remember, the Domain Name System ("DNS") was created to allow a more easily remembered word or phrase to be associated with a specific IP address. The DNS provides the ability for Internet users to utilize easily-remembered domain names (e.g., "janesbagels.com") rather than trying to remember the numerically-based IP addresses. Without such a system, quick and easy internet navigation would be nearly impossible. Domain name registration services are therefore one of the most important tasks to facilitate Internet usage.

5. A registrant may register a domain name by selecting an available, unique domain name and entering into a commercial contract with a registrar to associate that domain name with an IP address.

6. A domain name is not a website. A website is a "place" on the World Wide Web that is comprised of files, or "content," often of a mixed text, graphic and dynamic nature and often permitting user interaction. The website's content is stored or "hosted" on a specific computer connected to the Internet, which like all computers, has been assigned an IP number as its Internet address.

7. A domain name may be used in connection with a variety of Internet identity functions, including but not limited to, email, bulletin boards, websites, etc. The registrant of a domain name may choose not to use a domain name for anything at all, or may choose to use it in connection with one or more functions referenced above.

8. Network Solutions is an accredited domain name registrar and, as such, provides domain name registration and other related services for second-level domain names in certain top-level domains (i.e., .com, .net, .org). Network Solutions provides registrar or other Internet related services under individual, commercial contracts that it enters into in regard to those services. Network Solutions provides these services through its website and servers located in Virginia. Network Solutions is one of approximately eight hundred ninety-four (894) domain name registrars that provide domain name registration services.

9. Network Solutions was formed as a limited liability company pursuant to the laws of the State of Delaware, and has its principal place of business in the Commonwealth of Virginia. Although domain name registrants may be located in California, Virginia or anywhere throughout the world, all of Network Solutions' registrar services are provided in Virginia.

10. Network Solutions, acting as a registrar, has no interest or control or sometimes even knowledge as to what purpose, if any, a registrant puts a domain name which it has registered with Network Solutions or with any other registrar.

11. Network Solutions also provides, for an additional fee, web-based online email accounts (called "webmail" accounts) associated with customers' registered domain names (e.g., jane@janesbagels.com). This service is in addition to registering a domain name and costs $20 a year.

12. Like Network Solutions' position as a registrar, Network Solutions, acting as a webmail provider, has no interest or control or knowledge of what information its customers have in their emails. Network Solutions does not monitor or review its customers' emails. Further, Network Solutions does not endorse the content of any of its customers email communications.

13. In order to obtain a domain name and/or webmail account from Network Solutions, each customer must affirmatively agree to the terms of a written Service Agreement. To express their agreement to Network Solutions' Service Agreement, customers are required to affirmatively "check" a box appearing on the Network Solutions website immediately adjacent to the following text: "I have read the Network Solutions Service Agreement and agree to its terms." Attached hereto as Exhibit A is a true and correct screen shot of how this text appears to a customer. A customer must check this box or the customer is not permitted to proceed with the purchase process. If a customer chooses not to agree to the Service Agreement, then Network Solutions will not provide services to that customer. Network Solutions knows full well that the customer will then

likely seek the services of a competitor.

14. In addition, each time a customer wishes to renew his or her registration and webmail services with Network Solutions they are required to again affirmatively agree to Network Solutions' Service Agreement as described in the preceding paragraph.

15. At the present time, Network Solutions has more than two million domain name customers throughout the world. Network Solutions has customers in over 100 countries.

*Service Agreements at Issue in this Suit*

16. Even though Plaintiff has not identified the specific domain name and webmail account at issue in his Complaint, he does allege that he is a customer of Network Solutions and that he agreed to the Service Agreement. Plaintiff alleges that he registered a domain name through Network Solutions in October 2003. As described above, Network Solutions' system is set up so that the only way for a customer to complete a transaction and register a domain name is if they affirmatively agree to the Network Solutions' Service Agreement.

17. Plaintiff also alleges that he renewed the registration and webmail services with Network Solutions each year from 2004 to 2007. As described above, in order for Plaintiff to have renewed the registration and webmail services with Network Solutions he must have affirmatively agreed to the most recent version of the Service Agreement each time he renewed his services.

18. Each of the Service Agreements governing the domain name registration and webmail services for 2003 to 2007 contains a forum selection clause that requires disputes to be brought in Virginia. Each of the relevant Service Agreements also contains a limitation of liability clause.

