| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | SHERI FLAME EISNER #162776 |
| 2 | sheri.eisner@pillsburylaw.com |
|   | DAVID L. STANTON # 208079 |
| 3 | david.stanton@pillsburylaw.com |
|   | 725 South Figueroa Street, Suite 2800 |
| 4 | Los Angeles, CA  90017-5406 |
|   | Telephone: (213) 488-7100 |
| 5 | Facsimile: (213) 629-1033 |
| 6 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | JOHN M. GRENFELL #88500 |
| 7 | john.grenfell@pillsburylaw.com |
|   | 50 Fremont Street |
| 8 | Post Office Box 7880 |
|   | San Francisco, CA  94120-7880 |
| 9 | Telephone: (415) 983-1000 |
|   | Facsimile: (415) 983-1200 |
| 10 | |
|    | Attorneys for Defendant |
| 11 | NETWORK SOLUTIONS, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) | No. C 07-5115 JSW |
| Plaintiff, | ) ) | [PROPOSED] ORDER DISMISSING THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3), OR IN THE ALTERNATIVE TO TRANSFER IT PURSUANT TO 28 U.S.C. § 1406(a), FOR IMPROPER VENUE |
| vs. | ) ) | |
| NETWORK SOLUTIONS, LLC, | ) ) | |
| Defendant. | ) ) ) | |
| | ) ) | Judge:  Hon. Jeffrey S. White |
| | ) ) ) | Date:   January 25, 2008<br>Time:   9:00 a.m. |
| | ) | CrtRm:  2 |

1  Defendant Network Solutions LLC's ("Network Solutions") Motion To Dismiss
2  Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the Alternative to Transfer
3  Pursuant to 28 U.S.C. § 1406(a), For Improper Venue, came on regularly for hearing in
4  room 2 of this Court on January 25, 2008 at 9:00 a.m. before the Honorable Jeffrey S.
5  White.  Network Solutions was represented by the law firm of Pillsbury Winthrop Shaw
6  Pittman LLP and plaintiff Doe ("Plaintiff") was represented by the law firm of Gutride
7  Safier Reese LLP.
8  After full consideration of the pleadings, records and files herein, including oral
9  argument by both parties, and the authorities submitted by counsel, the Court finds that the
10 forum selection clause in Network Solutions' Service Agreement that Plaintiff repeatedly,
11 affirmatively and voluntarily agreed to is enforceable.  This is because the forum selection
12 clause is reasonable and just and no exception exists to overcome the strong presumption
13 that the clause is valid.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 18 (1972);
14 Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 512, 515 (9th Cir. 1988).
15 Pursuant to the forum selection clause the only proper venue for this action is Virginia.
16 Based on these findings, the Court GRANTS:
17 _____ the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3)
18        for improper venue; or
19 _____ the Motion to Transfer pursuant to 28 U.S.C. § 1406(a) for improper venue
20        and transfers this action to United States District Court for the Eastern
21        District of Virginia, Alexandria Division.
22
23 Dated:_____
24
25
26                                    _____
                                      Jeffrey S. White
                                      Judge of the United States District Court
27
28