GUTRIDE SAFIER REESE LLP
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone:  (415) 271-6469
Facsimile:  (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-5115 JSW<br><br>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RULE 12 MOTIONS<br><br>JUDGE:  Hon. Jeffery S. White<br>DATE:  Jan. 25, 2008<br>TIME:  9:00 am<br>CTRM: 2 |

## NOTICE OF MOTION AND MOTION TO STRIKE

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 25, at 9:00 a.m., before the Honorable Jeffrey S. White, United States District Judge, in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Plaintiff will move and hereby does move to strike the following pleadings filed by Defendant's Network Solutions, Inc., on November 28, 2007:

- "Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt.# 12), in its entirety (pages 1-15), or at a minimum pages 5-15;

- "Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)" (Dkt.# 14), in its entirety (pages 1-10); and

- "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), Or In The Alternative To Transfer Pursuant to 28 U.S.C. § 1406(a), For Improper Venue" (Dkt.# 16), in its entirety (pages 1-15).

Plaintiff moves to strike these aforementioned pleadings as they violate Rule 12(g) of the Federal Rules of Civil Procedure, Local Rule 7-2, and this Court's standing order. This motion is based on this notice of motion and motion, the following memorandum, all pleadings and records on file in this action, and any other arguments and evidence presented to the Court at or before the hearing on the motion.

## ISSUES TO BE DECIDED

Should the Court strike pages Defendant's successive Rule 12 motions (Dkts.# 12, 14, and 16) for violating Federal Rule of Civil Procedure 12(g), Local Rule 7-2, and this Court's standing order limiting all briefs to fifteen pages?

## MEMORANDUM OF POINTS AND AUTHORITIES

The purpose of a motion to strike pursuant to Rule 12(f) is to allow the courts to effectuate judicial economy. *See* Fed. R. Civ. P 12; *See Cazares v. Pac. Shore Funding*, 2006 U.S. Dist. LEXIS 1081, at *7 (C.D. Cal. Jan. 3, 2006). Whether to grant a Rule 12(f) motion to strike is within

the discretion of the court. *Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

"Rule 12(g) requires that a party who raises a defense by motion prior to an answer raise all such possible defenses in a ***single*** motion; omitted defenses cannot be raised in a second, pre-answer motion." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986) (emphasis added), *rev'd on other grounds*, 487 U.S. 412 (1988)*; citing* Fed. R. Civ. Pro. 12(g).[1]  As the Sixth Circuit has explained, Rule 12(g) "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion."  *English v. Dyke* 23 F.3d 1086, 1090 (6th Cir. 1994).

Indeed, "Rule 12(g) expressly provides that those defenses not raised in the consolidated Rule 12 motion are forever waived."  *CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.,* 2006 U.S. Dist. LEXIS 15015 (N.D. Ga.).  Applying this rule, the Ninth Circuit has held, for example, that a defense of improper venue is "waived …if a defendant moves to dismiss on one or more of the other grounds specified by Rule 12 while failing to raise venue in the same motion."  *King v. Russell,* 963 F.2d 1301 (9th Cir 1992).

Beyond the Rule 12(g) requirement that all pre-answer defenses be brought in a single, consolidated motion, this District has further imposed rules to control its own process.  The Local Rules impose a 25-page limit on motions, and require the filing of one document that contains the notice of motion, statement of relief, and memorandum of points and authorities.  *See* N.D. Cal. Civ. Loc. R. 7-2(b).  This Court has imposed an even stricter requirement, including a fifteen (15) page limit on any memorandum of points and authorities.  *See* Civil Standing Order of Hon. Jeffrey S. White.

Section 1 of this Court's Standing Order provides that "any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of

---

[1] Rule 12(g) provides that "[a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted."  Fed. R. Civ. P. 12(g).

1  default judgment, or other appropriate sanctions." *Id.* One of these "appropriate sanctions" is

2  striking from the records improper pleadings. *See, e.g., Merrifield v. Lockyer*, 388 F. Supp. 2d.

3  1051, 1056 (N.D. Cal. 2005) (40-page brief ordered stricken for exceeding 25-page limit).

4  　　　　On November 28, 2007, in violation of Rule 12(g) and in a direct effort to circumvent the

5  page limits of the Local Rules and this Court's Standing Order, Defendant divided its Rule 12

6  challenge into four separate "motions" totaling fifty-one pages in length.  This Court should strike all

7  but the first-filed motion, as only one motion is permitted under Rule 12(g).  Alternatively, under

8  this Court's Standing Order, the Court should strike all pages after the fifteenth (15th) filed page of

9  briefing (that is, everything after page four in Dkt.# 12, and the entirety of Dkts.# 14 and 16).

10  　　　　Defendant's violation of the rules has imposed enormous costs on Plaintiff, forcing it to

11  research and respond to numerous additional arguments and file four separate oppositions.

12  Obviously, if this motion to strike is granted, Plaintiff will withdraw, or the Court may strike, the

13  responsive portions of Plaintiff's opposition briefs.

14  Dated: December 14, 2007                              Respectfully Submitted,

15  

16  　　　　　　　　　　　　　　　　　　　　　　　　　　**GUTRIDE SAFIER REESE LLP**

17  

18  　　　　　　　　　　　　　　　　　　　　　　　　　　By:_____

19  　　　　　　　　　　　　　　　　　　　　　　　　　　Adam J. Gutride

20  　　　　　　　　　　　　　　　　　　　　　　　　　　Seth A. Safier

21  　　　　　　　　　　　　　　　　　　　　　　　　　　835 Douglas Street

22  　　　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, California 94114

23  　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (415) 271-6469

24  　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (415) 449-6469

25  

26  

27  

28