GUTRIDE SAFIER REESE LLP
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated, | Case No. 07-5115 JSW |
| Plaintiff, | [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RULE 12 MOTIONS |
| vs. | |
| NETWORK SOLUTIONS, LLC | JUDGE: Hon. Jeffery S. White |
| Defendant. | DATE: Jan. 25, 2008 |
| | TIME: 9:00 am |
| | CTRM: 2 |

Plaintiff moves to strike the following pleadings under Rule 12(g) of the Federal Rules of Civil Procedure, Local Rule 7-2, and this Court's standing order: (1) "Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt.# 12), in its entirety (pages 1-15), or at a minimum pages 5-15; (2) "Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)" (Dkt.# 14), in its entirety (pages 1-10); and (3) "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), Or In The Alternative To Transfer Pursuant to 28 U.S.C. § 1406(a), For Improper Venue" (Dkt.# 16), in its entirety (pages 1-15). Defendant opposes the motion. For GOOD CAUSE SHOWN, the court GRANTS the motion.

Defendant filed four separate pre-answer motions under Rule 12, totaling fifty-one pages in length. "Rule 12(g) requires that a party who raises a defense by motion prior to an answer raise all such possible defenses in a single motion; omitted defenses cannot be raised in a second, pre-answer motion." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 412 (1988)*; citing* Fed. R. Civ. Pro. 12(g).[1] The rule "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *English v. Dyke* 23 F.3d 1086, 1090 (6th Cir. 1994). Indeed, "Rule 12(g) expressly provides that those defenses not raised in the consolidated Rule 12 motion are forever waived." *CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.,* 2006 U.S. Dist. LEXIS 15015 (N.D. Ga.). Applying this rule, the Ninth Circuit has held, for example, that a defense of improper venue is "waived …if a defendant moves to dismiss on one or more of the other grounds specified by Rule 12 while failing to raise venue in the same motion." *King v. Russell,* 963 F.2d 1301 (9th Cir 1992).

Beyond the Rule 12(g) requirement that all pre-answer defenses be brought in a single, consolidated motion, this District has further imposed rules to control its own process. The Local Rules impose a 25-page limit on motions, and require the filing of one document that contains the

---

[1] Rule 12(g) provides that "[a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Fed. R. Civ. P. 12(g).

notice of motion, statement of relief, and memorandum of points and authorities.  *See* N.D. Cal. Civ. Loc. R. 7-2(b).  This Court has imposed a fifteen (15) page limit on any memorandum of points and authorities.  *See* Civil Standing Order of Hon. Jeffrey S. White.  Section 1 of this Court's Standing Order provides that "any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions."  *Id.*  One of these "appropriate sanctions" is striking from the records improper pleadings.  *See, e.g., Merrifield v. Lockyer*, 388 F. Supp. 2d. 1051, 1056 (N.D. Cal. 2005) (40-page brief ordered stricken for exceeding 25-page limit).

The purpose of a motion to strike pursuant to Rule 12(f) is to allow the courts to effectuate judicial economy.  *See* Fed. R. Civ. P 12; *See Cazares v. Pac. Shore Funding*, 2006 U.S. Dist. LEXIS 1081, at *7 (C.D. Cal. Jan. 3, 2006).  Whether to grant a Rule 12(f) motion to strike is within the discretion of the court.  *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

Accordingly, Defendant's second, third and fourth rule 12 motions (Dkt.# 12, 14 and 16) are stricken.

**[Alternatively]**  Accordingly, pages 5-15 of the second rule 12 motion (Dkt.# 12) are stricken, and the third and fourth rule 12 motions (Dkt.# 14 and 16) are stricken in their entirety.

IT IS SO ORDERED

Dated:

_____
Jeffrey S. White
United States District Judge