1  GUTRIDE SAFIER REESE LLP
   Adam J. Gutride (Cal. State Bar No.181466)
2  Seth A. Safier (Cal. State Bar No. 197427)
   835 Douglass Street
3  San Francisco, California 94114
   Telephone:  (415) 271-6469
4  Facsimile:   (415) 449-6469

5  Counsel for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  DOE, Individually And On Behalf Of All Others    ) Case No. 07-5115 JSW
    Similarly Situated,                              )
12                                                   )
                          Plaintiff,                 ) PLAINTIFF'S OPPOSITION TO
13                                                   ) DEFENDANT'S REQUEST FOR
            vs.                                      ) JUDICIAL NOTICE
14                                                   )
    NETWORK SOLUTIONS, LLC                           ) JUDGE:  Hon. Jeffery S. White
15                          Defendant.               ) DATE:  Jan. 25, 2008
                                                     ) TIME:  9:00 am
16                                                   ) CTRM: 2
                                                     )
17                                                   )
                                                     )
18                                                   )
                                                     )
19                                                   )
                                                     )
20                                                   )
                                                     )
21                                                   )
                                                     )
22                                                   )

23

24

25

26

27

28

1   Plaintiff respectfully submits this Opposition to Defendant's Request for Judicial Notice

2   (Dkt.# 20).

3   **I.   INTRODUCTION**

4   Defendant requests that this Court judicially notice eighteen different documents.  These

5   documents include five versions of a service agreement, three versions of a privacy policy, a

6   definition from the American Heritage Dictionary and nine cases from jurisdictions around the

7   country.  All of these purported facts, with the exception of the definition, are not properly

8   noticed by this Court.  Defendant's request should be denied.

9   **II. ARGUMENT**

10  In this instance, Defendant requests that this Court take judicial notice of five service

11  agreements, three privacy policies, a definition of "search engine" from the American Heritage

12  Dictionary, and nine court cases from around the nation.  Plaintiff objects to this Court taking

13  judicial notice of any of the proffered service agreements, privacy policies or court cases.

14  A judicially noticed fact must be one not subject to reasonable dispute in that it is either

15  "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

16  and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

17  Fed. R. Evid. 201(b).

18  **A.  The Service Agreements Are Not Admissible On A Motion to Dismiss.**

19  Defendant argues that this Court may consider the service agreement, because it is

20  alleged, relied on and quoted in the Complaint.  (Mot. 8:2-8.) Defendant's premise is false.  Not

21  only does the Complaint not cite to or rely on the service agreement, but there is a serious

22  dispute as to what version(s) of that agreement would apply to Plaintiff and what portion(s) of

23  that agreement (if any) are enforceable.  At best, according to Defendant, the service agreement

24  was merely "made available" to Plaintiff if he clicked on a hyperlink, and he "agreed" to it only

25  by checking a box.  In these circumstances, none of the cases cited by Defendant support its

26  argument.

27  The service agreement is not once mentioned, let alone quoted or relied upon, in the

28  Complaint.  The only "agreement" referenced in the Complaint is Defendant's privacy policy,

1  which is a separate document.  (Compare Request for Judicial Notice Exhibits 1-5 (service

2  agreements) with *Id*. Exhibits 6-8 (privacy policies).)  Furthermore, Plaintiff disputes the

3  authenticity of the service agreements.  Defendant submits five versions of the agreement, each

4  of which is approximately 50 pages long, even when printed out single-spaced in 8 point type.

5  There is no evidence that the text of any version of the agreement was ever actually displayed to

6  Plaintiff, nor that any effort was made to highlight to him the alleged waivers of his rights,

7  before he purportedly "agreed" to them.

