| | |
|---|---|
| 1 | GUTRIDE SAFIER REESE LLP |
|   | Adam J. Gutride (Cal. State Bar No.181466) |
| 2 | Seth A. Safier (Cal. State Bar No. 197427) |
|   | 835 Douglass Street |
| 3 | San Francisco, California 94114 |
|   | Telephone: (415) 271-6469 |
| 4 | Facsimile: (415) 449-6469 |
| 5 | Counsel for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated, | ) | Case No. 07-5115 JSW |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE |
| vs. | ) | |
| NETWORK SOLUTIONS, LLC | ) | |
| Defendant. | ) | JUDGE: Hon. Jeffery S. White |
| | ) | DATE: Jan. 25, 2008 |
| | ) | TIME: 9:00 am |
| | ) | CTRM: 2 |

**[PROPOSED] ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE- - CASE NO. C 07-5115 JSW**

Defendant requests that his Court take judicial notice (Dkt.# 20) of five versions of its service agreement, three versions of a privacy policy, a definition from the American Heritage Dictionary and nine cases from jurisdictions around the country. Plaintiff opposes the request with respect to the service agreements, privacy polices and the cases. The Court has considered the arguments of both parties and for GOOD CAUSE SHOWN, GRANTS IN PART AND DENIES IN PART the request, as follows:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court DENIES Defendant's request for judicial notice of the service agreements and privacy policies. There remain disputes as to the authenticity of the documents and as to which if any of the service agreements were actually seen or agreed to by Plaintiff. Furthermore, on the motion to dismiss, the service agreements are not admissible because they are not relied on in the complaint, nor do they form the basis of Plaintiff's statutory and tort claims. The complaint refers only to the privacy policy (Complt. ¶ 9). See *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1986).

The Court also DENIES Defendant's request for judicial notice of the court cases. Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case. But a court may not take judicial notice of findings of facts from another case, or use such findings against Plaintiff, who was not a party to that case. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). At best the other cases may be offered as precedents, not at judicially noticeable "facts."

The Court GRANTS Defendant's request for judicial notice of the dictionary definition. No opposition is submitted to this request. The definition is capable of accurate determination by reference to a reputable source, the American Heritage Dictionary.

1  IT IS SO ORDERED

2  Dated:

3                                                   _____
   Jeffrey S. White
4  United States District Judge