**GUTRIDE SAFIER REESE LLP**
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile:  (415) 449-6469

**Counsel for Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>NETWORK SOLUTIONS, LLC<br>                    Defendant. | Case No. 07-5115 JSW<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(B)(1) AND CROSS-MOTION FOR LEAVE TO FILE AS "DOE" AND TO SEAL OR STRIKE PORTIONS OF DECLARATIONS OF SHERI FLAME EISNER AND NATALIE STERLING<br><br>JUDGE: Hon. Jeffery S. White<br>DATE: Jan. 25, 2008<br>TIME: 9:00 am<br>CTRM: 2 |

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(1) AND CROSS MOTION FOR LEAVE TO FILE AS "DOE" AND TO SEAL OR STRIKE EISNER AND STERLING DECLARATIONS- CASE NO. C 07-5115 JSW

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................2

III. ARGUMENT .................................................................................................................3

    A. Defendant's Motion to Dismiss For Lack of Jurisdiction Should Be Denied. ................................................................................................................3

        1. FRCP 12(b)(1) Standard Of Review. .........................................................3

        2. Special Circumstances Warrant Plaintiff Filing As "Doe." ..................4

            a) Severity Of The Threatened Injury. ............................................5

            b) Reasonableness Of Plaintiff's Fears ............................................5

            c) Plaintiff's Vulnerability To Retaliation ......................................6

            d) Prejudice To Defendant. ...............................................................6

            e) The Public Has No Interest In Knowing Plaintiff's Name. .........7

            f) At This Stage Plaintiff's Interest In Remaining Anonymous Is Particularly Important ........................................7

    B. In The Alternative, Plaintiff Should Be Granted Leave To File As "DOE" ..........................................................................................................................8

    C. Alternatively, Plaintiff Should Be Granted Leave To Amend. ..........................8

    D. The Declarations of Sheri Eisner and Natalie Sterling Should Be Sealed Or References To Plaintiff's Name Stricken. ......................................................9

IV. CONCLUSION ..............................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ............................................. 4, 7

*Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ............... 4

*Doe v. Bolton*, 410 U.S. 179 (1973) ................................................................................................. 4

*Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) .......................................................................... 4

*Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 833 n.1 (9th Cir. 1998), *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999) (en banc) ........................................................................ 4

*Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981) ...................................................................... 8

*Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. 1981) ........................................................................... 8

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) ................. 4, 8

*James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) .................................................................... 4, 7

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ............................ 9

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ....................................................... 3

*Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001) ............................................................ 3

*Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981) ................................................................. 4

*Poe v. Ullman*, 367 U.S. 497 (1961) ................................................................................................ 4

*Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ........................................................... 3

*Roe v. City of San Diego*, 2001 U.S. Dist. LEXIS 26137, 11-12 (SD. Cal. 2001) ............................ 8

*Roe v. City of San Diego*, 356 F.3d 1108, 2004 U.S. App. LEXIS 1330 (9th Cir. 2004) .................. 8

*Roe v. Wade*, 410 U.S. 113 (1973) .................................................................................................. 4

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) .............................................. 3

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ................................ 4

*United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) ............................................................ 4

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) .......................................................................... 3

Plaintiff respectfully submits this Opposition to Defendant's Motion to Dismiss (Dkt.# 10) and cross motion for leave to file as "DOE" and to seal or strike portions of the Declarations of Sheri Flame Eisner (Dkt.# 17) and Natalie Sterling (Dkt.# 18).

## I. INTRODUCTION

Defendant Network Solutions ("Defendant") from the outset of this dispute has claimed to be a "customer focused" company.  This claim is belied by its conduct.

Defendant published on the Internet, or made available to search engines such as Google for publication, scores of Plaintiff's private emails, including snap-shots of his web based email in-box.  Instead of apologizing and correcting the problem, Defendant blamed its action on Google.  Yet Defendant simultaneously (and inconsistently) assured Plaintiff that the problem had been "fixed."  Defendant refused, however, to explain how and what it was that was "fixed" or whether it had also been "fixed" for those similarly situated.

When informed during pre-litigation settlement talks that Plaintiff did not want to compound his injury by suing under his name, which could alert even more people to the contents of his private emails, Defendant preemptively sued ***him by name***.  Defendant's suit (in Virginia state court) seeks a declaration that would bar this federal action from proceeding.[1]  Defendant's lawyer (Eisner) and employee (Sterling) then filed declarations here identifying both the Virginia state court action and Plaintiff's full name.

By way of this motion, Defendant now asks this Court to assist its campaign at exposing Plaintiff's private matters.  Apparently seeking to deter other potential injured parties from coming forward, Defendant wants to ensure that if they do, they will be publicly named, so that the injury they have sustained from Defendant's actions will be compounded.

