**GUTRIDE SAFIER REESE LLP**
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile:  (415) 449-6469

**Counsel for Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NETWORK SOLUTIONS, LLC<br>　　　　　　　　　　Defendant. | Case No. 07-5115 JSW<br><br>[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(B)(1) AND GRANTING PLAINTIFF'S CROSS-MOTION FOR LEAVE TO FILE AS "DOE" AND TO SEAL OR STRIKE PORTIONS OF DECLARATIONS OF SHERI FLAME EISNER AND NATALIE STERLING<br><br>JUDGE: Hon. Jeffery S. White<br>DATE: Jan. 25, 2008<br>TIME: 9:00 am<br>CTRM: 2 |

[PROPOSED] ORDER DENYING DEF'S MOT TO DISMISS UNDER FRCP 12(b)(1) AND GRANTING PLAINTIFF'S CROSS MOTION FOR LEAVE TO FILE AS "DOE" AND TO SEAL EISNER DECLARATION- CASE NO. C 07-5115 JSW

Defendant has moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) because Plaintiff filed his complaint anonymously without previously securing leave of Court. Plaintiff opposes the motion and cross-moves for leave to proceed as a "DOE" plaintiff and to seal or strike portions of the Declarations of Sheri Flame Eisner (Dkt.# 17) and Natalie Sterling (Dkt.# 18) that personally name him. FOR GOOD CAUSE SHOWN, the Court DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's cross-motion.

According to the Complaint, Defendant published on the Internet, or made available to search engines such as Google for publication, Plaintiff's private emails, including snap-shots of his web based email in-box. When Plaintiff threatened suit, Defendant preemptively sued him by name in Virginia state court, seeking a declaration that any claims that might be brought by Plaintiff would need to be brought in Virginia under Virginia law. Plaintiff subsequently filed this suit anonymously as a "Doe" plaintiff. Defendant's lawyer (Eisner) and employee (Sterling) filed declarations here identifying both the Virginia state court action and Plaintiff's full name.

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. The party seeking to invoke the court's jurisdiction (here, Plaintiff) bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Parties are permitted to sue by use fictitious names "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. In applying this balancing test, the court must analyze the (1) severity of the threatened injury, (2) reasonableness of plaintiffs' fears, (3) plaintiffs' vulnerability to retaliation, (4) prejudice to defendants, and (5) public's interest in knowing the parties' names. *Id*.

Here, the balance of factors favors permitting this action to proceed anonymously. The threatened injury is that Plaintiff's personal email, containing intimate information belonging to him, and third parties with whom he corresponded, will be found by even more people if his name is disclosed. There is no prejudice to Defendant by permitting this action to proceed anonymously, at least not at this stage of litigation. *See Advanced Textile Corp.*, 214 F.3d at 1067-68 (court should determine precise prejudice at each stage of the proceedings). The public interest would appear to militate toward allowing Plaintiff to remain anonymous, as doing otherwise would chill suits that seek to hold defendants responsible in similar circumstances.

The Ninth Circuit, in *Advanced Textile*, implicitly ratified Plaintiff's procedural course of filing as a "Doe" before seeking leave, when it granted an application for leave *after* the complaint had been filed by plaintiffs proceeding under a pseudonym. *See Roe v. City of San Diego*, 2001 U.S. Dist. LEXIS 26137, 11-12 (S.D. Cal. 2001), *rev'd* (on other grounds) *Roe v. City of San Diego*, 356 F.3d 1108 (9th Cir. 2004).

For the same reasons, there is good cause to seal the declarations of Sheri Eisner and Natalie Sterling [or to strike from them references to Plaintiff's name]. At this point in the litigation, having Plaintiff's name in the public files would have no purpose other than the improper one of deterring him (and others) from proceeding with their claims for fear of further aggravating the injury allegedly caused by the release of the emails.

**[Alternatively]** Plaintiff is granted leave to amend his Complaint, to plead his full name.

IT IS SO ORDERED

Dated:

_____
Jeffrey S. White
United States District Judge