GUTRIDE SAFIER REESE LLP
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC<br>Defendant. | ) Case No. 07-5115 JSW<br>)<br>)<br>) PLAINTIFF'S OPPOSITION TO<br>) DEFENDANT'S MOTION TO DISMISS<br>) PURSUANT TO FEDERAL RULE OF<br>) CIVIL PROCEDURE 12(B)(3), OR IN<br>) THE ALTERNATIVE TO TRANSFER<br>) PURSUANT TO 28 U.S.C. § 1406(a),<br>) FOR IMPROPER VENUE<br>)<br>) JUDGE: Hon. Jeffery S. White<br>) DATE: Jan. 25, 2008<br>) TIME: 9:00 am<br>) CTRM: 2<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# TABLE OF CONTENTS

I.     INTRODUCTION..................................................................................................1

II.    STATEMENT OF FACTS ...................................................................................1

III.   ARGUMENT ........................................................................................................3

    A.     Defendant's Motion To Dismiss Should Be Denied. ...........................3

        1.     FRCP 12(b)(3) Standard Of Review. ........................................3

        2.     The Governing Law Clause Is Not Applicable To The Claims
             In This Case. ................................................................................3

        3.     The Governing Law Clause In The Service Agreement Is
             Unenforceable..............................................................................6

            a)     The Governing Law Clause Is Overreaching. ..............6

            b)     The Governing Law Clause Would Effectively Deprive
                Plaintiff Of His Day In Court. .....................................7

            c)     The Governing Law Is Against Public Policy..............8

    B.     Defendant's Motion To Transfer Should Be Denied. .........................10

        1.     Defendant Fails To Carry Their Heavy Burden To Justify
             Transfer Of This Litigation........................................................10

        2.     Defendant's Argument In Favor Of Transfer Are
             Unconvincing. ...........................................................................10

        3.     All Factors Weigh Heavily Against Transferring This
             Litigation to Virginia. ...............................................................11

            a)     Plaintiff's Choice of Forum is Entitled to Great
                Deference. ...................................................................11

            b)     It Is More Convenient For The Parties To Litigate In
                This District. ...............................................................12

                 (1)     Defendant ...........................................................12

                (2)     Plaintiff................................................................12

                (3)     Witnesses.............................................................12

            c)     This Court is More Familiar With The Governing Law........12

            d)     Litigating This Case In This District Will Be Less
                Expensive For All Parties.............................................14

e)  Compulsory Process to Compel Attendance of
Unwilling Nonparty Witnesses Is Readily Available
Here. ..................................................................................14

f)  Sources of Proof In This Case Are Located In the
Northern District of California. .................................................14

g)  The State of California Has an Interest in the Public
Policy Issues Raised by this Case. .............................................14

IV.  CONCLUSION ...........................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 16 (2001).........................................9

*Aral v. EarthLink, Inc.*, 134 Cal. App. 4th 544, 564 (2005) .........................................................9

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) .......................................3, 6

*Bader v. International Vacations, Ltd.*, Case No. CV-05-6958 SVW (RCx) (CD. Cal. 2006) ..............................................................................................................................3, 4

*Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998).........................................................7

*Carolina Casualty Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) ......................................................................................................................................10

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) ...............................................6, 7

*Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924, 931-932 (N.D. Cal. 2006)........................................................................................................4, 5

*Corbett v. Superior Court*, 101 Cal. App. 4th 649, 670-72 (2002)................................................9

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986)..................10

*Dhx, Inc. v. Allianz Agf Mat*, 2002 U.S. Dist. LEXIS 21793 (CD. Cal. 2002)............................8

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)....................................................11

*E.J. Gallo Winery v. Andina Licores S.A.*, 440 F.Supp.2d 1115, 1126 (E.D. Cal. 2006)...............7

*Farmland Industries v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848 (8th Cir.1987) ............5

*Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1339 (9th Cir. 1997) ..................7

*First Franklin Fin. Corp. v. Mortgage Acad., Inc.*, 2006 U.S. Dist. LEXIS 94411 (N.D. Cal. 2006).................................................................................................................13

*Frigate Limited v. Damia*, 2007 U.S. Dist. LEXIS 5902, 2007 WL 127996 (N.D.Cal.2007)...............................................................................................................5

*Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2007) ...............................................7

*Gootnick v. Lighter*, 2005 U.S. Dist. LEXIS 30291 *21, 2005 WL 3079000 *7 (N.D. Cal. 2005) ................................................................................................................................5

*Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 817 (1981)............................................................7

*Huntington Mem'l Hosp. v. Superior Court*, 131 Cal App 4th 893 (2005) ....................................9

*In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 975-76 (D. Del. 1993) .....................11

1  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000)...........................................6, 8

2  *Klaxon Co. v. Stentor Elec. Manufacturing Co., Inc.*, 313 U.S. 487, 496 (1941) .........................13

3  *Klussman v. Cross Country Bank*, 134 Cal. App. 4th 1283, 1293 (2005) ......................................9

