GUTRIDE SAFIER REESE LLP
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC<br>Defendant. | Case No. 07-5115 JSW<br><br>[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3), OR IN THE ALTERNATIVE TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a), FOR IMPROPER VENUE<br><br>JUDGE: Hon. Jeffery S. White<br>DATE: Jan. 25, 2008<br>TIME: 9:00 am<br>CTRM: 2 |

Defendant has filed a Motion to Dismiss Pursuant to Federal Rule Of Civil Procedure 12(b)(3), Or In The Alternative To Transfer Pursuant to 28 U.S.C. § 1406(a), For Improper Venue (Dkt.# 16). Defendant argues pursuant to a choice-of-forum provision that the only appropriate venue is Virginia. Plaintiff opposes the motion. For GOOD CAUSE SHOWN, the motion is DENIED.

**Pertinent Facts**

Plaintiff, a California resident, claims he was injured when Defendant, an email service provider, published his emails and his email in-box to Internet search engines such as Google. Plaintiff makes claims for violations of the California Customer Records Act, California Civil Code § 1798.80, et seq., the Electronics Communications Privacy Act, 18 U.S.C. § 2702, the California Unfair Trade Practices Act, California Business & Professions Code § 17200 et seq., the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq, as well claims under California law for public disclosure of private facts and unjust enrichment. No claims are asserted under Virginia law.

Defendant, which is domiciled in Virginia, but incorporated in Delaware, seeks to enforce a Virginia governing law clause in its service agreement, to which it contends Plaintiff agreed in registering for the email account by checking a box. The services agreement is more than 50 pages long, when printed out single spaced in small type. The agreement is not displayed to customers, but only available by traversing a hypertext link. Plaintiff never clicked on the link nor read the agreement and did not read or agree to the governing law clause. No special effort was made to alert him to the provision.

**Motion to Dismiss**

A motion to dismiss brought on the basis of a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The enforceability of a forum selection clause is determined by federal law. *Id*. In the context of a Rule 12(b)(3) motion based upon a forum selection clause, the pleadings need not be accepted as true, and a court may consider facts outside of the pleadings. *Id*. However, "the trial court must draw all reasonable

inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1138 (9th Cir. 2004). When a Rule 12(b)(3) motion is made prior to development of the factual record, if the facts asserted by the non-moving party are sufficient to preclude enforcement of the forum selection clause, the non-moving party is entitled to remain in the forum it chose unless and until the district court has resolved any material factual issues that are in genuine dispute. *Id*. at 1139.

The Court rejects the application of the governing law clause of the service agreement for several reasons. First, the clause applies only to disputes "under, arising out of, or related in any way to this agreement." This litigation does not arise out of or relate to the agreement, but rather involves tort claims for alleged publication of Plaintiff's private information. Plaintiff does not invoke any rights under the service agreement in making those claims. *See Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924, 931-932 (N.D. Cal. 2006) (rejecting argument that nearly identical Virginia forum selection clause invoked by Defendant's parent, Verisign, Inc. applied to non-contractual claims, including antitrust, intellectual property, unfair competition, and tortious interference[.]")

Second, the clause is unreasonable and unjust. To establish the unreasonableness of a forum selection clause, the party opposing enforcement of the clause "has the heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996), *citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972). Enforcement of a forum selection clause is unreasonable if:

> (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; or (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought.

*Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003). Furthermore, enforcement is unreasonable if the clause was not "reasonably communicated" to the plaintiff at the time of contracting. *See Carnival Cruise Lines*, *Inc. v. Shute*, 499 U.S. 585, 595 (1991). And such provisions are unenforceable when they contravene a strong public policy of the forum in

which suit is brought. *See Vimar Seguros y Reaseguros, S. A. v. M/V Sky Reefer*, 515 U.S. 528 (1995); *Bremen*, 407 U.S. at 15.

Here, the non-negotiable governing law clause was not reasonably communicated to Plaintiff. The agreement was not put directly before the Plaintiff but rather was available only by way of a hypertext link, and no effort was made to alert him to the governing law provision, which is buried in a long, dense document. Furthermore, it is seriously inconvenient for Plaintiff (a California resident with California counsel) to litigate in Virginia, and arguably less convenient for Defendant as well as the chief third party witness, Google, Inc. to litigate in this district, as is the home office of Defendant's outside litigation firm. And as explained in more detail in this Court's Order Denying Defendant's Motion To Strike, enforcement of the provision would contravene several important policies of the forum state, California, such as the non-waiver of claims under the CLRA and Customer Records Act, and the ability to pursue claims in a class action. *See America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 16 (2001).

**<u>Motion to Transfer</u>**

The heavy burden of showing that a case should be transferred is on the moving party. *See Carolina Casualty Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). The Ninth Circuit has set forth the following factors that a district court should consider in deciding whether a transfer is appropriate: (1) Plaintiff's choice of forum; (2) convenience of the parties; (3) familiarity of each forum with the governing law; (4) the respective parties' contacts with the forum; (5) feasibility of consolidation of other claims; (6) differences in the costs of litigation in the two forums; (7) availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) ease of access to sources of proof; and (9) relevant public policy of the forum state. *See Royal Queentex Royal Inc. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139 at *2 (N.D. Cal. 2000), *citing Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Where "a plaintiff has selected a forum that clearly meets the general venue requirements…a transfer should be ordered only when, after considering all the pertinent factors, the balance clearly tips in favor of the transfer." *Linear Tech. Corp. v. Analog Devices, Inc.*, No. 94-3988, 1995 WL 225672, at *1 (N.D. Cal. Mar. 10, 1995).

In support of transfer, Defendant again cites the service agreement, which the Court rejects for the reasons above. Defendant also argues that there exists a related case in Virginia, but that case is merely a declaratory action that seeks to establish that Plaintiff must sue in Virginia under Virginia law, a decision in the purview of this Court, and in any event a motion to dismiss that suit is currently pending.

Applying the multi-factored test, the balance of factors does not clearly weigh in favor of transfer. Plaintiff resides here, as does the chief anticipated third-party witness, Google, Inc. Defendant has not identified the names or location of other witnesses, or the relevance of their testimony, as is required by *Carolina Cas. Co*. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) and *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001). This Court is more familiar with California law than the Virginia Courts. *See First Franklin Fin. Corp. v. Mortgage Acad., Inc.*, 2006 U.S. Dist. LEXIS 94411 (N.D. Cal. 2006) (court in Northern District of California is more familiar with the California state law than Eastern District of Michigan.) This Court must also assume that California law will apply, because in this diversity case, it must apply California choice of law rules, and under those rules, California law would apply, as further explained in the Order Denying Defendant's Motion To Strike. Finally, California has a strong interest in protecting its consumers.

IT IS SO ORDERED

Dated:

________________________

Jeffrey S. White
United States District Judge