GUTRIDE SAFIER REESE LLP
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC<br>Defendant. | Case No. 07-5115 JSW<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)<br><br>JUDGE: Hon. Jeffery S. White<br>DATE: Jan. 25, 2008<br>TIME: 9:00 am<br>CTRM: 2 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................1

II.  STATEMENT OF FACTS ..................................................................................................1

III. ARGUMENT ......................................................................................................................2

    A.   FRCP 12(b)(6) Standard Of Review ........................................................................2

    B.   **Plaintiff Adequately Pleads Each Cause Of Action** ...............................................2

        **1.**   **The Electronic Communications Privacy Act.** .......................................2

        **2.**   **California Consumers Legal Remedies Act.** ..........................................4

        **3.**   **Business and Professions Code section 17200, et seq.** ............................6

        **4.**   **Customer Records Act** ................................................................................7

        **5.**   **Public Disclosure Of Private Facts** .............................................................8

        **6.**   **Unjust Enrichment** ......................................................................................9

    C.   Leave To Amend Should Be Granted. ...................................................................10

IV.  CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003) ...................... 7

*American Suzuki Motor Corp. v. Superior Court*, 37 Cal.App.4th 1291, 1295–1296 (1995) ........ 6

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1974 (2007) ...................................... 2, 4

*Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003) ............. 6

*DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) .............................................. 10

*Dinosaur Dev. Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1999) ............................................... 10

*Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638 (E.D. Va. 2004) ........................................... 4

*Hirsch v. Bank of Am.*, 107 Cal.App.4th 708, 721 (2003) ........................................................... 10

*Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004) ................................ 7

*McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ................................................................. 4

*Muskovich v. Crowell,* 1996 U.S. Dist. LEXIS 22634 (D. Iowa 1996) .......................................... 4

*Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 U.S. Dist LEXIS 33746, at *9-10 (E.D. Cal. May 8, 2007) ............................................................... 8

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984) ................................................................................................................. 2

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ........... 10

*Shulman v. Group W Prods.*, 18 Cal. 4th 200, 214 (1998) ............................................................ 9

*Taus v. Loftus*, 40 Cal. 4th 683, 717 (2007) ................................................................................... 9

*True v. Am. Honda Motor Co.*, Case No. 07-287-VAP, at 14-15, 2007 U.S. Dist. LEXIS 74885 (C.D. Cal. June 22, 2007) ..................................................................................................... 7

*Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1360 (N.D. Cal. 2007) ........................... 5

**STATUTES**

18 U.S.C. § 2702(a) ........................................................................................................................ 3

18 U.S.C. § 2711 ............................................................................................................................. 3

Cal. Bus. & Prof. Code § 17200 ..................................................................................................... 7

Cal. Civ. Code § 1751 ................................................................................................................ 5, 6

| | | |
|---|---|---|
| 1 | Cal. Civ. Code § 1783 | 5 |
| 2 | Cal. Civ. Code § 1798.81 | 8, 9 |
| 3 | Cal. Civ. Code § 1798.81.5 | 8, 9 |
| 4 | Cal. Civ. Code § 1798.84 | 6 |

**RULES**

Fed. R. Civ. P. 12(b) ................................................................................................................. 2

Plaintiff respectfully submits this Opposition to Defendant's Motion to Dismiss For Failure To State A Claim Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (Dkt.# 12).

## I. INTRODUCTION

Defendant's motion to dismiss is most telling for what it does not say. Defendant does not deny that it published to the Internet the email and email in-box of Plaintiff and other customers. Rather, Defendant argues that it cannot be held liable for its acts, primarily because of an unconscionable services agreement whereby, it alleges, Plaintiff waived each and every claim. Even if the service agreement was admissible or enforceable at this stage in the litigation (which it is not), there would still be no basis in law or fact to dismiss the Complaint. As Plaintiff has adequately alleged each of his causes of action, Defendant's motion should be denied.

## II. STATEMENT OF FACTS

For a full statement of facts, Plaintiff refers the Court to his simultaneously filed opposition to Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). In summary, while Network Solutions, L.L.C. ("Defendant" or "Network Solutions") was providing email hosting services to Plaintiff, Plaintiff learned that copies of his entire email in-box, as well as the contents of his emails, were publicly available on the Internet and locatable on Internet search engines, including Google. These emails included (without limitation) sensitive, private personal and financial information such as his physical address, telephone number(s), passwords, usernames and other information about his personal and professional life. When he wrote to inform Defendant of the situation, Defendant ignored Plaintiff's letter for two months, then blamed the problem on Google and finally (and inconsistently) said the problem had been fixed. Defendant refused to explain what the problem had been or what corrective action it had taken, or to notify those similarly situated or compensate those affected.

