GUTRIDE SAFIER REESE LLP
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC<br>Defendant. | Case No. 07-5115 JSW<br><br>[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)<br><br>JUDGE: Hon. Jeffery S. White<br>DATE: Jan. 25, 2008<br>TIME: 9:00 am<br>CTRM: 2 |

Defendant has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (Dkt.# 12).  Plaintiff opposes the motion.  For GOOD CAUSE SHOWN, the motion is DENIED.

According to the Complaint, while Defendant was providing email hosting services to Plaintiff, Plaintiff learned that copies of his entire email in-box, as well as the contents of his emails, were publicly available on the Internet and locatable on Internet search engines, including Google.  These emails included sensitive, private personal and financial information such as his physical address, telephone number(s), passwords, usernames and other information about his personal and professional life.  On or about October 5, 2007, Plaintiff filed this suit.

Plaintiff alleges causes of action under the California Customer Records Act, California Civil Code § 1798.80, et seq.; the Electronics Communications Privacy Act, 18 U.S.C. § 2702; the California Unfair Trade Practices Act, California Business & Professions Code § 17200 et seq.; and the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq; and California common law of public disclosure of private facts and unjust enrichment.

Under Federal Rule of Civil Procedure Rule 12(b)(6), a district court may dismiss a complaint only if it fails to state a claim upon which relief can be granted.  The question is not whether a plaintiff will prevail in the action, but whether it is entitled to offer evidence in support of its claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984).  District courts are obligated to accept a plaintiff's allegations as true and construe them in the light most favorable to plaintiff.  *Id*.  Moreover, to survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1974 (2007).  Each of Plaintiff's claims meet this standard.

### 1. The Electronic Communications Privacy Act.

The Electronic Communications Privacy Act ("ECPA") provides that "a person or entity providing electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18

U.S.C. § 2702(a). The ECPA allows for a private right of action for any person aggrieved by any violation. *See* 18 U.S.C. § 2707.

Defendant argues that Plaintiff failed to state a claim under the EPCA because he did not sufficiently plead facts to support the knowing disclosure of Plaintiff's email and email in-boxes. Defendant further argues that Plaintiff's allegations, at most, reflect "passive conduct," and that passive conduct is not "knowing or intentional." But the Complaint sufficiently alleges that Defendant engaged in affirmative actions, including "publishing," "releasing," "making available," and "knowingly divulging" personal, private email. (Complt. ¶¶ 1, 10-12, 26-28.).

**2.   California Consumers Legal Remedies Act.**

Defendant next claims that Plaintiff has (1) contractually waived his CLRA claims arising before October 4, 2006 and (2) waived any subsequent claims by renewing his account. This argument is predicated on this Court taking judicial notice of the contested service agreements, which the Court has declined to do. Even if the service agreements were admitted, the Court would hold that the waiver provisions are void as against public policy, for the reasons stated in its Order Denying Defendant's Motion to Strike Under Federal Rule of Civil Procedure 12(f).

The Court also rejects, at this stage, Defendant's argument that the Plaintiff will be unable to prove violations of the CLRA. The Court must take as true Plaintiff's allegation that he is a "consumer" under the CLRA. Plaintiff alleges violations of the CLRA in that Defendant represented that it would not disclose the contents of private communications, that his "email and email accounts will be both secure and private" and that it was "an expert at search engine optimization, security and privacy." (Id. ¶¶ 8, 9, 14.) He also alleges that had he known that these promises were false and that his emails would be published on the Internet, he never would have subscribed to Defendant's services. (Id. ¶ 13). Defendant argues that these alleged misrepresentations were negated by statements in the service agreements that the service would be "solely at your own risk," "provided on an 'as is,' and 'as available' basis," and without warranty "that the service(s) will be…secure, or error free." The Court cannot resolve on a motion to dismiss whether, for example, these disclaimers were sufficiently conspicuous that a

reasonable consumer would not have been misled by the alleged misrepresentations.

### 3. Business and Professions Code section 17200, et seq.

Under California Business and Professions Code section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004); Cal. Bus. & Prof. Code § 17200. To state a claim for unfair competition, a "plaintiff must establish that the practice is either unlawful (*i.e.*, is forbidden by law), unfair (*i.e.*, harm to victim outweighs any benefit) or fraudulent (*i.e.*, is likely to deceive members of the public)." *Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003).

Defendant argues that Plaintiff failed to state a claim because of the disclaimers in the service agreement. This argument must be rejected because the Court has declined to take judicial notice of the service agreement and because, in any event, the existence of disclaimers again raises the same issues of fact as on the CLRA claim. Plaintiff adequately alleges that Defendant's misrepresentations and unlawful publication of private email to the Internet were unlawful (*i.e.*, violated, *inter alia*, the ECPA, CLRA, Customer Records Act, and the common law), unfair (inflicted harm on Plaintiff and those similarly situated) and fraudulent (likely to deceive the general public.) (Complt. ¶¶ 45-54.)

