1    **GUTRIDE SAFIER REESE LLP**
Adam J. Gutride (Cal. State Bar No.181466)
2    Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
3    San Francisco, California 94114
Telephone: (415) 271-6469
4    Facsimile: (415) 449-6469

5    **Counsel for Plaintiff**

6

7                        UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                        SAN FRANCISCO DIVISION

10

11   DOE, Individually And On Behalf Of All Others        ) Case No. 07-5115 JSW
     Similarly Situated,                                  )
                                                          )
12                              Plaintiff,                ) PLAINTIFF'S OPPOSITION TO
                                                          ) DEFENDANT'S MOTION TO STRIKE
13          vs.                                           ) UNDER FEDERAL RULE OF CIVIL
                                                          ) PROCEDURE 12(f)
14   NETWORK SOLUTIONS, LLC                               )
                                Defendant                 ) JUDGE: Hon. Jeffery S. White
15                                                        ) DATE: Jan. 25, 2008
                                                          ) TIME: 9:00 am
16                                                        ) CTRM: 2
                                                          )
17                                                        )
                                                          )
18                                                        )

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................1

II.     STATEMENT OF FACTS .................................................................................1

III.    ARGUMENT .......................................................................................................1

        A.      FRCP 12(f) Standard Of Review .....................................................3

        B.      The Governing Law Provision ........................................................4

                1.      California Law Is Applicable...................................................4

                        a)      Virginia Law Is Contrary To The Fundamental Policy
                                Of California...................................................................5

                        b)      California Has A Materially Greater Interest In This
                                Litigation........................................................................6

                2.      Plaintiff Did Not Waive His Right To Trial By Jury .............7

        C.      This Court Should Hold Unenforceable The Exclusive Remedy; Time
                Limitation On Filing Any Claim Provision Of The Service Agreement
                Because It is Unconscionable. ..........................................................8

                1.      The Exclusive Remedy Clause Is Procedurally Unconscionable...........9

                2.      The Exclusive Remedy Clause Is Substantively
                        Unconscionable............................................................................9

IV.     CONCLUSION ....................................................................................................10

1

# TABLE OF AUTHORITIES

2

**CASES**

3

*A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 491 (1982)............................................ 9

4

*ABF Capital Corp. v. Grove Properties*, 126 Cal. App. 4th 204, 215 (2005) ............................... 4

5

*America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 16 (2001).................................... 5, 6

6

*Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 903 (1998) ..................... 6

7

*Aral v. Earthlink, Inc.*, 134 Cal. App. 4th 544, 565 (Cal. Ct. App. 2005)................................... 7

8

*Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000)......................... 9

9

*California Grocers Ass'n. v. Bank of America*, 22 Cal. App. 4th 205, 214 (1994)...................... 9

10

*Corbett v. Superior Court*, 101 Cal. App. 4th 649, 670-72 (2002)............................................ 5, 6

11

*Davison v. Hartford Life & Accident Ins. Co*., 2005 U.S. Dist. LEXIS 40711 (N.D. Cal. 2005) .. 8

12

*Discover Bank v. Superior Court*, 36 Cal. 4th 148, 160-61 (2005) ............................................ 6

13

*Douglas v. United States Dist. Court*, 495 F.3d 1062, 1066 (9th Cir. 2007)................................. 1

14

*Han v. Mobil Oil Corp*., 73 F.3d 872, 877 (9th Cir. 1995)....................................................... 10

15

*Hanna v. Lane*, 610 F. Supp. 32, 34 (N.D. Ill. 1985) ....................................................... 3

16

*Huntington Mem'l Hosp. v. Superior Court*, 131 Cal App. 4th 893 (2005) ............................ 5, 6

17

*Ingle v. Circuit City Stores, Inc*., 328 F.3d 1165, 1176 (9th Cir. 2003) ..................................... 10

18

*Kinney v. United Healthcare Servs*., 83 Cal. Rptr. 2d 348, 353 (1999).................................... 9

19

*Klaxon Co. v. Stentor Elec. Manufacturing Co., Inc.*, 313 U.S. 487, 496 (1941) ........................ 4

