**GUTRIDE SAFIER REESE LLP**
Adam J. Gutride (Cal. State Bar No.181466)
Seth A. Safier (Cal. State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

**Counsel for Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NETWORK SOLUTIONS, LLC<br>　　　　　　　Defendant | Case No. 07-5115 JSW<br><br>[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)<br><br>JUDGE: Hon. Jeffery S. White<br>DATE: Jan. 25, 2008<br>TIME: 9:00 am<br>CTRM: 2 |

1    Defendant has filed a motion to strike portions of Plaintiff's Complaint under Federal Rule of Civil Procedure Rule 12(f) (Dkt.# 14). Defendant seeks to strike Plaintiff's jury demand; all claims for compensatory, punitive, statutory and other damages; and the references to all statutes of limitations longer than one year. Plaintiff has opposed the motion. For GOOD CAUSE SHOWN, the Court DENIES the motion.

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Wright & Miller, Federal Practice and Procedure § 1382, at 706-707. Motions to strike portions of a complaint are generally viewed with disfavor, and will usually be denied unless the allegations in the complaint have no possible relation to the controversy, and may cause prejudice to one of the parties. *See* 5 Wright & Miller, Federal Practice and Procedure § 1380; *see also Hanna v. Lane*, 610 F. Supp. 32, 34 (N.D. Ill. 1985). In this instance, each of Defendant's requests to strike are predicated on the service agreements, of which this Court has declined to take judicial notice. Furthermore, the cited provisions of those agreements would be unenforceable as void as against public policy, because they purport to waive the rights of Plaintiff, a California resident, that are not waiveable and because they are unconscionable.

**Choice of Law**

Because this court is sitting in diversity, it must apply the choice-of-law rules of California, the forum state. *See Klaxon Co. v. Stentor Elec. Manufacturing Co., Inc.*, 313 U.S. 487, 496 (1941). California courts apply a governmental interest approach. *See ABF Capital Corp. v. Grove Properties*, 126 Cal. App. 4th 204, 215 (2005). When there is a valid, bargained-for choice-of-law provision in a contract, California courts apply the approach outlined in the Restatement Second of Conflict of Laws §187. *See, e.g., Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992). Under section 187 of the Restatement, a choice-of-law provision is unenforceable if

> the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination

> of the particular issue and which, under the rule of Section 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (2d) Conflict of Laws, § 187.

Application of Virginia law is against California public policy because it would lead to waiver of certain California consumer protections that are not waivable, such as Plaintiff's claims under the California Legal Remedies Act and California Customer Records Act. *See America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 16 (2001); Cal. Civ. Code §§ 1751, 1798.84. Enforcing the Virginia choice-of-law provision also could eliminate Plaintiff's ability to pursue a class action, particularly if the case must proceed in Virginia state court. *See AOL*, 90 Cal. App. 4th at 15-16. The Ninth Circuit has applied California public policy to deem unenforceable contracts that would have the effect of waiving class actions, even if those contracts do not expressly waive such actions. *See*, e.g., *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1285-87 (9th Cir. 2006) (arbitration provision in franchise agreement held unconscionable because it would effectively foreclose plaintiffs from vindicating class action rights under California law); *Ting v. AT&T, 319 F.3d 1126, 1152* (9th Cir. 2003) (same for long distance service contract).

While both states have an interest in the litigation, under California choice of law rules, California has a materially greater interest in this controversy because the choice of law provision would force "consumers to travel to a far location and depriving them of any hope of class litigation would pose an insurmountable barrier to recovery of small sums unjustly obtained, and undermine the protections of the UCL." *See Aral v. Earthlink, Inc.*, 134 Cal. App. 4th 544, 565 (2005).

**Jury Trial**

The right to a jury trial in federal court is governed by federal law. *See Telum, Inc. v. E.F. Hutton Credit Corp*., 859 F.2d 835, 837 (10th Cir. 1988). A contractual agreement can operate to waive the right to jury trial. *See* 5 Wright & Miller at § 2321. But such agreements are strictly and narrowly construed. *See, e.g., Paracor Fin., Inc. v. General Elec. Cap. Corp*., 79 F.3d 878 (9th Cir. 1996). Indeed, courts "must indulge every reasonable presumption against the

waiver of the jury trial." *United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997).  To determine if a contractual waiver of jury trial is enforceable, the court should consider (1) the relative bargaining power of the parties; (2) the extent to which the party opposing the waiver understood that provision; (3) the extent to which the provision was negotiated; and (4) the conspicuousness of the provision.  *See, e.g., id.*; *MZ Ventures, L.L.C. v. Mitsubishi Motor Sales of Am., Inc.*, 1999 U.S. Dist. LEXIS 14421, 50-45 (C.D. Cal. 1999).  It is Defendant's burden, as the party seeking to enforce the waiver, to prove those factors.  *See id.*

In this instance, Plaintiff had no ability to bargain for a contract with Defendant that did not include the jury waiver, at it was presented with a fixed contract.  The evidence is that Plaintiff did not know about or understand the waiver.  Indeed, the waiver was buried deep in a long service agreement that he did not actually see, though might have had the opportunity to read it if he had clicked on a hyperlink.  The parties did not negotiate about the waiver.

### **Damages Claims And Statute of Limitations**

Defendant seeks to strike the damages claims and shorten the statute of limitations by invoking an "exclusive remedy" provision in the service agreement.  That provision, even if admitted, would be unenforceable on grounds of unconscionability.

To be unenforceable on grounds of unconscionability , a contract or clause must be both procedurally and substantively unconscionable, but not necessarily in the same degree.  *See Ting*, 319 F.3d at 1148.  "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000).  "The procedural element focuses on two factors: oppression and surprise. Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice … . Surprise involves the extent to which the terms of the bargain are hidden in a "prolix printed form" drafted by a party in a superior bargaining position.'" *Olsen v. Breeze, Inc.*, 48 Cal.App.4th 608, 621 (1996); *California Grocers Ass'n. v. Bank of America*, 22 Cal. App. 4th 205, 214 (1994); *A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 491 (1982).  Substantive unconscionability focuses "on overly harsh or one-

sided results," *Armendariz*, 6 P.3d at 690, and specifically on whether "the terms of the agreement . . . are so one-sided as to shock the conscience." *Kinney v. United Healthcare Servs.*, 83 Cal. Rptr. 2d 348, 353 (1999). At least a "modicum of bilaterality" is required. *Armendariz*, 6 P.3d at 690.

Here, there exists procedural unconscionability because of (1) unequal bargaining power and (2) the clause, at issue, is buried in 50 or more pages of small print. There exists substantive unconscionability because the contract limits liability of Network Solutions and the statute of limitations for claims against it, but imposes no such limits on claims by Network Solutions against its customers. The disclaimer of all liability and damage also violates public policy. *See Discover Bank*, 36 Cal. 4th at 160 *citing Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1101 (2002); *see also Ting,* 319 F.3d at 1151 (concluding class action waivers in CLRA claim violated California law, relying in part on *Szetela*).

IT IS SO ORDERED

Dated:

_____
Jeffrey S. White
United States District Judge