PILLSBURY WINTHROP SHAW PITTMAN LLP
SHERI FLAME EISNER #162776
sheri.eisner@pillsburylaw.com
DAVID L. STANTON # 208079
david.stanton@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
JOHN M. GRENFELL #88500
john.grenfell@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendant
NETWORK SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC,<br><br>Defendant. | No. C 07-5115 JSW<br><br>DEFENDANT NETWORK SOLUTIONS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)<br><br>Judge: Hon. Jeffrey S. White<br>Date: January 25, 2008<br>Time: 9:00 a.m.<br>CrtRm: 2 |

POINTS AND AUTHORITIES

Doe filings are the exception, not the rule. Proceeding anonymously in litigation is allowed in only the rare instance where the evidence sufficiently justifies it. Plaintiff has failed to meet that burden in this case. Plaintiff did not seek prior permission to file as a Doe and simply ignored the issue until challenged by Defendant. Moreover, even if prior permission is not required, which Defendant believes it is, Plaintiff has failed to meet the very showing required. Litigation is not a game. It involves serious personal and financial stakes for all parties involved. Yet, Plaintiff's Complaint contains not one allegation or mention of the need to proceed anonymously. Plaintiff took no steps to protect his identity in filings in the related Virginia case, and never even asked Defendant to protect his identity. Under these circumstances, Plaintiff's failure to follow the Federal Rules of Civil Procedure justifies dismissal.

I. Plaintiff Is Required to Seek Permission to File or Continue as a Doe.

Plaintiff should have sought leave of court to file anonymously – either prior to filing the complaint or at least contemporaneously with the filing. Federal Rule of Civil Procedure 10(a) and 17(a) are clear that the names of the parties are required, and-in the interest of public policy-should be required, to initiate an action absent extreme circumstances and Court approval. In the exceptional circumstances where a plaintiff is permitted to proceed anonymously, this is a decision for the Court, which must determine whether the circumstances in a particular case justify this exceptional approach. In this case, however, until he was challenged by Defendant, Plaintiff took no steps to obtain Court approval or to demonstrate that this is the type of case in which he should be allowed to proceed anonymously. He did not make an application or administrative motion for permission to continue as a Doe, and does not include allegations in his Complaint justifying his Doe filing. Further, at no time prior to filing the Complaint, or after, did Plaintiff or his counsel request that his identity be kept a secret. Instead, Plaintiff proceeded as if anonymous filing was his right and not subject to court scrutiny, without any justification for doing so.

Plaintiff argues that he did not need prior permission to proceed anonymously and he relies on Does 1 through XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000) for this proposition. In Advanced Textile, however, the plaintiffs alleged in detail the basis for their Doe filing in their complaint. Advanced Textile, 214 F.3d at 1063. Here, Plaintiff's Complaint is completely silent on the issue and makes no mention whatsoever of the need to proceed anonymously. As such, Plaintiff should have requested permission from the Court to proceed anonymously prior to filing the complaint, or at least contemporaneously with the filing. Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, Section 8:120.13 (The Rutter Group 2007), citing W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001). That request should have been supported by "sufficient admissible evidence." Doe v. Texaco, Inc., 2006 WL 2850035 at *2 (N.D. Cal. 2006). Instead, Plaintiff simply ignores FRCP 10(a) and 17(a), by failing to include any justification for filing anonymously in his Complaint and failing to seek Court permission on the issue. Therefore, the Court should dismiss this action for failing to comply with the Federal Rules of Civil Procedure.

II. Plaintiff Has Not Shown Extreme Hardship to Justify Proceeding Anonymously.

In general, "[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . , and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties'." Advanced Textile Corp., 214 F.3d at 1067, citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99 (1978), EEOC v. Erection Co., Inc., 900 F.2d 168, 169 (9th Cir. 1990), and Federal Rule of Civil Procedure 10(a). Plaintiff does not and cannot dispute this fundamental principle, yet in purporting to sue as a "Doe," he seeks to equate this case where allegedly Doe's "social plans" may have been publicly disclosed with those involving rape victims, foreign workers in danger of deportation and imprisonment, mental illness, transsexuality, illegitimacy and birth control.

The Court must balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing

party." Advanced Textile, 214 F.3d at 1067 (citations omitted). Applying this balancing test plaintiffs have been permitted to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; or (3) when the anonymous party is compelled to admit an intention to engage in illegal conduct. Here, Plaintiff does not argue that he faces any risk of retaliatory harm or that he needs to admit illegal conduct. Instead, he argues that unidentified emails may contain personal information regarding such things as romantic relationships and social plans. (Opposition at pg. 5.) While such matters may (or may not) prove to potentially be embarrassing, they do not rise to the level of threatened retaliation, imprisonment, abortion or the like where courts have found it appropriate to proceed anonymously. This case cannot reasonably be equated with the foreign garment workers in Advanced Textile who faced termination from their jobs, deportation, arrest and imprisonment if their names were released.

Further, Plaintiff does not consistently allege that any of these supposedly "embarrassing" emails even remain available online. If these documents were still publicly available, this is something one would expect to be set forth in the Complaint. Allegations that unspecified emails with some ambiguous potential for embarrassment that may or may not be publicly available online cannot justify an anonymous proceeding. If they did, then every wrongful termination, harassment, libel or privacy suit would be filed anonymously, and only the most generic business disputes would remain open to the public.

In addition, the powerful presumption in favor of open proceedings cannot be ignored every time a litigant fears disclosure of routine and potentially private or embarrassing information. As Plaintiff notes, if there is an email or specific document that truly deserves protection, that document can be sealed. Moreover, contrary to Plaintiff's assertion, the notion that Defendant might theoretically request that certain proprietary or trade secret documents be sealed is not a justification for proceeding anonymously.

The public interest in opening proceedings is not inconsequential. Such principles are at the very heart of the legal system and should be respected. Cox Broadcasting Corp.

v. Cohn, 420 U.S. 469, 492-93 (1975), citing, Craig v. Harney, 331 U.S. 367, 374 (1947). While plaintiff seems to give little weight to the public interest in open court proceedings, this is a central tenant of our justice system. Under the circumstances presented in this case, no basis has been asserted-either in the Complaint, in the opposition to this motion, or in Plaintiff's declaration-to justify overriding the public interest in open proceedings in order to insulate the person who brought this case from identifying himself.

## III. CONCLUSION.

Plaintiff's anonymous Complaint does not comply with the Federal Rules of Civil Procedure and Plaintiff has failed to show by admissible evidence that this failure is justified. As such, the Complaint should be dismissed as Plaintiff should not be permitted to proceed as a Doe under the circumstances presented in this case.

Dated: December 21, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP
SHERI FLAME EISNER
JOHN M. GRENFELL
DAVID L. STANTON

By /s/
Sheri Flame Eisner
Attorneys for Defendant
NETWORK SOLUTIONS, LLC