1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    SHERI FLAME EISNER #162776
2   sheri.eisner@pillsburylaw.com
    DAVID L. STANTON #208079
3   david.stanton@pillsburylaw.com
    725 South Figueroa Street, Suite 2800
4   Los Angeles, CA  90017-5406
    Telephone: (213) 488-7100
5   Facsimile: (213) 629-1033

6   PILLSBURY WINTHROP SHAW PITTMAN LLP
    JOHN M. GRENFELL #88500
7   john.grenfell@pillsburylaw.com
    50 Fremont Street
8   Post Office Box 7880
    San Francisco, CA  94120-7880
9   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
10
    Attorneys for Defendant
11  NETWORK SOLUTIONS, LLC

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15  _____

16  DOE, Individually And On Behalf Of All          No. C 07-5115 JSW
    Others Similarly Situated,
17                                                  DEFENDANT NETWORK
                              Plaintiff,            SOLUTIONS, LLC'S REPLY IN
18                                                  SUPPORT OF REQUEST FOR
         vs.                                        JUDICIAL NOTICE
19
    NETWORK SOLUTIONS, LLC,                         Judge:    Hon. Jeffrey S. White
20                                                  Date:     January 25, 2008
                              Defendant.            Time:     9:00 a.m.
21  _____        CrtRm:    2

22

23

24

25

26

27

28

1    I.    Introduction

2        In its Request for Judicial Notice ("RFJN"), defendant Network Solutions, LLC

3    ("Defendant" or "Network Solutions") asked the court to take judicial notice to four things:

4    (i) the parties' Service Agreements (RFJN Exhs. 1-5); (ii) the applicable Privacy Policies

5    (RFJN Exhs 6-8; (iii) the dictionary definition of "search engine" (RFJN Exh. 9); and (iv)

6    cases in which other Courts have upheld the forum-selection clause in the Service

7    Agreements (RFJN Exhs. 10-18).  Plaintiff does not object to the court taking judicial

8    notice of the definition of "search engine." His opposition to the RFJN ("Opposition" or

9    "RFJN Opp.") argues only that the Court may not take judicial notice of the Service

10   Agreements, Privacy Policies or the cases upholding the forum-selection clause.  As set

11   forth in the RFJN, and further discussed below, Plaintiff is incorrect.

12   II.    The Court May Properly Take Judicial Notice of the Service Agreements

13          and Privacy Policies

14       The Opposition asserts that the Service Agreement "is not once mentioned, let alone

15   quoted or relied upon, in the Complaint."  RFJN Opp. at 1:27-28.  This is simply false.  The

16   Complaint quotes identical language contained in each version of the Service Agreement

17   that Plaintiff repeatedly agreed to when he created and renewed his webmail account each

18   year between October 2003 and October 2007.  Compare CAC ¶9, with RFJN Exhs. 1-5 at

19   RFJN 007, 0055-56, 0091, 0133, 0225.  Plaintiff pretends that this language comes from

20   Defendant's Privacy Policies, rather than the Service Agreements.  RFJN Opp. at 1:28-2:2.

21   But this is also untrue.  Compare CAC ¶9 with RFJN Exhs. 6-9.  The Privacy Policies are

22   separate documents, incorporated by reference into the Service Agreements.

23       Further, the Complaint unambiguously concedes that the relationship between

24   Network Solutions and its customers is contractual, admitting that "all Defendant's

25   customers enter into a written agreement with Defendant."  CAC ¶9.  Moreover, all of the

26   alleged "actual" damages set forth in the Complaint arise from fees that customers paid

27   pursuant to the Service Agreement.  See, e.g, CAC ¶ 30; Opp. at 7:10-22.  Thus, the Service

28   Agreements and incorporated Privacy Policies are integral to Plaintiff's claims.

DEFENDANT'S REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE
Case No. C 07-5115 JSW

1    As the RFJN demonstrates, where a complaint is premised upon documents that the

2    plaintiff fails to attach, a defendant may attach the documents to a motion to dismiss in

3    order to show that they do not support, or that they entirely preclude, the plaintiffs' claims.

4    Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds).  Courts

5    also may consider the full text of documents that the complaint only quotes in part.  In re

6    Stac Electronics Sec. Lit., 89 F.3d 1399, 1405 n. 4 (1996), cert denied, 520 U.S. 1103

7    (1997).  These rules preclude plaintiffs "from surviving a Rule 12(b)(6) motion by

8    deliberately omitting references to documents upon which their claims are based." Parrino

9    v. FHP, Inc., 146 F.3d 699, 705 (9th Cir.1998).  RFJN at 3:1-8; 4:17-20.   Plaintiff attempts

10   to distinguish Branch v. Tunnel and Parrino v. FHP, Inc. on their facts, because one case

11   dealt with a deposition transcript and the other an insurance coverage plan, but he does not,

12   and cannot, dispute the generally recognized principal that documents not attached to a

13   pleading may be subject to judicial notice on a motion to dismiss where they are central to

14   the claims set forth in the pleading.