19. Paragraph 21 of the Service Agreement that governed Plaintiff's initial registration and webmail services in October 2003 states, in relevant part:

> [Y]ou and VeriSign[1] agree that this Agreement and any disputes hereunder… shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflict of laws rules. You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District Court of Virginia, Alexandria Division for any disputes between us under or arising out of, this Agreement. If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, for any such disputes, you and we agree that exclusive jurisdiction and venue shall be in the courts of Fairfax County, Fairfax Virginia.

A true and correct copy of the Service Agreement that governs Plaintiff's original registration and webmail services in October 2003 is attached hereto as Exhibit B.

20.   Paragraph 21 of the Service Agreement that Plaintiff agreed to when he renewed his registration and webmail services in October 2004 states, in relevant part:

> [Y]ou and Network Solutions agree that this Agreement and any disputes hereunder shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflict of laws rules. You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District Court of Virginia, Alexandria Division for any disputes between us under or arising out of this Agreement. If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, for any disputes between us under or arising out of this Agreement you and we agree that jurisdiction shall be in the courts of Fairfax County, Fairfax Virginia.

A true and correct copy of the Service Agreement that governs Plaintiff's renewal of registration and webmail services in October 2004 is attached hereto as Exhibit C.

21.   Paragraph 21 of the Service Agreement that Plaintiff agreed to when he renewed his registration and webmail services in October 2005 states, in relevant part:

> You and Network Solutions agree that this Agreement and any disputes hereunder shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflict of laws rules. You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District Court of Virginia, Alexandria Division for any disputes between you and Network Solutions under, arising out of, or related in any way to this Agreement (whether or not

---

[1] VeriSign is the parent company to Network Solutions, Inc. ("NSI"). NSI is Network Solutions predecessor company. In November, 2003 pursuant to the sale by Verisign of its registrar assets (which included NSI's assets), all domain name registration Service Agreements were transferred to Network Solutions.

1  such disputes also involve other parties in addition to you and Network
   Solutions).  If there is no jurisdiction in the United States District Court for
2  the Eastern District of Virginia, Alexandria Division, for any such disputes,
   you and we agree that exclusive jurisdiction and venue shall be in the courts
3  of Fairfax County, Fairfax Virginia.

4  A true and correct copy of the Service Agreement that governs Plaintiff's renewal of

5  registration and webmail services in October 2005 is attached hereto as Exhibit D.

6         22.     Paragraph 21 of the Service Agreement that Plaintiff agreed to when he

7  renewed his registration and webmail services in October 2006 states, in relevant part:

8      You and Network Solutions agree that this Agreement and any disputes
       hereunder shall be governed in all respects by and construed in accordance
9      with the laws of the Commonwealth of Virginia, United States of America,
       excluding its conflict of laws rules.  You and we each agree to submit to
10     exclusive subject matter jurisdiction, personal jurisdiction and venue of the
       United States District Court for the Eastern District Court of Virginia,
11     Alexandria Division for any disputes between you and Network Solutions
       under, arising out of, or related in any way to this Agreement (whether or not
12     such disputes also involve other parties in addition to you and Network
       Solutions).  If there is no jurisdiction in the United States District Court for
13     the Eastern District of Virginia, Alexandria Division, for any such disputes,
       you and we agree that exclusive jurisdiction and venue shall be in the courts
14     of Fairfax County, Fairfax Virginia.

15 A true and correct copy of the Service Agreement that governs Plaintiff's renewal of

16 registration and webmail services in October 2006 is attached hereto as Exhibit E.

17        23.     Paragraph 21 of the Service Agreement that Plaintiff agreed to when he

18 renewed his registration and webmail services in October 2007 states in relevant part:

19     You and Network Solutions agree that this Agreement and any disputes
       hereunder shall be governed in all respects by and construed in accordance
20     with the laws of the Commonwealth of Virginia, United States of America,
       excluding its conflict of laws rules.  You and we each agree to submit to
21     exclusive subject matter jurisdiction, personal jurisdiction and venue of the
       United States District Court for the Eastern District Court of Virginia,
22     Alexandria Division for any disputes between you and Network Solutions
       under, arising out of, or related in any way to this Agreement (whether or not
23     such disputes also involve other parties in addition to you and Network
       Solutions).  If there is no jurisdiction in the United States District Court for
24     the Eastern District of Virginia, Alexandria Division, for any such disputes,
       you and we agree that exclusive jurisdiction and venue shall be in the courts
25     of Fairfax County, Fairfax Virginia.