8      A document may not be judicially noticed unless it is referred to "extensively" or the

9  document forms the basis of the plaintiff's claim.  *See United States v. Ritchie*, 342 F.3d 903,

10  908 (9th Cir. 2003);  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Venture Assoc.*

11  *Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  For example, when a

12  plaintiff's claim about insurance coverage is based on the contents of a coverage plan, the

13  coverage plan is admissible, *Parrino v. FHP, Inc*., 146 F.3d 699, 705-06 (9th Cir. 1986), or when

14  a plaintiff's claim about stock fraud is based on the contents of SEC filings, those filings are

15  admissible.  *See In re Silicon Graphics Secs. Litig*., 183 F.3d 970, 986 (9th Cir. 1999).

16      The cases cited by Defendant, which misapplies this standard, are inapposite.  In *Branch*

17  *v. Tunnell*, for example, the lower court considered a deposition transcript that was specifically

18  referenced in, but not attached to, the complaint.  *See id*. at 453-54.  Neither party objected to the

19  authenticity of the document.  On that basis, the Ninth Circuit determined that it was properly

20  considered.  The court explained that "a document is not 'outside' the complaint if the complaint

21  ***specifically refers*** to the document ***and*** if its ***authenticity is not questioned.***"  *Id*. at 454 *citing*

22  *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982) (emphasis supplied).

23  Likewise, in *Parrino*, 146 F.3d at 706, the court held that a plaintiff could not survive a Rule

24  12(b)(6) motion by deliberately omitting references to documents upon which their claims are

25  based.  *Id*.  The Ninth Circuit affirmed, explaining that a district court ruling on a motion to

26  dismiss may consider a document the authenticity of which is ***not contested***, ***and*** upon which the

27  plaintiff's complaint ***necessarily relies***.  *Id*.  (emphasis supplied.)  The court further explained

28  this holding by stating that "where…an attached document is integral to the plaintiff's claims and

1    its authenticity is not disputed, the plaintiff obviously is on notice of the contents of the

2    document and the need for a chance to refute evidence is greatly diminished." *Id*. at 706, n.4

3    *citing Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196-97 (3d Cir.

4    1993); *see also Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1411 (9th Cir.

5    1996) (admitting full text of a prospectus was filed with SEC whose "contents [were] alleged in a

6    complaint and whose authenticity no party question[ed]").[1]

7         Here, Defendant asks this Court to consider an agreement that (1) is not specifically

8    mentioned in the Complaint, (2) the authenticity of which is vigorously contested, and (3) as to

9    which Plaintiff is neither on notice of the contents nor given a chance to refute the "evidence"

10   that the contract was consummated.  Each of the cases cited by Defendant, including *Parrino,*

11   strongly supports denying Defendant's request to consider any of the multitude service

12   agreements.

13        B.  **The Court Cases Contain No Judicially Noticeable "Facts."**

14        Documents that are part of the public record may be judicially noticed to show, for

15   example, that a judicial proceeding occurred or that a document was filed in another court case.

16   But a court may not take judicial notice of findings of facts from another case, or use such

17   findings against Plaintiff, who was not a party to that case.  *See Wyatt v. Terhune*, 315 F.3d 1108,

18   1114 & n. 5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001);

19   *Jones*, 29 F.3d at 1553.  Nor may the court take judicial notice of any matter in dispute.  *Lee*, 250

20   F.3d at 689-90; *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).

21        At best these cases may be offered as precedents, not judicially noticeable "facts."  Their

22   applicability (or lack thereof) is accordingly addressed in the oppositions to the motions in which

23   they were cited.   Judicial notice, however, should be denied.

24

25

26   _____

[1] If this Court elects to take judicial notice of the service agreement, it should convert the
27   12(b)(6) motion into a Rule 56 motion for summary judgment, and give Plaintiff an opportunity
     to take discovery and present evidence in response.  *See* Fed. R. Civ. P. 12(b); *Parrino*, 146 F.3d
28   at 706.

**III. CONCLUSION**

Defendant's request for judicial notice of the service agreements, privacy policies and the other cases should be denied.

Dated: December 14, 2007                    Respectfully Submitted,

**GUTRIDE SAFIER REESE LLP**

By:_____
Adam J. Gutride
Seth A. Safier
835 Douglas Street
San Francisco, CA 94114
Telephone:  (415) 271-6469
Facsimile:   (415) 449-6469