Defendant argues that there are lofty public interests in not permitting Plaintiff to remain anonymous. On balance, however, the opposite is true.  Defendant will suffer no prejudice by permitting Plaintiff to remain anonymous in this case.  The "public" has no need to know

---

[1] Plaintiff has filed a "plea in bar" to the Virginia action and motion to quash service and expects that it will soon be dismissed.  Thereafter, Plaintiff will seek to seal the proceedings in that action.

Plaintiff's name; indeed, the public interest is in *preventing* such disclosure so that people can rely on the statutorily protected privacy of email services. Any public disclosure already made should be limited by sealing the Eisner and Sterling declarations (or striking the references therein to Plaintiff's name) and permitting this case to proceed anonymously.

## II. STATEMENT OF FACTS

Defendant is in the business of selling domain name registration and providing other related Internet services. On behalf of its customers such as Plaintiff, Defendant registers personalized Internet domain names (*e.g.*, "janesbagels.com") for approximately $34.99 per year. Defendant also provides web-based online email accounts at the registered domain names (*e.g.*, jane@janesbagels.com), at an additional cost of approximately $20 per year per account. Defendant's customers may check their email accounts by logging in, with their usernames and passwords, at Defendant's website (i.e., www.networksolutions.com).

In or about May of 2007, Plaintiff became aware that copies of his entire email in-box, as well as the contents of his emails, were publicly available on the Internet. Such emails and the inbox were easily locatable on Internet search engines, including Google. These emails included sensitive, private personal and financial information such as (without limitation) his physical address, telephone number(s), passwords, usernames and other information about his personal and professional life.

In May 2007, Plaintiff sent Defendant a letter demanding correction on behalf of himself and those similarly situated. Plaintiff informed Defendant that the release of his personal information and emails violated the California Customer Records Act, California Civil Code § 1798.80, et seq.; the Electronics Communications Privacy Act, 18 U.S.C. § 2702; the California Unfair Trade Practices Act, California Business & Professions Code § 17200 et seq.; and the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq. Defendant ignored Plaintiff's letter for almost two months before responding.

When Defendant finally responded, it blamed the problem on Google. Somewhat inconsistently, however, Defendant also stated that it had fixed the problem. Defendant refused

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(1) AND CROSS MOTION FOR LEAVE TO FILE AS "DOE" AND TO SEAL OR STRIKE EISNER AND STERLING DECLARATIONS- CASE NO. C 07-5115 JSW    2

to state what the problem had been or what corrective action it had taken, or to notify those similarly situated or compensate those affected.

While the parties were discussing a possible settlement, Plaintiff offered to provide Defendant with a draft complaint of his claims for relief. Defendant then preemptively filed suit against Plaintiff in state court in Fairfax County, Virginia. Less than a week later, Plaintiff filed suit in this Court and served summons on Defendant.

### III. ARGUMENT

#### A. Defendant's Motion to Dismiss For Lack of Jurisdiction Should Be Denied.

##### 1. FRCP 12(b)(1) Standard Of Review.

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. The party seeking to invoke the court's jurisdiction (here, Plaintiff) bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its

burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).[2]

### 2. Special Circumstances Warrant Plaintiff Filing As "Doe."

Many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy. *See, e.g., Doe v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000) *citing Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 833 n.1 (9th Cir. 1998), *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999) (en banc); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993*); Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981), aff'd, 669 F.2d 67 (2d Cir. 1982).[3] Parties are permitted to use fictitious names "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067-68 (9th Cir. 2000) *citing United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.

The Ninth Circuit in *Advanced Textile* established a five-factor balancing test to weigh the parties' respective interests in the use of pseudonyms. *Id*. at 1070-73. Under this test, a district court must analyze the (1) severity of the threatened injury, (2) reasonableness of plaintiffs' fears, (3) plaintiffs' vulnerability to retaliation, (4) prejudice to defendants, and (5) public's interest in knowing the parties' names. On balance, each prong of the test illustrates that Defendant's retributive motion should be denied.

---

[2] In this instance, Defendant only challenges Plaintiff's ability to pursue this litigation anonymously; otherwise, it is clear that this Court has subject matter jurisdiction over this case.

[3] The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy. *See Roe v. Wade*, 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973) (abortion); *Doe v. Bolton*, 410 U.S. 179 (1973) (abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control).