4  *Linear Tech. Corp. v. Analog Devices, Inc.*, No. 94-3988, 1995 WL 225672, at *1 (N.D. Cal. Mar. 10, 1995)..................................................................................................................10

5  *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991) ...............11

6  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972)..............................................6, 7, 8

7  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ........................6

8  *Modius, Inc. v. PsiNaptic, Inc.*, No. C 06-02074 SI, 2006 U.S. Dist. LEXIS 28862, *20-22 (N.D. Cal. May 2, 2006) .................................................................................................5

9  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).......................................3, 6

10  *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690, 694 (1961) .................................................7

11  *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464--65 (1992) .......................................13

12  *Palmco Corp. v. JSC Techsnabexport,* 448 F. Supp. 2d 1194, 1198 (D. Cal. 2006)....................11

13  *Pegasus Transportation, Inc. v. Lynden Air Freight, Inc.*, 152 F.R.D. 574 (N.D.Ill.1993) ...........5

14  *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984) ......................................................................................................................................6, 7

15  *Piper Aircraft v. Reyno*, 454 U.S. 235, 244 (1981) ......................................................................11

16  *Sec. Investor Protector Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985).....................................11

17  *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996).....................................12

18  *Vimar Seguros y Reaseguros, S. A. v. M/V Sky Reefer*, 515 U.S. 528 (1995) ...............................8

19  *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007).................................9, 14

20  *Wade v. Indus. Funding Corp.*, No. 92-0343, 1992 WL 207926, at *3 (N.D. Cal. May 28, 1992)............................................................................................................................................11

21  *Wiengrad v. Telepathy, Inc.*, 2005 U.S.Dist. LEXIS 26952 (SDNY 2005) ..............................3, 4

22  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001) ...........................................12

**STATUTES**

28 U.S.C. § 1406(a) ...................................................................................................................... 9, 14

Cal. Civ. Code § 1751.......................................................................................................................... 9

Cal. Civ. Code § 1798.84.................................................................................................................... 9

Federal Rule of Civil Procedure 12(b)(3) ..................................................................... 3

Va. Code § 59.1-205 ..................................................................................................... 9

**TREATISES**

Restatement (Second) of Conflict of Laws, section 187............................................. 13

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(3) OR TO TRANSFER
PURSUANT TO 28 U.S.C. § 1406(A)--CASE NO. C 07-5115 JSW

v

Plaintiff respectfully submits this Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule Of Civil Procedure 12(b)(3), Or In The Alternative To Transfer Pursuant to 28 U.S.C. § 1406(a), For Improper Venue (Dkt.# 16).

## I.  INTRODUCTION

Defendant's motion to dismiss or transfer is predicated on this Court enforcing a governing law clause that is buried in a 50+ page, single spaced, small type service agreement. The agreement is not displayed to customers, but only available by traversing a hypertext link.  It was never signed by Plaintiff but only purportedly "agreed to" by checking a box during the registration process, which occurred in California.  The evidence is that Plaintiff never clicked on the link nor read the agreement and certainly did not read or agree to the governing law clause.

Moreover, the governing law provision purports to waive rights and remedies of Plaintiff, a California resident, which under California law are not waivable.  Accordingly, the governing law provision should not be enforced.

## II. STATEMENT OF FACTS

A full statement of the underlying facts giving rise to this litigation is provided in Plaintiff's Opposition to Defendant's Motion to Dismiss Under Rule 12(b)(1), filed herewith.  In summary, while Network Solutions, L.L.C. ("Defendant" or "Network Solutions") was hosting Plaintiff's email account, Plaintiff discovered that his emails, and screenshots of his email inbox, were publicly available on the Internet and accessible via search engines such as Google. Plaintiff wrote to Defendant to identify the problem.  Defendant stalled for two months.

When it responded, Defendant denied responsibility while at the same time (and inconsistently) guaranteeing Plaintiff that the problem had been "fixed."  (Plaintiff Decl. ¶5.) Defendant refused to state what caused the problem, how it had been fixed, or whether others had been affected.  Plaintiff had registered his email account in October 2003 and renewed the registration each year.  Plaintiff registered the account from his apartment in San Francisco.  (Id. ¶ 3.)  He has never been to Virginia, except in passing through Dulles Airport and/or in connection with visits to Washington D.C.  (Id. ¶ 1.)  In registering the domain he did not see or read the service agreement.  (Id. ¶¶ 6-8.)  The agreement was not displayed to him.  (Id.)  Nor did

1   he see or read the governing law provision of the service agreement.  (Id.)  The entire transaction

2   likely took him less than 10 minutes.  (Id. ¶ 3.)

3          Plaintiff makes claims for violations of the California Customer Records Act, California

4   Civil Code § 1798.80, et seq., the Electronics Communications Privacy Act, 18 U.S.C. § 2702,

5   the California Unfair Trade Practices Act, California Business & Professions Code § 17200 et

6   seq., the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et

7   seq, as well claims under California law for public disclosure of private facts and unjust

8   enrichment.  No claims are asserted under Virginia law.