On or about October 5, 2007, Plaintiff filed suit in this Court. Plaintiff alleged causes of action under the California Customer Records Act, California Civil Code § 1798.80, et seq.; the Electronics Communications Privacy Act, 18 U.S.C. § 2702; the California Unfair Trade Practices Act, California Business & Professions Code § 17200 et seq.; and the California

Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq; and California common law of public disclosure of private facts and unjust enrichment.

### III. ARGUMENT

#### A. FRCP 12(b)(6) Standard Of Review

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint only if it fails to state a claim upon which relief can be granted. The question is not whether a plaintiff will prevail in the action, but whether it is entitled to offer evidence in support of its claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). District courts are obligated to accept a plaintiff's allegations as true and construe them in the light most favorable to plaintiff. *Id*. Moreover, to survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1974 (2007). Each of Plaintiff's claims well exceed this standard.

#### B. Plaintiff Adequately Pleads Each Cause Of Action

##### 1. The Electronic Communications Privacy Act.

The Electronic Communications Privacy Act ("ECPA") section 2702(a)(1) provides that "a person or entity providing electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a). The ECPA allows for a private right of action for any person aggrieved by any violation of the ECPA, *see* 18 U.S.C. § 2707, and adopts the same definitions used in the federal Wiretap Act. *See* 18 U.S.C. § 2711.

Defendant argues that Plaintiff failed to state a claim under the ECPA because he did not sufficiently plead facts to support the knowing disclosure of Plaintiff's email and email in-boxes. Defendant's argument is without merit.

In conjunction with his ECPA claim, Plaintiff pled (among other facts) the following:

> Without customers' knowledge or consent, Defendant has **knowingly** published to, and/or made these contents of these email accounts, including the text of emails and the inboxes of the email accounts, publicly available to search engines and other persons on the

> Internet. Defendant ***knowingly*** failed to install industry-standard hardware and/or software that would have prevented the release of this information. As such, the contents of these email account were and may still be available on search engines such as Google, or on internet archives or caches."
>
> As set forth herein, in violation of without limitation 18 U.S.C. § 2702(a)(1), Defendant has knowingly divulged the contents of communications by class members, including those of Plaintiff and those similarly situated, while those communications were in electronic storage in Defendant's email service.
>
> Defendant provides to the public, including Plaintiff and those similarly situated, a "remote computing service." As set forth herein, in violation of without limitation 18 U.S.C. § 2702(a)(2), Defendant has knowingly divulged the contents of communications by class members, including those of Plaintiff and those similarly situated, that were carried and/or maintained on Defendant's remote computing service.
>
> As alleged herein, in violation of without limitation 18 U.S.C. § 2702(a)(3), Defendant has also knowingly divulged to government entities records and/or other information pertaining to its customers, including Plaintiff and those similarly situated, of their electronic communications and remote computing services.

(Cmplt. ¶¶ 10, 26-28.)

Defendant argues that Plaintiff's allegations, at most, reflect "passive conduct," and that passive conduct is not "knowing or intentional." But there is nothing "passive" about "publishing," "releasing," "making available," and "knowingly divulging." (Complt. ¶¶ 1, 10-12, 26-28.) Indeed, as Plaintiff will demonstrate at trial, there is no way that Google could have gotten access to Plaintiff's emails and email in-box, *unless Defendant had affirmatively put those emails and in-box on a publicly indexed Internet server.*[1]

Defendant further argues that "it would be incongruous for Plaintiff to renew services with a company that he claims 'knowingly divulged' his emails." But it is apparent from the allegations in the Complaint that Plaintiff had *no knowledge* of Defendant's disclosure of his

---

[1] Defendant's reliance on *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638 (E.D. Va. 2004) does not help it. In *Freedman,* the plaintiff alleged that AOL had knowingly provided his private information to a police department after having received an unsigned warrant. Not only was *Freedman* decided in the context of summary judgment, but the Court rejected AOL's argument that its alleged violation of the ECPA was "unknowing" and ordered the case to proceed to trial on the issue of AOL's good faith. *Id*. at 643, 655.