Defendant also argues that Plaintiff failed to allege loss or injury in fact. This is incorrect. Plaintiff alleges that "had Defendant's customers known that such information would be released, made publicly available and/or not secured or otherwise kept private, they never would have paid for Defendant's email services." (Complt. ¶ 13.) Such allegations are sufficient to allege loss of money or property and injury in fact under the UCL. *See, e.g., True v. Am. Honda Motor Co.*, Case No. 07-287-VAP, , 2007 U.S. Dist. LEXIS 74885, *14-15 (C.D. Cal. June 22, 2007) (denying motion to dismiss UCL and CLRA claims where plaintiff alleged that defendant's misleading advertisements were a substantial factor, if not the controlling factor, in plaintiff's decision to purchase a vehicle); *Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 U.S. Dist LEXIS 33746, *9-10 (E.D. Cal. May 8, 2007) (denying motion to dismiss UCL claim where plaintiffs alleged they would not have purchased the goods

from defendants were it not for defendants' allegedly false and misleading statements).

### 4. Customer Records Act

Section 1798.81 of the California Customer Records Act obligates a business, like Defendant, to take reasonable steps to destroy or arrange for the destruction of a customer's records containing personal information that are within its custody or control by modifying the personal information in those records to render it unreadable or undecipherable by any means. *See* Cal. Civ. Code § 1798.81.  Section 1798.81.5 of the Act further requires businesses to implement and maintain reasonable security procedures to protect the personal information of its customers. *See id.* § 1798.81.5.  Defendant argues that section 1798.81 does not apply because there is no allegation that it intended to "no longer retain" the information. Id. § 1798.81.  It further contends that section 1798.81.5 does not apply because there is no allegation that it "own[ed] or license[d]" the information, or that it disclosed "personal information."

Starting with section 1798.81.5, the email information was "owned or licensed" to Defendant within the meaning of the statute, which explains that that phrase "is intended to included, but is not limited to, personal information that a business retains as part of the business' internal customer account or for the purpose of using that information in transactions with the person to whom the information relates." *See* Cal. Civ. Code § 1798.81.5. Furthermore, according to the Complaint, the emails contained "personal and financial information like name, street addresses, email addresses, phone numbers, credit card numbers, birthdates, passwords, social security numbers, financial account numbers, usernames and other personal information about customers' romantic lives, financial well being, business and social plans, etc." (Complt. ¶ 11.)

With respect to section 1798.81, the Complaint does not allege that Defendant intended to "no longer retain" the information.  This omission does not require dismissal of the Customer Records Act claim, however, because the claim can be based on a violation of *either* section 1798.81 or 1798.81.5.  *See* Cal. Civ. Code 1798.84 (b).  Plaintiff also states in his opposition that he "may be able to plead that some of the emails published to the Internet were emails that Plaintiff had deleted and therefore were 'no longer to be retained.'"  Plaintiff is GRANTED

LEAVE TO AMEND to further plead the claim under section 1798.81.

### 5. Public Disclosure Of Private Facts

The tort of public-disclosure-of-private-facts tort requires: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W Prods.*, 18 Cal. 4th 200, 214 (1998); *accord Taus v. Loftus*, 40 Cal. 4th 683, 717 (2007). Plaintiff adequately pled each element and also pled that the disclosure was knowing or intentional. (Complt. ¶ 61.) There is no requirement that the "intimate or private facts" concern the plaintiff's sexual life or health.

### 6. Unjust Enrichment

Under California law, an unjust enrichment claim is based on equitable principles of restitution. *See Hirsch v. Bank of Am.*, 107 Cal.App.4th 708, 721 (2003). The obligation to make restitution arises when one has been unjustly enriched at the expense of another. *Id*. "A person is enriched if he or she receives a benefit at another's expense. The term 'benefit' connotes *any* type of advantage." *Id*. at 722 (emphasis in original).

Here, Plaintiff pled that "Defendant benefited from the unlawful acts set forth in this Class Action Complaint through the receipts of payments for Internet services, including web based email accounts, from Plaintiff and those similarly situated. It would be inequitable for Defendant to be permitted to retain the benefit of such fees and payments because Plaintiff and those similarly situated would not have paid for such services had they known that Defendant would publish, make available for publication and/or not adequately protect and secure its customers' email accounts." (Complt. ¶ 65.) Such allegations are sufficient to state a cause of action for unjust enrichment. *See Dinosaur Dev. Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1999) (no particular form of pleading is necessary to invoke the doctrine of unjust enrichment or restitution.)

**Leave To Amend.**

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

*Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Accordingly, LEAVE TO AMEND is granted.

    IT IS SO ORDERED

    Dated:

                                                                                                                 _____
                                                                                                             Jeffrey S. White
                                                                                                             United States District Judge