20

*Lindblom v. Secretary of Army*, 2007 WL 12378019 (E.D. Cal. 2007)....................................... 8

21

*MZ Ventures, L.L.C. v. Mitsubishi Motor Sales of Am., Inc.*, 1999 U.S. Dist. LEXIS 14421, 50-45
    (C.D. Cal. 1999)................................................................................................................. 7

22

*Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1285-87 (9th Cir. 2006) ..................................... 6

23

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992)................................... 4, 5

24

*Olsen v. Breeze, Inc.*, 48 Cal.App.4th 608, 621 (1996) .................................................... 9

25

*Packagenet Inc. v. Neopost, Inc.*, 2005 WL 146894 (N.D. Cal. 2005)........................................ 8

26

*Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1101 (2002) ............................................ 10

27

*Ting v. AT&T, 319 F.3d 1126, 1152* (9th Cir. 2003) .................................................... 6, 8, 9, 10

28

*United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) .................................................................................................................... 7

*Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007).................................. 5, 6

**STATUTES**

Cal Civ Code § 1668 ...................................................................................................... 9

Cal. Bus. & Prof. Code § 17208. ...................................................................................... 10

Cal. Civ. Code § 1751 ............................................................................................. 5, 10

Cal. Civ. Code § 1798.84 ......................................................................................... 5, 10

Va. Code § 59.1-205 ...................................................................................................... 6

**OTHER AUTHORITIES**

Restatement (2d) Conflict of Laws, § 187 ............................................................................ 5

**RULES**

Rule 12(f) .................................................................................................................... 3

**TREATISES**

5 Wright & Miller, Federal Practice and Procedure ............................................................. 3, 7

Plaintiff respectfully submits this Opposition to Defendant's Motion to Strike Under Federal Rule of Civil Procedure 12(f) (Dkt.# 14).

## I.  INTRODUCTION

Defendant asks this Court to take judicial notice of a service agreement and, in the context of motion to strike, enforce its draconian terms.  Defendant's motion must be denied, however, because the service agreement is not judicially noticeable and, in any event, is unenforceable as contrary to public policy.  For example, the governing law and exclusive remedy provision force customers to waiver a plethora of rights, including rights that are expressly not waivable.

## II.  STATEMENT OF FACTS

A full statement of the underlying facts giving rise to this litigation is provided in Plaintiff's opposition to Defendant's motion to dismiss under Rule 12(b)(1).  In summary, Plaintiff registered his domain name in October 2003 and renewed the registration each year. Plaintiff registered the account from his apartment in San Francisco.  (Plaintiff Decl. ¶ 3.)  He has never been to Virginia, with the possible exception of a stopover at Dulles Airport.  (Id. ¶ 1.) In registering the domain he did not see or read the service agreement.  (Id. ¶¶ 6-8.)  The agreement was not displayed to him.  (Id.)  Nor did he see or read the governing law provision of the service agreement.  Had the agreement been displayed, it would have taken up more than 50 pages, single spaced, in small point type.  (Defendant's RFJN Exs. 1-5.)  The parties did not negotiate, but rather it was a "take if or leave it" proposition.  (Plaintiff Decl. ¶ 4.) The entire transaction took Plaintiff less than 10 minutes.  (Id. ¶ 3.)

## III. ARGUMENT

By way of its motion to strike, Defendant seeks to enforce select provisions of its services agreement.[1]  Specifically, Defendant seeks to enforce the following provisions:

---

[1] Plaintiff does not agree that these terms are applicable.  Indeed, Defendant fails to establish that Plaintiff entered into any service agreement.  Even if he did click a box and agree to a service agreement, Defendant has not (and cannot) establish the contents of the service agreement that he entered into.  Moreover, parties to a contract have no obligation to check the terms on a periodic basis to learn whether they have been changed by the other side.  *See Douglas v. United States Dist. Court*, 495 F.3d 1062, 1066 (9th Cir. 2007).