15   Plaintiff also offers the unsubstantiated assertion that "there is a serious dispute as to

16   what version(s) of the agreement would apply to Plaintiff and what portion(s) of that

17   agreement, if any, are enforceable."  RFJN Opp. at 1:20-23.  Under Federal Rule of

18   Evidence 201, however, a judicially noticed fact must be one not subject to reasonable

19   dispute.  Nothing in the Complaint, in Plaintiff's opposition briefs, or in the declaration

20   Plaintiff filed in support of his opposition briefs gives rise to a reasonable dispute that the

21   Service Agreements or Privacy Policies are what they purport to be.  Plaintiff merely offers

22   the conclusion of a dispute without any explanation or factual foundation.

23   In fact, Plaintiff admits in his Opposition to Defendant's Motion to Strike Under

24   Federal Rule of Civil Procedure 12(f) that the Service Agreement currently can be found

25   online.  See Plaintiff's Motion to Strike Opposition at fn. 2 (identifying the Service

26   Agreement "that existed, as of December 14, 2007, on Defendant's website," and

27   referencing http://www.networksolutions.com/legal/static-service-agreement.jsp).  Plaintiff

28   even quotes in his Motion to Strike Opposition the same "Exclusive Remedy" provision

- 2 -

1   that is found in the Service Agreements attached to Defendant's Request for Judicial

2   Notice.  <u>Compare</u> Motion to Strike Opposition at 2:10-11:2 <u>with</u> RFJN Exh. 1-5 at RFJN

3   0003-04, 0052-53, 0088-89, 00127-28 and 0222.   In other words, he concedes that

4   Network Solutions' Service Agreement is currently available and readily accessible online,

5   and that it contains the same binding provision as that found in Exhibits 1-5 of the Request

6   for Judicial Notice.  Thus, far from raising a "reasonable" dispute as to the authenticity of

7   the Service Agreement, Plaintiff's recognition of its widespread availability online confirms

8   that no such controversy exists.

9        Moreover, it is not necessary that the agreements, or any particular provisions be

10   <u>enforceable</u> (which they are) for the Court to take judicial notice of them.  For instance, the

11   Service Agreements are selectively quoted in an apparent attempt to support Plaintiff's false

12   and misleading advertising claims under the Unfair Competition Law and California Legal

13   Remedies Act.  Yet these same documents provide clear disclosure to Plaintiff and other

14   customers about the services that Network Solutions would provide, including the fact that

15   webmail accounts were not guaranteed to be "SECURE OR ERROR-FREE."  Under these

16   circumstances, the agreements are properly subject to judicial notice.

17        III.   <u>The Court May Properly Take Judicial Notice of the Cases Upholding the</u>

18              <u>Forum-Selection Clause</u>

19        Plaintiff states in his Objection that "[d]ocuments that are part of the public record

20   may be judicially noticed to show, for example that a judicial proceeding occurred or that a

21   document was filed in another case.  But a court may not take judicial notice of findings of

22   fact from another case, or use such findings against Plaintiff, who was not a party to that

23   case." Opp. at 3:14-17.  Network Solutions does not dispute this, however, this is not the

24   point.  The cases offered attached as RFJN Exhibits 10-18 are offered to demonstrate that

25   other courts have considered the same forum-selection clause at issue in this case.  These

26   cases, which at this time are not readily available on Westlaw or Lexis, also constitute

27   persuasive authority from multiple jurisdictions supporting Defendant's motion to dismiss

28

DEFENDANT'S REPLY IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE
Case No. C 07-5115 JSW

1    or transfer this action to the courts of Virginia, consistent with the requirements of the

2    forum-selection clause.

3

4              Date:  December 21, 2007

5

6                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                           SHERI FLAME EISNER
                                           JOHN M. GRENFELL
7                                          DAVID L. STANTON

8

9                                          By    /s/
                                                    Sheri Flame Eisner
10                                         Attorneys for Defendant
                                           NETWORK SOLUTIONS, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -          DEFENDANT'S REPLY IN SUPPORT OF REQUEST
                 FOR JUDICIAL NOTICE
                 Case No. C 07-5115 JSW