26 A true and correct copy of the Service Agreement that governs Plaintiff's renewal of

27 registration and webmail services in October 2007 is attached hereto as Exhibit F.

28

*The Importance of Forum Selection Clauses in Network Solutions' Service Agreements*

24. The forum selection clauses are essential components of the Service Agreements that Network Solutions enters into with all of its more than two million customers including domain name registrants and webmail customers. Without a forum selection clause, Network Solutions potentially would be subject to lawsuits throughout the United States, as well as abroad. As stated above, Network Solutions has over two million customers, with customers in over 100 countries. The prohibitive cost of defending such lawsuits in different forums would significantly increase the cost of Network Solutions' services. Those increased costs would ultimately be shouldered by consumers in the form of higher registration fees, thus impeding access to the internet as a commercial channel.

25. Further, the unambiguous forum selection clause in the Service Agreements is calculated to avoid wasting resources on motion practice to establish proper venue.

*Brett Gottlieb and Nexus Holdings Repeatedly Agreed to*
*Service Agreements that Contained Forum Selection Clauses*

26. Because this matter has been filed by "Doe" Plaintiff, I was asked to, and did, review Network Solutions' business records, which are maintained in the normal course of Network Solutions' business, for records regarding Brett Gottleib and Nexus Holdings. I located a customer account in the name of Nexus Holdings. Based on these records, on behalf of the company Nexus Holdings, Mr. Gottlieb registered the domain name "nexusholdings.com" and purchased webmail services on October 31, 2003. Mr. Gottlieb is listed as the primary contact on Nexus Holdings' account.

27. Based on my review of Network Solutions' business records, including the Nexus Holdings' account information, I learned the following:

- Mr. Gottlieb, on behalf of Nexus Holdings, originally registered the domain name and signed up for a webmail account with Network Solutions on October 31, 2003. At that time Mr. Gottleib agreed to the 2003 Service Agreement, which contained the forum selection clause quoted above in paragraph 19.

- Mr. Gottlieb, on behalf of Nexus Holdings, renewed the registration with Network Solutions on October 25, 2004, at which time he agreed to the 2004 Service

Agreement, which contained the forum selection clause quoted above in paragraph 20.

- Mr. Gottlieb, on behalf of Nexus Holdings, renewed the registration with Network Solutions on October 12, 2005, at which time he agreed to the 2005 Service Agreement, which contained the forum selection clause quoted above in paragraph 21.

- Mr. Gottlieb, on behalf of Nexus Holdings, renewed the registration with Network Solutions on September 18, 2006 and he agreed to the 2006 Service Agreement, which contained the forum selection clause quoted above in paragraph 22.

- Mr. Gottlieb, on behalf of Nexus Holdings, renewed the registration with Network Solutions on October 4, 2007 and he agreed to the 2007 Service Agreement, which contained the forum selection clause quoted above in paragraph 23. October 4, 2007 is also the same day that Plaintiff's Complaint was filed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on this 28 day of November 2007 at Herndon, Virginia.

_____
Natalie Sterling

# Exhibit A

Declaration of Natalie Sterling
Screen Shot of how Text Appears to a Customer



Network Solutions >> Check Out >> Order Payment

| | |
|---|---|
| Credit card | Select card |
| Credit Card Number | |
| Expiration Date | Select month   Select year |
| Cardholder's Name | cvvbfree qdsqcascc |
| Card ID Number | _____ Required for your security |

What is this?

**Credit Card Billing Address**

| | |
|---|---|
| Cardholder's E-mail | rty@aol.com |
| Address | 12345 |
| City | Stow |
| State/Province | Oh |
| Zip/Postal Code | 44224 |
| Country | United States |

☐ I want to Auto Renew to prevent service interruptions.
☐ I have read the Network Solutions Service Agreement and agree to its terms.

**Current Charges**                                                  $379.95
**Total**                                                            $379.95
                                                       Your Savings  $70.00

[x] Continue

© Copyright 2007 Network Solutions. All rights reserved.

| ☒ BBBOnline Reliability Program | ☒ J.D. Power Certified Call Center | ☒ The American Business Awards 2006 Winner |
|---|---|---|
| ☒ FindMyHost.com Editor's Choice Web Host Award | ☒ ICANN Accredited Registrar | |

Please note that we take many steps to protect your privacy. For more details, you can read our complete privacy policy.