### a) Severity Of The Threatened Injury.

The threatened injury is that Plaintiff's personal email, containing intimate information, will be made even more public. It is true that the information is already available on the Internet. It is also true that Plaintiff's identity can now be learned because of Defendant's preemptive suit in Virginia, at least until that suit is dismissed and sealed (*see supra* footnote 1). However, it is likely that Plaintiff's emails will be even more widely distributed if his name is disclosed in the caption of this case. At this point, Plaintiff does not even know the extent of information that has been published, because Defendant continues to refuse to divulge that information to Plaintiff. As such, the more people who learn of Plaintiff's name in connection with this suit, and the more rigorously they search the Internet, the more likely it is that additional personal information will be disseminated.

Additionally there is prejudice to other persons not represented here who sent email to the Plaintiff. Once the public knows Plaintiff's name, if it finds the published emails on the Internet, it can learn the identities of persons with whom Plaintiff corresponded, as well as the text of their communications. Potential prejudice to such persons outweighs Defendant's desire to harass and punish Plaintiff for demanding that Network Solutions discontinue its privacy violations.

### b) Reasonableness Of Plaintiff's Fears

Plaintiff's fears are real. There is no dispute that Defendant published or made available for publication Plaintiff's email and his in-box. The only questions that remain are the quantity of emails unlawfully disclosed and the length of time during which these emails were disclosed.[4]

Plaintiff's fear about the privacy of email from his friends, family and colleagues are also quite reasonable. As alleged in the Complaint, the emails contain sensitive personal and business information, including information about romantic relationships, financial status, and social plans.[5]

---

[4] As soon as Plaintiff discovered the problem, he opened (and began using) an alternate email account for sensitive email. However, he renewed his account based on assurances that the account was private and secure.

[5] There are, for example, emails in those publicly disclosed from a friend of Plaintiff's who is discussing, in detail, a romantic relationship. There are additionally emails containing (without

### c) **Plaintiff's Vulnerability To Retaliation**

Plaintiff is not vulnerable to retaliation in this instance. He is, however, quite vulnerable to further infamy and/or obloquy. If this case becomes even more public, Plaintiff (and others) will suffer further reputational harm.

### d) **Prejudice To Defendant.**

Defendant does not argue that it will be prejudiced if Plaintiff is permitted to remain anonymous. Rather, Defendant only argues that it would be "unfair" to allow Plaintiff to remain anonymous because (1) he has made no effort to conceal the identity of Defendant, (2) it would complicate discovery, increase the cost of defense, require closed hearing and obligate Defendant to file briefs under seal, (3) it would hamstring its ability to defend itself from adverse publicity and (4) his identity is important to the case. Each of Defendant's arguments is overstated.

First, it was ***Defendant*** that first revealed its identity by filing the Virginia action. Moreover, unlike Plaintiff, Defendant is a large corporation with very little to lose, especially because each of Plaintiff's allegations is ***true***.[6] Nor is any of Defendant's "private" information likely to be disclosed to the public by naming it as a Defendant, while naming Plaintiff could lead the public to find his private emails.

Defendant may be correct that if this action is prosecuted anonymously, it might be required to file more documents under seal. However, the additional time Defendant spends filing documents under seal is trivial, particularly because Defendant will likely designate nearly all of its documents as "confidential" or "highly confidential," requiring sealing of those documents or pleadings that refer to them. As such, forcing Plaintiff to divulge his name will not result in much more than a marginal saving of time and expense.

---

limitation) financial information, addresses, passwords, usernames, phone numbers, schedules, dates, etc. of both the Plaintiff and third parties.

[6] Defendant argues that Plaintiff published disparaging claims about Defendant that would be actionable if not protected by the litigation privilege. This is false because truth is an absolute defense. *See, e.g., Terry v. Davis Community Church*, 131 Cal.App.4th 1534, 1553 (2005) (truth is complete defense to defamation claim.)

The remainder of Defendant's unfairness argument is merely conclusory—it is simply not explained how, for example, Defendant will suffer adverse publicity or why Plaintiff's identity is important to this case.[7] Defendant, in fact, will not suffer undeserved adverse publicity by having Plaintiff's name remain secret, nor is Plaintiff's identity important to deciding the merits of this case.

### e) The Public Has No Interest In Knowing Plaintiff's Name.

Defendant also unconvincing argues that the public is interested in knowing Plaintiff's name. However, Defendant entirely fails to explain why. In truth, the public has no interest in knowingly Plaintiff's name. Rather, the public interest militates toward allowing Plaintiff to remain anonymous. If plaintiffs may not remain anonymous in such instances, it will chill suits that seek to hold defendants responsible in similar circumstances. It is axiomatic that publicly filing suit salts the wounds inflicted by Defendant. Furthermore, the public, including those who sent email to Plaintiff, certainly would not want the existence of those emails further publicized.