9          Defendant argues that the case must be litigated in Virginia under Virginia law.  It cites

10  the governing law clause from the services agreement, which it asserts reads as follows:

11         (a) You and Network Solutions agree that this Agreement and any disputes hereunder
           shall be governed in all respects by and construed in accordance with the laws of the
12         Commonwealth of Virginia, United States of America, excluding its conflicts of laws
           rule.  You and we each agree to submit to exclusive subject matter jurisdiction, personal
13         jurisdiction and venue of the United States District Court for the Eastern District Court of
           Virginia, Alexandria Division for any disputes between you and Network Solutions
14         under, arising out of, or related in any way to this Agreement (whether or not such
           disputes also involve other parties in addition to your and Network Solutions.)  If there is
15         no jurisdiction in the United States District Court for the Eastern District of Virginia,
           Alexandria Division, for any such disputes, you and we agree that exclusive jurisdiction
16         and venue shall be in the court of Fairfax Country, Fairfax Virginia.

17  As no discovery has been taken, Plaintiff cannot verify whether the quoted language actually

18  appeared in any agreement available on Defendant's website at the time Plaintiff registered for

19  his account.  Moreover, according to the Sterling Declaration submitted in support of

20  Defendant's motion, the version of the services agreement in effect when Plaintiff initially

21  registered had an entirely different governing law provision, which provided that some claims

22  were to be litigated in Virginia under Virginia law, while others were to be litigated in California

23  under California law.  (*See* Sterling Declaration ¶ 19 & Ex. B (¶ 21).)[1]

24

25

26

27

---

28  [1] At a minimum, Plaintiff should be given leave to conduct to discovery on this issue.

**III. ARGUMENT**

    **A.  Defendant's Motion To Dismiss Should Be Denied.**

        **1.  FRCP 12(b)(3) Standard Of Review.**

        A motion to dismiss brought on the basis of a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  The enforceability of a forum selection clause is determined by federal law. *Id.*

        In the context of a Rule 12(b)(3) motion based upon a forum selection clause, the pleadings need not be accepted as true, and a court may consider facts outside of the pleadings. *Id.*  However, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).  When a Rule 12(b)(3) motion is made prior to development of the factual record, if the facts asserted by the non-moving party are sufficient to preclude enforcement of the forum selection clause, the non-moving party is entitled to remain in the forum it chose unless and until the district court has resolved any material factual issues that are in genuine dispute.  *Id.* at 1139.

        **2.  The Governing Law Clause Is Not Applicable To The Claims In This Case.**

        The governing law clause of the service agreement is not applicable in this matter, because none of Plaintiff's claims derive from it.  Indeed, the service agreement is not once mentioned in the Complaint, and Plaintiff does not allege breach of contract.

        Defendant argues that the absence of a breach of contract claim is of no moment, because courts have enforced the same governing law clause in other instances where breach of contract was not alleged.  Defendant cites two cases, *Wiengrad v. Telepathy, Inc.*, 2005 U.S.Dist. LEXIS 26952 (SDNY 2005) and *Bader v. International Vacations, Ltd.*, Case No. CV-05-6958 SVW (RCx) (CD. Cal. 2006)[2], in support of this argument, both of which are easily distinguished.

---

[2] Plaintiff objects to each of Defendant's requests for judicial notice, including these cases. *See* Plaintiff's Opposition to Defendant's RFJN.

1    In *Wiengrad*, the plaintiff did not mention the agreements in his complaint.  The court,

2    however, found that plaintiff, who was an attorney, had necessarily relied on them "as the source

3    of his initial right to 'own' the weingrad.com domain name and his belief that Network Solutions

4    should have transferred the domain name to GoDaddy.com."  *Id*. at *14-15.  The court explained

5    that a governing law clause cannot "be defeated by artful pleading of claims not based on the

6    contract containing the clause if those claims grow out of the contractual relationship, or if 'the

7    gist' of those claims is a breach of that relationship." *Id.*  The court further stated that the

8    "common thread running through these various formulations is the inquiry whether the plaintiff's

9    claims depend on rights and duties that must be analyzed by reference to the contractual

10    relationship." *Id.*  On that basis, the court found that all of plaintiff's "claims against Network

11    Solutions 'arise out of' the Registration Agreement and Service Agreement as his claims are

12    grounded in his belief that (i) under the Registration Agreement, he owns weingrad.com, and,

13    (ii) under the Service Agreement, Network Solutions was not permitted to release weingrad.com

14    for auction after he failed to pay a renewal or transfer fee.  Therefore, the forum selection clause

15    controls and the claims must be dismissed under Fed. R. Civ. P. 12(b)(3)."  *Id.* at *14-15.

16    Similarly in *Bader*, which relied heavily on the *Weingrad* decision, the court found that the

17    plaintiff's claims, including a conversion action, necessarily relied on the need to interpret or

18    resolve rights under the services agreement.  *See Bader* at *4.