Defendant's citation to *Muskovich v. Crowell,* 1996 U.S. Dist. LEXIS 22634 (D. Iowa 1996) is similarly unhelpful to Defendant. In *Muskovich*, plaintiff alleged that defendant, an MCI employee, obtained access to plaintiff's unlisted telephone number from MCI's computerized customer records. *Muskovich* was also decided in the context of a motion for summary judgment. Moreover, the court held that the alleged disclosure fell within the listed exceptions to ECPA's prohibition against disclosures. *Id*. at *13. On the basis of Plaintiff's allegations, no such exception could exist in this case.

email and his in-box when he renewed his service in October of 2006.  (Compare Cmplt. ¶ 4 with ¶ 10.)  While it is true that Plaintiff, following the filing of the Complaint, again renewed his services with Defendant; he did so based upon Network Solutions' assurance that it had "fixed" the problem and that his email was private and secure.  Plaintiff also took additional precautions by setting up another email account for sensitive email.  (*See* Plaintiff's Declaration, filed herewith.)

As set forth above, this Court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *Twombly*, 127 S. Ct. at 1964.  Finally, it should not be forgotten that the Ninth Circuit is a notice pleading jurisdiction.  Under the "notice pleading" standard embraced by Rule 8, Plaintiff merely must include "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### 2.   California Consumers Legal Remedies Act.

Defendant next claims that Plaintiff has (1) contractually waived his CLRA claims arising before October 4, 2006 and (2) waived any subsequent claims by renewing his account.  This argument is predicated on this Court taking judicial notice of the contested services agreements, which should not occur for the reasons stated in Plaintiff's Opposition to the Request for Judicial Notice, filed herewith.  Even if the service agreement is admitted, the argument fails because the waiver provisions are void as against public policy.

California Civil Code section 1751 specifically states that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751; *see also Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1360 (N.D. Cal. 2007) (finding that the CLRA contains an anti-waiver provision.)  The CLRA also specifically provides for a three year statute of limitations.  *See* Cal. Civ. Code § 1783 ("Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice.").

Aware that its waiver argument is against public policy, Defendant attempts to argue that Plaintiff cannot allege facts demonstrating liability under any of the five CLRA sections that he

pleads.[2]  Specifically, Defendant argues that each CLRA section requires a false or misleading representation or an advertisement that resulted in the sales of services.  (Mot. 10:19-20.)  Plaintiff has made sufficient allegations of misrepresentation to pursue a CLRA claim.

Plaintiff alleges that Defendant represented in it is privacy policy that it would not monitor, edit or disclose the contents of private communications with third parties. (Complt. ¶ 9.)  Plaintiff also alleges that Defendant led him and other customers to believe that their "email and email accounts will be both secure and private."  (Id. ¶ 8.)  Plaintiff further alleges that "Defendant holds itself out as one of the oldest, best and most experienced domain name registration service on the Internet.  It also claims to be expert at search engine optimization, security and privacy."  (Id. ¶ 14.)   The above constitute misrepresentations or, as Defendant puts it, "misstatements" under the CLRA, because Defendant's services were neither private nor secure.  Plaintiff further alleges that had he known that these promises were false and that his emails would be published on the Internet, he never would have subscribed to Defendant's services.  (Id. ¶ 13).[3]

Defendant finally argues that it expressly disclaimed the alleged violations of the CLRA.[4]  Specifically, it claims to have warned customers that the webmail service would be "solely at your own risk," "provided on an 'as is,' and 'as available' basis," and any warranty "that the service(s) will be…secure, or error free."  There are myriad factual disputes as to the meaning and applicability of these disclaimers.  Even if they were clear and admissible, they are not

---

[2] Defendant also argues that Plaintiff is not a consumer.  This is belied by the Complaint, which must, at this stage, be read as true.  Specifically, Plaintiff states that "Plaintiff and other Class Members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d)."  (Complt. ¶ 34.)  The fact that Plaintiff used his email account in connection with a fictitious business name (nexusholdings.com), see Plaintiff's Declaration, does not prove in the context of a motion to dismiss that he is not a "consumer" under the CLRA.

[3] Defendant states that because of its disclaimers, "no consumer opening a webmail account was led to believe that Network Solutions guaranteed his emails would be 100% secure…" (Mot. 11:17-18.)  But Plaintiff is not complaining that his emails were less than "100% secure"; he complains that Defendant knowingly published those emails and a copy of his inbox on the Internet.