**GOVERNING LAW**. (a) You and Network Solutions agree that this Agreement and any disputes hereunder shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflicts of laws rule.  You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District Court of Virginia, Alexandria Division for any disputes between you and Network Solutions under, arising out of, or related in any way to this Agreement (whether or not such disputes also involve other parties in addition to your and Network Solutions.)  If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, for any such disputes, you and we agree that exclusive jurisdiction and venue shall be in the court of Fairfax Country, Fairfax Virginia.

(b)  Reserved

(c)  The parties hereby waive any right to jury trial with respect to any action brought in connection with this Agreement.

**EXCLUSIVE REMEDY; TIME LIMITATION ON FILING ANY CLAIM**. EXCLUSIVE REMEDY; TIME LIMITATION ON FILING ANY CLAIM. YOU AGREE THAT OUR ENTIRE LIABILITY, AND YOUR EXCLUSIVE REMEDY, IN LAW, IN EQUITY, OR OTHERWISE, WITH RESPECT TO ANY NETWORK SOLUTIONS SERVICE(S) PROVIDED UNDER THIS AGREEMENT AND/OR FOR ANY BREACH OF THIS AGREEMENT IS SOLELY LIMITED TO THE AMOUNT YOU PAID FOR SUCH SERVICE(S) DURING THE TERM OF THIS AGREEMENT. IN NO EVENT SHALL NETWORK SOLUTIONS, ITS LICENSORS AND CONTRACTORS (INCLUDING, BUT NOT LIMITED TO, THIRD PARTIES PROVIDING SERVICES AS PART OF THE SUBSCRIPTION SERVICE FOR WEBSITES FROM NETWORK SOLUTIONS) BE LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES EVEN IF NETWORK SOLUTIONS HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. TO THE EXTENT THAT A STATE DOES NOT PERMIT THE EXCLUSION OR LIMITATION OF LIABILITY AS SET FORTH HEREIN NETWORK SOLUTIONS'S LIABILITY IS LIMITED TO THE EXTENT PERMITTED BY LAW IN SUCH STATES. Network Solutions and its licensors and contractors disclaim any and all loss or liability resulting from, but not limited to: (1) loss or liability resulting from access delays or access interruptions; (2) loss or liability resulting from data non-delivery or data mis-delivery; (3) loss or liability resulting from acts of god; (4) loss or liability resulting from the unauthorized use or misuse of your account number, password or security authentication option; (5) loss or liability resulting from errors, omissions, or misstatements in any and all information or service(s) provided under this agreement; (6) loss or liability relating to the deletion of or failure to store e-mail messages; (7) loss or liability resulting from the development or interruption of your web site or your Network Solutions web site; (8) loss or liability from your inability to use our e-mail service, web site manager service or any component of the subscription service (for websites from Network Solutions); (9) loss or liability that you may incur in connection with our processing of your application for our services, our processing of any authorized modification to your domain name record or your agent's failure to pay any fees, including the initial registration fee or re-registration fee; (10) loss or liability as a result of the application of our dispute policy; or (11) loss or liability relating to limitations, incompatibilities, defects, or other problems inherent in xml, xkms, or any other standard not under Network Solutions sole control. YOU AGREE THAT REGARDLESS OF ANY STATUTE OR LAW TO THE CONTRARY, ANY CLAIM OR CAUSE OF ACTION ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY OF

OUR SERVICES MUST BE FILED WITHIN ONE (1) YEAR AFTER SUCH CLAIM OR CAUSE OF ACTION AROSE OR SUCH CLAIM SHALL BE FOREVER BARRED.[2]

On the basis of the foregoing service agreement provisions, Defendant asks this Court to strike the following from Plaintiff's Complaint:

- Plaintiff's jury demand; and

- All claims for compensatory, punitive, statutory and other damages.

Defendant also requests that this Court impose, on Plaintiff, and those similarly situated, a one-year statute of limitations on each of his claims.  Each of Defendant's requests should be rejected.

**A.  FRCP 12(f) Standard Of Review**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Wright & Miller, Federal Practice and Procedure § 1382, at 706-707.

Motions to strike portions of a complaint are generally viewed with disfavor, and will usually be denied unless the allegations in the complaint have no possible relation to the controversy, and may cause prejudice to one of the parties.  *See* 5 Wright & Miller, Federal Practice and Procedure § 1380; *see also Hanna v. Lane*, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits.   *See* 5 Wright & Miller, supra, at § 1380.