Finally, Defendant argues that because this is a class action, those similarly situated have a direct interest in his identity. No basis is provided for the argument. Even were it correct, it is premature; if a class is certified the Court can decide at that time whether the class notice must divulge Plaintiff's name.

### f) At This Stage Plaintiff's Interest In Remaining Anonymous Is Particularly Important

The Ninth Circuit has held that with respect to anonymous proceedings, a court should also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *See Advanced Textile Corp.*, 214 F.3d at 1067-68 citing *James*, 6 F.3d at 240-41 (evaluating defendants' assertions that plaintiffs' use of pseudonyms would prejudice the jury against the defendants and would impair defendant's ability to impeach plaintiffs' credibility). At this infant stage of the litigation, it is impossible for Plaintiff to know what exactly Defendant published, or made publicly available to

---

[7] Defendant's argument regarding business use under the CLRA can be established, and indeed refuted, in the exact same manner regardless of whether Plaintiff remains as "DOE."

search engines, on the Internet. Thus, the Court should err on the side of protecting the Plaintiff's identity, because even more sensitive information may have been published than is currently known.

### B. In The Alternative, Plaintiff Should Be Granted Leave To File As "DOE"

Plaintiff hereby cross-moves for leave to file as "DOE." For the reasons set forth above, Plaintiff's need for anonymity in this litigation (especially at this pre-discovery stage) outweighs risk of unfairness to Defendant and the public's interest in knowing Plaintiff's identity.

Defendants argue that plaintiff was required to file an application for leave to proceed as "Doe" and to obtain an order granting the application, before the Complaint was filed. To support the argument, however, Defendant cites only inapposite cases from other circuits. The Ninth Circuit, in *Advanced Textile*, implicitly ratified Plaintiff's procedural course, by granting an application for leave *after* the complaint had been filed by plaintiffs proceeding under a pseudonym. *See Roe v. City of San Diego*, 2001 U.S. Dist. LEXIS 26137, 11-12 (SD. Cal. 2001) *rev'd* (on other grounds) *Roe v. City of San Diego*, 356 F.3d 1108, 2004 U.S. App. LEXIS 1330 (9th Cir. 2004) *citing generally Advanced Textile Corp.*, 214 F.3d 1058. Were Defendants correct about the rules in this district, the Clerk of the Court would undoubtedly have refused to file the Complaint until Plaintiff had obtained leave to file it as a "Doe" plaintiff. Plaintiff should now be granted leave to proceed as "DOE."

### C. Alternatively, Plaintiff Should Be Granted Leave To Amend.

If this Court is inclined to grant Defendant's motion to dismiss—which it should not—it should do so with leave to amend.[8] Leave to amend will permit Plaintiff to determine whether his interest in remaining anonymous outweighs his desire to obtain justice on behalf of himself and those similarly situated.

---

[8] *See, e.g., Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981); *Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. 1981).

### D. The Declarations of Sheri Eisner and Natalie Sterling Should Be Sealed Or References To Plaintiff's Name Stricken.

Even before this motion was decided, Defendant again took "self-help" to publicize Plaintiff's identity in this case having its lawyer and employee Sheri Eisner and Natalie Sterling, respectively, file declarations divulging it. (See Dkt.# 17-18). Plaintiff requests that these declarations be sealed, or that references in them to Plaintiff's name be stricken and replaced with "Doe."

To justify sealing the records, the Court must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process…. In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotation marks and citations omitted). Here, there was no reason for Defendant to divulge Plaintiff's name other than to punish him for suing and deter others from coming forward, by making them fear that doing so will only increase the injury they have sustained by increasing the public access to their private emails.

If the Court does not wish to seal the declarations, it should, under FRCP Rule 12(f), strike from them all references to Plaintiff's name.

## IV. CONCLUSION

Defendant's motion to dismiss should be denied and Plaintiff should granted leave to file as a "DOE." In the alternative, Plaintiff should be granted leave to file an amended complaint. In addition, the Declarations of Sheri Eisner and Natalie Sterling should be sealed or all references to Plaintiff's name therein (including in any exhibits thereto) ordered stricken from the public record.

1

2  Dated: December 14, 2007                    Respectfully Submitted,

3                                              **GUTRIDE SAFIER REESE LLP**

4

5

6                                              By:_____
                                               Adam J. Gutride
7                                              Seth A. Safier
                                               835 Douglas Street
8                                              San Francisco, California 94114
                                               Telephone:  (415) 271-6469
9                                              Facsimile:   (415) 449-6469

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28