19    Unlike *Weingard* and *Bader*, this litigation is not about whether Plaintiff "owns" his

20    domain name, or indeed, about the domain name at all.  Rather, it pertains to whether Defendant

21    violated California state and Federal law by publishing to the Internet Plaintiff's private email

22    and snap-shots of his email in box.  Resolution of each of his causes of action will not depend on

23    the service agreement or any rights he may have under that agreement, but only on his rights

24    under applicable state and federal laws governing privacy of email and false advertising, and

25    proof that Defendant published to the Internet his personal information.

26    Furthermore, the *Weingard* and *Bader* reasoning has been rejected in other cases in this

27    District.  In *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924, 931-

28    932 (N.D. Cal. 2006), Defendant's parent, Verisign, Inc., invoked a nearly identical forum

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(3) OR TO TRANSFER
PURSUANT TO 28 U.S.C. § 1406(A)--CASE NO. C 07-5115 JSW

4

selection clause[3] in a nearly identical rule 12(b)(3) motion, arguing that "forum selection clauses apply to non-contractual claims, including antitrust, intellectual property, unfair competition, and tortious interference[.]"  A court of this District rejected the argument, holding as follows:

> This argument is not convincing. The forum selection applies only to "legal proceeding[s] relating to this Agreement." The plain meaning of this language is that a lawsuit must involve the RRA itself to trigger the clause….it is undisputed that CFIT's complaint and filings make no mention of the RRA. VeriSign's interpretation of "relating to" has no limiting principle: under it, all registrars must bring all causes of action against VeriSign in Virginia, no matter how attenuated the relationship between the claim and the RRA. This is not the law. *Cf. Gootnick v. Lighter*, 2005 U.S. Dist. LEXIS 30291 *21, 2005 WL 3079000 *7 (N.D. Cal. 2005) (denying motion to transfer venue based on forum selection clause in promissory note because, inter alia, "[i]t is unlikely that many legal issues in the claims asserted here will turn on legal interpretation of the note itself"). Indeed, each of VeriSign's authorities involved lawsuits that, in one manner or an-other, flowed from the contract containing the clause. (citation omitted.)

*VeriSign, Inc.*, 452 F. Supp. 2d at 931-932.  As still another court of this District explained, a tort cause of action does not "relate" to the agreement unless resolution of the tort claims relates to the ***interpretation*** of the contract.  *See  Modius, Inc. v. PsiNaptic, Inc.*, No. C 06-02074 SI, 2006 U.S. Dist. LEXIS 28862, *20-22 (N.D. Cal. May 2, 2006) ("Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to the ***interpretation*** of the contract.") (emphasis added); *see also Frigate Limited v. Damia*, 2007 U.S. Dist. LEXIS 5902, 2007 WL 127996 (N.D.Cal.2007), *Farmland Industries v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848 (8th Cir.1987), *Pegasus Transportation, Inc. v. Lynden Air Freight, Inc.*, 152 F.R.D. 574 (N.D.Ill.1993).

An additional difference between this case and *Bader* and *Weingard* is that this is a class action.  The proposed class includes "all persons whose, at any time within the four years preceding the filing of this Class Action Complaint, email (or email accounts) were released, published and/or made available for publication by Defendant."  (Complt. ¶ 15.)  Such persons might include those who had no contractual relationship with Defendant whatsoever, but who

---

[3] The forum selection clause stated "[a]ny legal action or other legal proceeding relating to this Agreement or the enforcement of any provision of this Agreement shall be brought or otherwise commenced in any state or federal court located in the eastern district of the Commonwealth of Virginia."  *Id.*

1  were unlucky enough to have sent an email to someone else (like Plaintiff) who did.[4]

2          **3. The Governing Law Clause In The Service Agreement Is Unenforceable.**

3          Federal courts sitting in diversity apply federal law to determine the effect and scope of a

4  forum selection clause. *See Jones v. GNC Franchising, Inc*., 211 F.3d 495, 497 (9th Cir. 2000);

5  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "The rule set

6  forth by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co*. controls the consideration of

7  a motion to dismiss for improper venue based upon a forum selection clause." *Jones*, 211 F.3d at

8  497; *Manetti-Farrow*, 858 F.2d at 513.

9          Forum selection clauses are presumptively valid and the party challenging the clause

10  "bears a heavy burden of proof" and "must clearly show that enforcement would be unreasonable

11  and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *M/S*

12  *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972); *Murphy v. Schneider National, Inc.*,

13  362 F.3d 1133, 1140 (9th Cir. 2003); *Manetti-Farrow*, 858 F.2d at 514. To establish the

14  unreasonableness of a forum selection clause, the party opposing enforcement of the clause "has

15  the heavy burden of showing that trial in the chosen forum would be so difficult and

16  inconvenient that the party effectively would be denied a meaningful day in court." *Argueta*, 87

17  F.3d at 325; *Manetti-Farrow*, 858 F.2d at 515; *Pelleport Investors, Inc. v. Budco Quality*

18  *Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984). Enforcement of a forum selection clause is