[4] These provisions of the services agreement are unenforceable as they are both procedurally and substantively unconscionable.  See Plaintiff's Opposition to Defendant's 12(f) Motion to Dismiss.

relevant to any of the alleged CLRA violations. For example, Plaintiff's CLRA claim is not based on a promise that the webmail service would be "secure or error free" but rather that Defendant would refrain from publishing his email to Internet search engines. Further, certain consumer warranties, including those in the CLRA and the California Customer Records Act, may not be waived or disclaimed. *See, e.g., American Suzuki Motor Corp. v. Superior Court*, 37 Cal.App.4th 1291, 1295–1296 (1995); Cal. Civ. Code § 1751; Cal. Civ. Code § 1798.84. Finally, even if these disclaimers were relevant, the legal standard under the CLRA is whether Defendant's actions were likely to deceive the general public. *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). It is likely to deceive the public when a company holds itself out as an expert at search engine optimization, security and privacy, even if it buries a few disclaimers in 50+ page, single spaced, small font service agreement.[5] (See Defendant's RFJN Exs. 1-5.)

### 3. Business and Professions Code section 17200, et seq.

Plaintiff alleges that Defendant violated section 17200 of the California Business and Professions Code ("UCL") by engaging in unlawful, unfair and/or fraudulent business practices. In order to bring a Section 17200 claim, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004); Cal. Bus. & Prof. Code § 17200, et seq. Defendant argues that Plaintiff failed to state a claim because, pursuant to the service agreement, its misrepresentations and knowing publication of the email and email in boxes of Plaintiff, and those similarly situated, were expressly disclaimed. (Mot. 12:15-25.)

This argument is again predicated on the relevance and enforceability of the service agreement in the context of this motion. As set forth above, the service agreement is not admissible or relevant.

---

[5] Defendant also argues elsewhere, for example in its motion to strike and its motion to dismiss for improper venue, that Virginia, not California, law applies. This argument is incorrect, for the reasons stated in opposition to those motions.

Even if the service agreement were to be considered, to state a claim for unfair competition, a "plaintiff must establish that the practice is either unlawful (*i.e.*, is forbidden by law), unfair (*i.e.*, harm to victim outweighs any benefit) or fraudulent (*i.e.*, is likely to deceive members of the public)." *Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003). Plaintiff adequately alleges that Defendant's misrepresentations and unlawful publication of private email to the Internet were unlawful (*i.e.*, violated, *inter alia*, the ECPA, CLRA, Customer Records Act, and the common law), unfair (inflicted harm on Plaintiff and those similarly situated) and fraudulent (likely to deceive the general public.) (Complt. ¶¶ 45-54.)

Defendant also argues that Plaintiff failed to allege loss or injury in fact. This too is incorrect, and Defendant cites no cases to support it. Plaintiff alleges that "had Defendant's customers known that such information would be released, made publicly available and/or not secured or otherwise kept private, they never would have paid for Defendant's email services." (Complt. ¶ 13.) Such allegations are sufficient to allege loss of money or property and injury in fact under the UCL. *See, e.g., True v. Am. Honda Motor Co.*, Case No. 07-287-VAP, , 2007 U.S. Dist. LEXIS 74885, *14-15 (C.D. Cal. June 22, 2007) (denying motion to dismiss UCL and CLRA claims where plaintiff alleged that defendant's misleading advertisements were a substantial factor, if not the controlling factor, in plaintiff's decision to purchase a vehicle); *Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 U.S. Dist LEXIS 33746, *9-10 (E.D. Cal. May 8, 2007) (denying motion to dismiss UCL claim where plaintiffs alleged they would not have purchased the goods from defendants were it not for defendants' allegedly false and misleading statements).

### 4. Customer Records Act

Section 1798.81 of the California Customer Records Act obligates a business, like Defendant, to take reasonable steps to destroy or arrange for the destruction of a customer's records containing personal information that are within its custody or control by modifying the personal information in those records to render it unreadable or undecipherable by any means. *See* Cal. Civ. Code § 1798.81. California Civil Code § 1798.81.5 further requires businesses to

implement and maintain reasonable security procedures to protect the personal information of its customers. *Id.* Plaintiff alleges that Defendant's release, publication and/or failure to reasonably secure and protect personal information contained in email and email accounts of Plaintiff and those similarly situated violated Cal. Civ. Code §§ 1798.81 and 1798.81.5. (Complt.¶ 58.)