In this instance, each of Defendant's requests to strike are predicated on an unenforceable, inadmissible agreement.  They each also raise issues of fact and law.  Defendant's motion to dismiss should be denied.

---

[2] As Defendant selectively edits this clause, Plaintiff includes the full version of the clause that existed, as of December 14, 2007, on Defendant's website.  (*See* http://www.networksolutions.com/legal/static-service-agreement.jsp)

**B.  The Governing Law Provision**

**1.  California Law Is Applicable.**

As explained in detail in his oppositions to Defendant's Request For Judicial Notice and Defendant's Motion to Dismiss or Transfer, this Court may not take judicial notice of the service agreement.  Plaintiff does not here repeat his arguments but rather incorporates them by reference.  Even if this Court elects to take notice of the service agreement, it must refuse to enforce the provisions upon which Defendant relies, because they contravene California public policy.

Because this court is sitting in a diversity action, it must apply the choice-of-law rules of California, the forum state.  *See Klaxon Co. v. Stentor Elec. Manufacturing Co., Inc.*, 313 U.S. 487, 496 (1941).  California courts apply a governmental interest approach.  *See ABF Capital Corp. v. Grove Properties*, 126 Cal. App. 4th 204, 215 (2005).  When there is a valid, bargained-for choice-of-law provision in a contract,[3] California courts apply the approach outlined in the Restatement Second of Conflict of Laws §187.  *See, e.g., Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992).

Section 187 provides, in pertinent part, the following:

The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction an there is no other reasonable basis for the parties' choice, or

(b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of Section 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Rest.2d Conf. of Laws, § 187.  Here, Plaintiff does not dispute that Virginia has a substantial relationship to the parties because Defendant is domiciled there.  *See Nedlloyd*, 3 Cal. 4th at 465-66.  But because the application of Virginia law would be contrary to a fundamental policy of

---

[3] Plaintiff disagrees that the clause is valid.  Indeed, Plaintiff asserts that the service agreement is a contract of adhesion and unenforceable.  *See* Opposition to Defendant's 12(b)(3) motion to dismiss at footnote 5; *see also infra*.

1  California, and because California has a materially greater interest than Virginia in the

2  determination of this case, the governing law clause may not be enforced.

3                    a)  **Virginia Law Is Contrary To The Fundamental Policy Of**
                          **California**.

4

5         Enforcing the governing law provision would be contrary to a fundamental policy of the

6  state of California.  If Virginia law were applied to this action, it would effectively serve as a

7  contractual waiver of certain California consumer protections.  *See America Online, Inc. v.*

8  *Superior Court*, 90 Cal. App. 4th 1, 16 (2001).  Were Virginia law applicable, for example, it

9  would eliminate Plaintiff's CLRA, UCL, and Customer Records Act claims.  The CLRA,

10 however, contains an anti-waiver provision that states that "[a]ny waiver by a consumer of the

11 provisions of this title is contrary to public policy and shall be unenforceable and void."  Cal. Civ.

12 Code § 1751.  Similarly, the Customer Records Act provides that "any waiver of a provision of

13 this title is contrary to public policy and is void and unenforceable."  Cal. Civ. Code § 1798.84.

14 An attempt to waive these provisions violates California's public policy.  *See, e.g., Van Slyke v.*

15 *Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007); *see also Corbett v. Superior Court*,

16 101 Cal. App. 4th 649, 670-72 (2002); *Huntington Mem'l Hosp. v. Superior Court*, 131 Cal App.

17 4th 893 (2005).

18        Enforcing the Virginia choice-of-law provision also could effectively eliminate Plaintiff's

19 ability to pursue a class action, particularly if the case must proceed in Virginia state court.  *See*

20 *AOL*, 90 Cal. App. 4th at 15-16 (explaining that Virginia's failure to permit class actions violates

21 California public policy and makes a Virginia choice of forum unenforceable).  Plaintiff would

22 have to individually litigate his claim in a distant forum, the effective death knell for any

23 consumer claim.  *Id.*  California courts have routinely found class-action waivers in adhesion

24 contracts with companies unconscionable.  *See, e.g., Discover Bank v. Superior Court*, 36 Cal.