19  unreasonable if:

20          (1) if the inclusion of the clause in the agreement was the product of fraud or
            overreaching; (2) if the party wishing to repudiate the clause would effectively be
21          deprived of his day in court were the clause enforced; or (3) if enforcement would
            contravene a strong public policy of the forum in which the suit is brought.
22
    *Murphy*, 362 F.3d at 1140; *see also M/S Bremen*, 407 U.S. at 12-18; *Jones*, 211 F.3d at 497;
23
    *Argueta*, 87 F.3d at 325. When evaluated against the-above rubric, it is clear that even if it
24
    applies to the claims in case, the governing law clause should not be enforced.
25
            **a) The Governing Law Clause Is Overreaching.**
26
    _____
27  [4] Under no circumstances would the 2007 agreement apply because all of Plaintiff's claim ante-
    date that agreement. Thus, the 2007 agreement and all of Defendant's alleged facts related to it
28  are necessarily inadmissible in this context.

1    Unequal bargaining power and non-negotiation of a forum selection clause alone are not

2    enough to negate the clause.  *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991);

3    *see also Murphy*, 362 F.3d at 1141; *E.J. Gallo Winery v. Andina Licores S.A.*, 440 F.Supp.2d

4    1115, 1126 (E.D. Cal. 2006).  But forum selection clauses in "take it or leave it" adhesion

5    contracts are unenforceable if they are "unreasonable."  *See id.*; *Batchelder v. Kawamoto*, 147

6    F.3d 915, 919 (9th Cir. 1998).[5]  Such clauses are "unreasonable" when they were not

7    "reasonably communicated" to the plaintiff.  *See Carnival*, 499 U.S. at 595.

8    In this instance, the non-negotiable governing law clause was not reasonably

9    communicated to Plaintiff.  The agreement was not put directly before the Plaintiff but rather

10   was available only by way of a hypertext link.  (Plaintiff Decl. ¶¶ 6-8.)  No effort was made to

11   alert the Plaintiff to the governing law provision, which is buried in a document that when

12   printed runs to over 50 pages of single spaced type, in small type.[6]  (Id.; Defendant's RFJN Exs.

13   1-5.)

14   **b)  The Governing Law Clause Would Effectively Deprive Plaintiff Of
His Day In Court.**

15

16   A court may invalidate a forum selection clause when a party shows that the forum will

17   be so inconvenient and prohibitive as to deprive the party of its "meaningful day in court."

18   *Pelleport Investors,* 741 F.2d at 281.  The cost of litigation or the mere "inconvenience" does not

19   prevent enforcement of a forum selection clause, *see Fireman's Fund Ins. Co. v. M.V. DSR*

20

21   [5] Plaintiff further asserts that the governing law clause is substantively and procedurally
unconscionable, and, as such, unenforceable.  *See* Plaintiff's Opposition to Defendant's FRCP
22   Rule 12(f) Motion to Dismiss.  It violates California Civil Code § 1668.

23   [6] "The California Supreme Court has consistently reiterated that the procedural element of an
unconscionable contract generally takes the form of a contract of adhesion." *Gatton v. T-Mobile*
24   *USA, Inc*., 152 Cal. App. 4th 571, 581 (2007) (internal quotations omitted). The California
Supreme Court has adopted the following definition of "contract of adhesion": "'a standardized
25   contract, which, imposed and drafted by the party of superior bargaining strength, relegates to
the subscribing party only the opportunity to adhere to the contract or reject it.'" *Graham v.*
26   *Scissor-Tail, Inc*., 28 Cal. 3d 807, 817 (1981) (quoting *Neal v. State Farm Ins. Cos*., 188 Cal.
App. 2d 690, 694, 10 Cal. Rptr. 781 (1961).) In the consumer context, California courts "have
27   routinely found the procedural element [of unconscionability] satisfied where the agreement
containing the challenged provision was a contract of adhesion." *Gatton*, 152 Cal. App. 4th at
28   582. All the factors for finding a contract of adhesion exist here.

1    *Atlantic*, 131 F.3d 1336, 1339 (9th Cir. 1997), but a forum selection clause may be unreasonable

2    and unenforceable if the chosen forum is seriously inconvenient for the trial of the action.

3    *Bremen*, 407 U.S. at 16. Where inconvenience of the forum was foreseeable at the time of

4    contracting, "the party seeking to escape his contract" must show "that trial in the contractual

5    forum will be so gravely difficult and inconvenient that he will for all practical purposes be

6    deprived of his day in court." *Id.* at 18.

7         In this instance, it is seriously inconvenient for Plaintiff to litigate in Virginia. Plaintiff

8    has never been to Virginia, except perhaps once transiting through Dulles airport. (Plaintiff

9    Decl. ¶ 1.) Plaintiff lives and works in the Bay Area. Plaintiff's counsel also are based in San

10   Francisco. The costs of transporting everyone to Virginia for all hearings and trial are

11   astronomical. Nor was it foreseeable at the time of contracting that Defendant would publish to

12   the Internet his private email and force him to seek redress only in Virginia. (Id. ¶¶ 6-8.)