Defendant argues that the California Customer Records Act does not apply because there is no allegation that it (1) intended to "no longer retain" the information and (2) "own[ed] or license[d]" the information. Defendant also argues that Plaintiff has not alleged that Defendant disclosed "personal information" as defined by section 1798.81.5. Defendant again misses the mark.

To begin with, "own or license" is defined "to include, but is not limited to, personal information that a business retains as part of the business' internal customer account or for the purpose of using that information in transactions with the person to whom the information relates. *See* Cal. Civ. Code § 1798.81.5(a). The "personal information" at issue here was part of Plaintiff's customer email account.

Plaintiff additionally alleges that the published emails contained "personal and financial information like name, street addresses, email addresses, phone numbers, credit card numbers, birthdates, passwords, social security numbers, financial account numbers, usernames and other personal information about customers' romantic lives, financial well being, business and social plans, etc." (Complt. ¶ 11.) Defendant's publication and release of such information is a *per se* violation of this statute. *See* Cal. Civ. Code §§ 1798.81 and 1798.81.5.

Finally, whether the information that Defendant published to the Internet was "no longer to be retained" is a question of fact that cannot be resolved at the motion to dismiss stage. Should it be necessary, Plaintiff may be able to plead that some of the emails published to the Internet were emails that Plaintiff had deleted and therefore were "no longer to be retained." Plaintiff can also expressly allege that the information was "licensed" to Defendant under the statutory definition.

**5. Public Disclosure Of Private Facts**

In *Shulman v. Group W Prods.*, 18 Cal. 4th 200, 214 (1998), the California Supreme Court set forth the elements of the public-disclosure-of-private-facts tort as follows: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Id.*; *accord Taus v. Loftus*, 40 Cal. 4th 683, 717 (2007). Plaintiff adequately pled each element.[6] (Complt. ¶ 61.)

Defendant seeks to add a knowledge or reckless disregard requirement. (Mot. 14:19-20.) Even if the element is required, Plaintiff has alleged that Defendant's disclosure was "knowing, intentional and/or reckless." (Complt. ¶ 61.)

Defendant also argues that not just any facts constitute "intimate or private facts." Rather, citing an opinion from New Mexico, Defendant asserts that such facts must concern the plaintiff's sexual life or health. (Mot. 15:5-6.) There is no such requirement in California. *See, generally, Taus*, 40 Cal. 4th 683. Nor should there be. On the basis of the allegations set forth in the Complaint, a reasonable person could find that Defendant's publication of its customers' emails and email in boxes to be offensive and/or objectionable.

### 6. Unjust Enrichment

Under California law, an unjust enrichment claim is based on equitable principles of restitution. *See Hirsch v. Bank of Am.*, 107 Cal.App.4th 708, 721 (2003). The obligation to make restitution arises when one has been unjustly enriched at the expense of another. *Id.* "A person is enriched if he or she receives a benefit at another's expense. The term 'benefit' connotes *any* type of advantage." *Id.* at 722 (emphasis in original).

Here, Plaintiff pled that "Defendant benefited from the unlawful acts set forth in this Class Action Complaint through the receipts of payments for Internet services, including web based email accounts, from Plaintiff and those similarly situated. It would be inequitable for Defendant to be permitted to retain the benefit of such fees and payments because Plaintiff and those similarly situated would not have paid for such services had they known that Defendant would publish, make available for publication and/or not adequately protect and secure its

---

[6] Plaintiff pled the element of "not of legitimate public concern" by stating that the publicly disclosed information was not newsworthy. (Complt. ¶ 61.)

customers' email accounts."  (Complt. ¶ 65.)  Such allegations are sufficient to state a cause of action for unjust enrichment.  *See Dinosaur Dev. Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1999) (citation omitted) (holding that is, in fact, no particular form of pleading necessary to invoke the doctrine of unjust enrichment or restitution.)

### C.  Leave To Amend Should Be Granted.

Should this Court grant any or all of Defendant's motion to dismiss, the Court should grant leave to amend.  *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (when a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.")  Indeed, leave to amend is only properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV. CONCLUSION

Defendant's Rule 12(b)(6) motion to dismiss should be denied.  In the alternative, Plaintiff should be granted leave to amend.

Dated: December 14, 2007                                             Respectfully Submitted,

**GUTRIDE SAFIER REESE LLP**

By:_____
Adam J. Gutride
Seth A. Safier
835 Douglas Street
San Francisco, CA 94114
Telephone:  (415) 271-6469
Facsimile:   (415) 449-6469