25 4th 148, 160-61 (2005).

26        Indeed, the Ninth Circuit has applied California public policy to deem unenforceable

27 contracts that would have the *effect* of waiving class actions, even if those contracts do not

28 expressly waive such actions.  For example, in *Ting v. AT&T, 319 F.3d 1126, 1152* (9th Cir.

2003), where plaintiffs had brought claims under the CLRA, the Ninth Circuit held that an arbitration provision in a long-distance service contract was unconscionable because it would effectively foreclose plaintiffs from vindicating class action rights under California law. Similarly, in *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1285-87 (9th Cir. 2006), an arbitration clause in a franchise agreement was held unconscionable under California contract law.

Virginia consumer protection laws generally do not allow for class actions. *See AOL*, 90 Cal. App. 4th at 17; *see also* Va. Code § 59.1-205. Class-action remedies, however, are readily available and even favored under California's unfair competition law.[4] *See Corbett*, 101 Cal. App. 4th at 670-72; *see also Huntington Mem'l Hosp.*, 131 Cal App. 4th 893. There is accordingly a real risk that a California fundamental public policy in favor of class actions would be harmed by applying Virginia law. *See Van Slyke*, 503 F. Supp. 2d 1353; *Van Slyke*, 503 F. Supp. 2d at 1368 (California has a strong public policy favoring consumer remedies, particularly in the class action setting).

### b)  California Has A Materially Greater Interest In This Litigation.

In determining which state has a greater interest, courts should consider factors such as "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." *Application Group, Inc. v. Hunter Group, Inc*., 61 Cal. App. 4th 881, 903 (1998). Here the contract was entered into in California. (Plaintiff Decl. ¶ 3.) There was no negotiation. (Id. ¶ 4.) The Plaintiff resides in California and Defendant is a Delaware LLC but has its place of business in Virginia. Each of the above-factors tip in favor of California maintaining a materially great interest in this litigation.

Finally, California has been held to "no doubt" have a "materially greater interest" where a choice of law provision would force "consumers to travel to a far location and depriving them

---

[4] Moreover, Defendant's demand for a one year statute of limitation and jury waiver similarly violate California public policy. *See infra*.

1   of any hope of class litigation would pose an insurmountable barrier to recovery of small sums

2   unjustly obtained, and undermine the protections of the UCL." *See Aral v. Earthlink, Inc.*, 134

3   Cal. App. 4th 544, 565 (Cal. Ct. App. 2005), *citing* Rest.2d Conf. of Laws, § 187, subd. (2).

### 2. Plaintiff Did Not Waive His Right To Trial By Jury

5        The right to a jury trial in federal court is governed by federal law. *See Telum, Inc. v.*

6   *E.F. Hutton Credit Corp*., 859 F.2d 835, 837 (10th Cir. 1988).  Although the Constitution

7   protects the right to jury trial, a party may waive that right .  *See* Fed. R. Civ. P. 38 (party failing

8   to timely demand jury trial waives right).  A contractual agreement, for example, can operate to

9   waive the right to jury trial.  *See* 5 Wright & Miller at § 2321.  But such agreements are strictly

10  and narrowly construed.  *See, e.g., Paracor Fin., Inc. v. General Elec. Cap. Corp*., 79 F.3d 878

11  (9th Cir. 1996).  Indeed, courts "must indulge every reasonable presumption against the waiver

12  of the jury trial." *United States v. California Mobile Home Park Management Co*., 107 F.3d

13  1374, 1378 (9th Cir. 1997).

14       The factors courts use to consider contractual jury-trial waivers are as follows: (1) the

15  relative bargaining power of the parties; (2) the extent to which the party opposing the waiver

16  understood that provision; (3) the extent to which the provision was negotiated; and (4) the

17  conspicuousness of the provision.  *See, e.g., id*.; *MZ Ventures, L.L.C. v. Mitsubishi Motor Sales*

18  *of Am., Inc.*, 1999 U.S. Dist. LEXIS 14421, 50-45 (C.D. Cal. 1999).  Courts place the burden of

19  establishing these factors on the party seeking to enforce a waiver provision.  *See id*.