13                    c)  **The Governing Law Is Against Public Policy.**

14        Contractual choice-of-forum provisions are unenforceable when they contravene a strong

15   public policy of the forum in which suit is brought, whether that policy derives from statute or

16   judicial decision. *See Bremen*, 407 U.S. at 15; *see also Jones*, 211 F.3d at 497. In *Vimar*

17   *Seguros y Reaseguros, S. A. v. M/V Sky Reefer*, 515 U.S. 528 (1995) the Supreme Court stated

18   that if a contractual choice of law and choice of forum clauses operated together to effectively

19   nullify a party's statutory rights, the agreement would not be upheld. *See Vimar Securos*, 515

20   U.S. at 540; *see also Dhx, Inc. v. Allianz Agf Mat*, 2002 U.S. Dist. LEXIS 21793 (CD. Cal.

21   2002).

22        In this instance, enforcing the governing law provision, which includes both the Virginia

23   forum selection clause and Virginia choice of law provision, would contravene California public

24   policy by barring the CLRA claim and the Customer Records Act claim and possibly barring all

25   class claims.[7] Indeed, the California Court of Appeal has refused to enforce a nearly identical

26   ─────────────────────────────

27   [7] Defendant's motion seeks an order that "any disputes between the parties are to resolved in the
     courts of Virginia subject to Virginia law." (Mot. 4:26-27.) Defendant believes that Virginia
     law will apply, and argues that such law is fair because it provides for breach of contract claims

28   and also statutory and common law claims. (Id. 13:5-22.) Indeed, the governing law provision
     would bar the Virginia court from applying any choice of law rules. (The unenforceability of

choice of law and forum provision that would have forced a similar case to Virginia, because

doing so would effectively waive the Plaintiff's claim under the California Legal Remedies Act

and his ability to bring a class action. *See America Online, Inc. v. Superior Court*, 90 Cal. App.

4th 1, 16 (2001). As noted in *America Online*, the CLRA contains an anti-waiver provision that

states that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy

and shall be unenforceable and void." Cal. Civ. Code § 1751. Here, the service agreement not

only purports to waive all claims under California law, but it further waives any right to damages

or civil penalties, as well as a consumer's right to jury trial, all of which contravene the CLRA.[8]

In addition, forcing the case to be litigated in Virginia (particularly Virginia state court)

creates a substantial risk that Plaintiff will not be permitted to pursue the case as a class action,

because Virginia consumer protection laws generally do not allow for class actions. *See AOL*, 90

Cal. App. 4th at 17; Va. Code § 59.1-205. As the *America Online* court explained, "[t]he

unavailability of class action relief in [the case is] sufficient in and by itself" to preclude the

enforcement of a choice of law clause and forum selection clause favoring Virginia law. The

reason is that California has a strong public policy favoring consumer remedies in class actions.

*See Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007); *see also Corbett v.

Superior Court*, 101 Cal. App. 4th 649, 670-72 (2002); *Huntington Mem'l Hosp. v. Superior

Court*, 131 Cal App. 4th 893 (2005). Indeed, "[c]ourts in California have not hesitated to

invalidate class action waivers in the appropriate circumstances." *Klussman v. Cross Country

Bank*, 134 Cal. App. 4th 1283, 1293 (2005) (discussing cases; holding that "Delaware's approval

of class action waivers, especially in the context of a 'take it or leave it' arbitration clause[,] is

contrary to fundamental public policy in California."); *Aral v. EarthLink, Inc*., 134 Cal. App. 4th

544, 564 (2005) (holding that class action waiver in context of suit by California residents

seeking recovery pursuant to the UCL implicated fundamental public policy).

---

Defendant's alleged choice of law provision is addresses in Plaintiff's Opposition to Defendant's
Motion to Dismiss under FRCP Rule 12(f).)

[8] Plaintiff also pleads a claim under the Customer Records Act. The Customer Records Act
similarly provides that "any waiver of a provision of this title is contrary to public policy and is
void and unenforceable." Cal. Civ. Code § 1798.84.

**B.  Defendant's Motion To Transfer Should Be Denied.**

Defendant alternatively argues, pursuant to 28 U.S.C. § 1406(a), that this case should be transferred to Virginia.  In support of this request, Defendant primarily reargues the governing law clause.  Defendant also argues that a "related action" in Virginia state court warrants transfer.  (Eisner Decl. Ex. A (Defendant's complaint from Virginia declaratory relief action).)  Defendant's request should be denied.