20       In this instance, Plaintiff had no bargaining power regarding the purported waiver.

21  Plaintiff did not understand that he was waiving his right to a trial by jury.  (Id. ¶¶ 4-8.)  Indeed,

22  the provision was buried deep in a 50+ page service agreement that was never presented to him

23  but was only accessible by way of a hyperlink.  (Id. ¶¶ 6-8; Defendant's RFJN Exs. 1-5.)  The

24  parties did not negotiate about a jury trial, or for that mater, any other provision of the alleged

25  agreement.  (Plaintiff Decl. ¶ 4.)  It was, and is, a "take it or leave it" agreement.[5]

---

[5] Plaintiff asserts a cause of action under the CLRA.  Plaintiff's CLRA claim, including the
concomitant right to a trial by jury of that claim, is expressly not waivable.  Plaintiff additionally
asserts a cause of action under Cal. Civ. Code § 1798.84 (California Customer Records Act); it
too, including the right to a jury trial, may not be waived.

1    Defendant offers no argument to contradict the above facts. Rather, Defendant merely

2    cites three cases in support of its request that this Court strike Plaintiff's jury demand. None of

3    the cases concerned analogous facts or, for that matter, any of the same causes of action for

4    which Plaintiff requests a jury. *See Lindblom v. Secretary of Army*, 2007 WL 12378019 (E.D.

5    Cal. 2007) (no jury under the Age Discrimination in Employment Act); *Davison v. Hartford Life*

6    *& Accident Ins. Co*., 2005 U.S. Dist. LEXIS 40711 (N.D. Cal. 2005) (ERISA claims);

7    *Packagenet Inc. v. Neopost, Inc*., 2005 WL 146894 (N.D. Cal. 2005) (shareholder suit found to

8    be equitable under California law). Indeed, in each the jury request was deemed waived because

9    the particular statute did not provide for trial by jury. Here, the statutes at issue indisputably

10    provide a right to jury trial. Accordingly, no waiver occurred.

11    **C.  This Court Should Hold Unenforceable The Exclusive Remedy; Time Limitation
     On Filing Any Claim Provision Of The Service Agreement Because It is
12    Unconscionable.**

13    Defendant next argues that Plaintiff's damage claim should be stricken and a one year

14    statute of limitations imposed. Defendant specifically argues that the "Exclusive Remedy; Time

15    Limitation on Filing Any Claim" ("Exclusive Remedy") clause in the service agreement should

16    be enforced and each of the remedies provided by the State and Federal statutes be deemed

17    waived by Plaintiff and those similarly situated. Defendant's argument must be rejected because

18    the clause is unconscionable.

19    To be unenforceable on grounds of unconscionability, a contract or clause must be both

20    procedurally and substantively unconscionable, but not necessarily in the same degree. *See Ting*,

21    319 F.3d at 1148. Instead, courts apply a sliding scale: "[T]he more substantively oppressive the

22    contract term, the less evidence of procedural unconscionability is required to come to the

23    conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health*

24    *Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000).[6] In this instance, the "Exclusive Remedy"

25    provision is both substantively and procedurally unconscionable.

26    _____

27    [6] The entire clause is also void under California Civil Code § 1668. *See* Cal Civ Code § 1668
     ("all contracts which have for their object, directly or indirectly, to exempt anyone from
     responsibility for his own fraud, or willful injury to the person or property of another, or
28    violation of law, whether willful or negligent, are against the policy of the law.")

### 1. The Exclusive Remedy Clause Is Procedurally Unconscionable.

Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time. *See A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 491 (1982). "The procedural element focuses on two factors: oppression and surprise. Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice … . Surprise involves the extent to which the terms of the bargain are hidden in a "prolix printed form" drafted by a party in a superior bargaining position.'" *Olsen v. Breeze, Inc.*, 48 Cal.App.4th 608, 621 (1996); *California Grocers Ass'n. v. Bank of America*, 22 Cal. App. 4th 205, 214 (1994); *A & M Produce Co.*, 135 Cal.App.3d. at 486.