**1.  Defendant Fails To Carry Their Heavy Burden To Justify Transfer Of This Litigation.**

The heavy burden of showing that a case should be transferred is on the moving party.  *See Carolina Casualty Co. v. Data Broad. Corp*., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).  The Ninth Circuit has set forth the following factors that a district court should consider in deciding whether a transfer is appropriate: (1) Plaintiff's choice of forum; (2) convenience of the parties; (3) familiarity of each forum with the governing law; (4) the respective parties' contacts with the forum; (5) feasibility of consolidation of other claims; (6) differences in the costs of litigation in the two forums; (7) availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) ease of access to sources of proof; and (9) relevant public policy of the forum state.  *See Royal Queentex Royal Inc. v. Sara Lee Corp.,* 2000 U.S. Dist. LEXIS 10139 at *2 (N.D. Cal. 2000) *citing Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986).

Where, as here, "a plaintiff has selected a forum that clearly meets the general venue requirements…a transfer should be ordered only when, after considering all the pertinent factors, the balance ***clearly*** tips in favor of the transfer." *Linear Tech. Corp. v. Analog Devices, Inc*., No. 94-3988, 1995 WL 225672, at *1 (N.D. Cal. Mar. 10, 1995) (emphasis supplied).

**2.  Defendant's Argument In Favor Of Transfer Are Unconvincing.**

In support of transfer, Defendant argues only that there exists a related case in Virginia.  This argument does not support transfer.  To begin with, the pending declaratory action was filed only as a means to get this case transferred.  That action requests only that the Virginia court declare that any suit by Plaintiff be brought in Virginia under Virginia law—*i.e.,* that it asks the

1  Virginia court to tell this Court how to decide the issues in this motion.  (Eisner Decl. Ex. A.)

2  The pending Virginia action will decide none of the underlying issues presented here, such as

3  whether Defendant wrongful published Plaintiff's emails.  (Id.)  In any event, Plaintiff has

4  moved to dismiss the Virginia action on grounds of lack of personal jurisdiction, as he has not

5  had minimum contacts with that state.  (See, generally, Plaintiff Decl.)

6       **3.  All Factors Weigh Heavily Against Transferring This Litigation to
            Virginia.**
7
               **a)  Plaintiff's Choice of Forum is Entitled to Great Deference.**
8

9       As a general rule, a plaintiff's choice of forum is to be given great deference.  *See*

10  *Palmco Corp. v. JSC Techsnabexport*, 448 F. Supp. 2d 1194, 1198 (C. D. Cal. 2006), *citing*

11  *Piper Aircraft v. Reyno*, 454 U.S. 235, 244 (1981).  A plaintiff's choice should be overridden

12  only if public and private factors weigh strongly in favor of transfer.  *See Lockman Found. v.*

13  *Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).  Otherwise stated, Plaintiff's

14  choice of forum should be disturbed rarely, and only when "defendants have made a clear

15  showing of facts which... establish such oppression and vexation of a defendant as to be out of

16  proportion to plaintiff's convenience."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.

17  2002).  Defendant has made no showing of oppression or vexation, nor could it.

18       Plaintiff's choice of forum is entitled to deference even in the context of a class action.

19  *See Wade v. Indus. Funding Corp.*, No. 92-0343, 1992 WL 207926, at *3 (N.D. Cal. May 28,

20  1992) (declining to disregard plaintiffs' choice of forum in a shareholder derivative action and

21  noting that "the Ninth Circuit has accorded substantial weight to the plaintiffs' choice of forum

22  where there are significant contacts with the forum and the issues raised in the litigation relate to

23  those contacts.") *citing Sec. Investor Protector Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985).

24  For example, in upholding the plaintiff's choice of forum in a class action, the District of

25  Delaware stated that "a 'plaintiff's choice of a proper forum is a paramount consideration in any

26  determination of a transfer request,' … and the burden remains at all times on the defendants to

27  show that the balance of convenience and the interests of justice weigh strongly in favor of

28  transfer."  *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 975-76 (D. Del. 1993)

1  (citations omitted.)

2          **b)  It Is More Convenient For The Parties To Litigate In This District.**

3     A transfer of venue is not warranted when transfer is not more convenient for the parties.

4  *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and*

5  *Procedure* § 3849 (2d ed. 1986).

6             **(1) Defendant**

7     Defendant makes no convenience arguments, so they should be deemed waived.  In any

8  event, Defendant is a large corporation with the resources to litigate anywhere.  The lawyers it

9  hired to handle both this action and its Virginia declaratory relief action are employed at the firm

10  Pillsbury Winthrop, whose principal office is in San Francisco.

11             **(2) Plaintiff**

12     Plaintiff, an individual, lives in the Bay Area.  His counsel also are here.  It is undeniably

13  more convenient for him to litigate in this district.

14             **(3) Witnesses**

15     "To demonstrate inconvenience, the moving party 'should produce information regarding

16  the identity and location of the witnesses, the content of their testimony, and why such testimony

17  is relevant to the action…The Court will consider not only the number of witnesses located in

18  their respective districts, but also the nature and quality of their testimony." *Royal Queentex*,

19  2000 U.S. Dist. LEXIS 10139 at *2 (quoting *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468,

20  1470 (C.D. Cal. 1996).  The moving party must name the witnesses, state their location, and

21  explain their testimony and its relevance.  *See Carolina Cas. Co.*, 158 F. Supp. 2d at 1049;

22  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001).