In this instance, oppression and surprise are manifest. There exists unequal bargaining power. Additionally, the clause which Defendant seeks to enforce is buried in 50+ pages of legalese. (Defendant's RFJN Exs. 1-5.) It is never presented to a customer unless they click a hypertext link, which Plaintiff did not do. (Plaintiff Decl. ¶¶ 6-8.)

### 2. The Exclusive Remedy Clause Is Substantively Unconscionable.

Substantive unconscionability focuses "on overly harsh or one-sided results," *Armendariz*, 6 P.3d at 690, and specifically on whether "the terms of the agreement . . . are so one-sided as to shock the conscience." *Kinney v. United Healthcare Servs.*, 83 Cal. Rptr. 2d 348, 353 (1999). At least a "modicum of bilaterality" is required. *Armendariz*, 6 P.3d at 690. California courts also "look beyond facial neutrality and examine the actual effects of the challenged provision." *Ting*, 319 F.3d at 1149.

In this instance, the "Exclusive Remedy" has not even a "modicum" of bilaterality . In it customers purportedly agree to a drastic limitation of liability as it concerns Network Solutions. Network Solutions, on the other hand, is not so limited. Network Solutions similarly disclaims all liability for virtually every occurrence that its attorneys could dream of. Customers have no such luxury. Finally, customers purportedly agree to a one year statute of limitations. Network Solutions, of course, is not so limited.

Even were there bilaterality, waivers of rights and remedies such as are provided in the Exclusive Remedy clause have been held substantively unconscionable. For example, granting to Network Solutions a unilateral "get out of jail free" card on any liability or damages while compromising important consumer rights violates public policy. *See Discover Bank*, 36 Cal. 4th at 160 *citing Szetela v. Discover Ban*k, 97 Cal. App. 4th 1094, 1101 (2002); *see also Ting ,*319 F.3d at 1151 (concluding class action waivers in CLRA claim violated California law, relying in part on *Szetela*); *Ingle v. Circuit City Stores, Inc*., 328 F.3d 1165, 1176 (9th Cir. 2003); *see also* Cal. Civ. Code § 1751 (CLRA may not be waived); Cal. Civ. Code § 1798.84 (California Customer Records Act may not be waived). Similarly, the unilateral one year limitation for consumer claims should be held unconscionable because it violates, at a minimum, the non-waivable terms set forth in the CLRA and UCL. *See Han v. Mobil Oil Corp*., 73 F.3d 872, 877 (9th Cir. 1995) ("California permits contracting parties to agree upon a shorter limitations period for bringing an action than prescribed by statute, so long as the time allowed is reasonable."), *but see* Cal. Civ. Code §§ 1751, 1783; Cal. Bus. & Prof. Code § 17208.[7]

## IV. CONCLUSION

Defendant's motion to strike should be denied.[8]

---

[7] Defendant argues that a party may waive a statutory right where its public benefit is incidental to its primary purpose, citing *DeBerard Properties, Ltd. v. Lim*, 20 Cal.4th 659, 668-669 (1999). *DeBerard* did not concern any of the statutes at issue in this case. *Id.* Defendant provides no additional authority to support the proposition that the statutes relied on by Plaintiff are, in fact, waiveable. Indeed, enforcement of a wavier of these statutes, especially by way of an unconscionable contract of adhesion, would "seriously compromise" the public purposes they were intended to serve. *See id.*

[8] Plaintiff does not oppose the request to strike the request for statutory damages of $3000 under section 1798.84(c) of the California Civil Code, because Plaintiff has not pled a claim under section 1798.83.

1   Dated: December 14, 2007                          Respectfully Submitted,

2                                                     **GUTRIDE SAFIER REESE LLP**

3

4

5                                                     By:_____

6                                                     Adam J. Gutride
                                                      Seth A. Safier
7                                                     835 Douglas Street
                                                      San Francisco, CA 94114
8                                                     Telephone:  (415) 271-6469
                                                      Facsimile:  (415) 449-6469
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28