23     Here, Defendant does not provide any information regarding the identity and location of

24  the witnesses or the nature and quality of their testimony.  Such a showing is inadequate,

25  especially when it is clear that Google, Inc. will be an important witness, and Google is located

26  in this District.  Indeed, Defendant's entire defense seems to be predicated on actions taken by

27  Google, so presumably nearly all of Defendant's evidence would be coming from this District.

28        **c)  This Court is More Familiar With The Governing Law.**

1        This action is almost entirely predicated on California state law claims.  Plaintiff pleads

2 causes of action under the California Consumers Legal Remedies Act, California's unfair

3 competition laws, the California Customer Records Act, and California common law.  There can

4 be no doubt that this Court is infinitely more familiar with the law that is at the heart of this

5 matter than is the Eastern District of Virginia.  *See First Franklin Fin. Corp. v. Mortgage Acad.,*

6 *Inc.*, 2006 U.S. Dist. LEXIS 94411 (N.D. Cal. 2006) (finding that a court in the Northern District

7 of California is more familiar with the laws of the state of California, which govern, than the

8 Eastern District of Michigan.)

9        Defendant will undoubtedly argue that the Virginia courts are more familiar with Virginia

10 law, and that Virginia law applies because of the governing law clause.[9]  For purposes of

11 deciding the motion to transfer, however, this Court must presume that California law applies to

12 the claims, because this case is pending under diversity jurisdiction, so this Court must apply

13 California's choice-of-law rules.  *See Klaxon Co. v. Stentor Elec. Manufacturing Co., Inc.*, 313

14 U.S. 487, 496 (1941).  Under California's choice of law rules, a choice-of-law provision is

15 enforceable only if it meets the requirements of the Restatement (Second) of Conflict of Laws,

16 section 187.  *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464--65 (1992).  The

17 governing law provision does not meet those requirements.  Section 187(b) of the Restatement

18 provides that a contractual choice of law provision does not apply when:

19       the application of the law of the chosen state would be contrary to a
      fundamental policy of a state which has a materially greater interest than the
20       chosen state in the determination of the particular issue and which, under the
      rule of Section 188, would be the state of the applicable law in the absence of
21       an effective choice of law by the parties.

22 Rest.2d Conf. of Laws, § 187.

23        Here, as discussed above, the application of Virginia law would contravene fundamental

24 policies of California to prohibit waivers of the CLRA and the Customer Records Act and to

25 allow class actions.  California has a materially greater interest than Virginia in assuring that its

26 citizens have the protections of the CLRA and class action rights.  *See Nedlloyd*, 3 Cal. 4th at

27 _____

[9] Plaintiff addresses this issue in more detail in his Opposition to Defendant's Motion to Dismiss
28 under FRCP Rule 12(f).

465-66.  Thus, because this Court must assume for purposes of this motion that California

substantive law will apply, this factor strongly weighs against transferring this case.

### d) Litigating This Case In This District Will Be Less Expensive For All Parties.

Defendant presents no evidence concerning the cost of litigating.  As it will be cheaper

for Plaintiff to litigate in this District, this factor weighs in favor of denying Defendant's motion

to transfer.

### e) Compulsory Process to Compel Attendance of Unwilling Nonparty Witnesses Is Readily Available Here.

Defendant does not address this factor.  Furthermore, the chief nonparty witness is likely

to be Google, which resides in this District.

### f) Sources of Proof In This Case Are Located In the Northern District of California.

Nearly all of the "documents" that relate to this case will likely be electronic records.

Defendants submit no evidence as to the location of their servers where that information is

stored.  It may be that the information is stored neither in California nor in Virginia but in a

facility elsewhere.  Or there may be multiple redundant locations where the information is stored.

In any event, given the nature of electronic data, the information can easily be brought to

California.

### g) The State of California Has an Interest in the Public Policy Issues Raised by this Case.

California has a strong interest in, at a minimum, enforcing it consumer protection laws.

*See Van Slyke*, 503 F. Supp. 2d at 1368 (California has a strong public policy favoring consumer

remedies, particularly in the class action setting).[10]

---

[10] If this Court is inclined to grant Defendant's motion—which it should not—transfer would still be more appropriate than dismissal.  Transferring in lieu of dismissal is within this Court's discretion.  *See* 28 U.S.C. § 1406 (a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."; *see also Cascade Promotion Corp. v. AMA Sys. LLC,* 2007 U.S. Dist. LEXIS 41638 (N.D. Cal. 2007).

**IV. CONCLUSION**

Defendant's motion to dismiss or transfer for improper venue should be denied.

Dated: December 14, 2007                    Respectfully Submitted,

**GUTRIDE SAFIER REESE LLP**

By:_____

Adam J. Gutride
Seth A. Safier
835 Douglas Street
San Francisco, CA 94114
Telephone:  (415) 271-6469
Facsimile:   (415) 449-6469