PILLSBURY WINTHROP SHAW PITTMAN LLP
SHERI FLAME EISNER #162776
sheri.eisner@pillsburylaw.com
DAVID L. STANTON # 208079
david.stanton@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA   90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

PILLSBURY WINTHROP SHAW PITTMAN LLP
JOHN M. GRENFELL #88500
john.grenfell@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA   94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendant
NETWORK SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOE, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK SOLUTIONS, LLC,<br><br>Defendant. | No. C 07-5115 JSW<br><br>DEFENDANT NETWORK SOLUTIONS, LLC'S OPPOSITION TO MOTION TO STRIKE<br><br>Judge:   Hon. Jeffrey S. White<br>Date:    January 25, 2008<br>Time:    9:00 a.m.<br>CrtRm:   2 |

Defendant Network Solutions, LLC ("Network Solutions" or "Defendant") hereby submits its Opposition to Plaintiff's Motion to Strike. For the Court's convenience, Network Solutions submits this opposition in accordance with the Court's Order Setting

Briefing Schedule on Pending Motions (Dkt. 21), though Plaintiff's Motion is not subject to the Order.

## I.   INTRODUCTION

Federal Rule of Civil Procedure 12(g) ("Rule 12(g)"), Local Rule 7-2, and this Court's standing order do not require a party to consolidate all of its Rule 12 motions into one fifteen-page motion. A party may bring more than one motion under Federal Rule of Civil Procedure 12 ("Rule 12"), as long as the motions are filed simultaneously and not successively in a piecemeal fashion. On November 28, 2007, Defendant Network Solutions, LLC ("Network Solutions") filed three Motions to Dismiss and one Motion to Strike. Plaintiff misinterprets Rule 12(g) and moves to strike Network Solutions' motions by claiming that Network Solutions may not bring "successive Rule 12 motions" and must consolidate all into one, fifteen-page motion. However, Network Solutions properly filed its Rule 12 motions simultaneously, pursuant to Rule 12(g), Local Rule 7-2, and this Court's standing order.

## II.   STATEMENT OF FACTS

On November 28, 2007, Network Solutions filed four motions: (1) Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the Alternative to Transfer Pursuant to 28 U.S.C. §1406(a), for Improper Venue; (3) Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) and (4) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff seeks to strike Motions (1)-(3). Network Solutions filed all of its motions at the same time. Each of the filed motions was less than fifteen pages in length. Each Motion deals with a distinct legal issue and subsection of Federal Rule of Civil Procedure 12.

### III. ARGUMENT

#### A. Defendant's Motions Are Appropriate Under the Federal Rules of Civil Procedure, Local Rules and this Court's Standing Orders.

Rule 12(g), Local Rule 7-2, and this Court's standing order do not prohibit Network Solutions from bringing separate Rule 12 motions at the same time. Rule 12(g) provides that

> [a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed. R. Civ. Proc. 12(g) (2007).

Rule 12(g) does not state that a party may only bring one Rule 12 motion. Nor does Rule 12(g) prohibit a party from filing multiple Rule 12 motions simultaneously. Rather, Rule 12(g) contemplates a situation where a moving party files numerous *successive* motions in order to cause delay and encourage dilatory tactics. Aetna Life Ins. Co. v. Alla Medical Serv., Inc., 855 F.2d 1470 (9th Cir. 1988). The purpose of the rule is to prevent piecemeal consideration of pretrial motions and encourage a party to present all of its defenses and objections at the same time. 61A Am. Jur. 2d Pleading § 453 (2007). The cases Plaintiff cites to in his Motion to Strike support this very reasoning and each of those cases deals with Rule 12 motions that were filed successively rather than simultaneously. See Chilicky v. Schweiker, 796 F.2d 1131, 1136 (1986), rev'd on other grounds, 487 U.S. 412 (9th Cir. 1988) ("Fed. R. Civ. P. 12, and specifically subdivisions (g) and (h), promote the early and simultaneous presentation and determination of preliminary defenses."); CGHH, LLC v. Cesta Punta Deportes S.A. de C.V., 2006 U.S. Dist. LEXIS 15015, *9 (N.D. Ga. 2006) (To allow a moving party to assert arguments in a subsequent motion to dismiss that should have been included in its first motion to dismiss "would contravene the purpose of *Rule 12(g)*."); English v. Dyke, 23 F.3d 1086, 1090 (6th Cir. 1994) (The moving

1  party "cannot delay the filing of a responsive pleading by interposing [Rule 12] defenses
2  and objections in piecemeal fashion but must present them simultaneously.").  Network
3  Solutions did not violate Rule 12(g) because it filed the motions simultaneously, to be heard
4  on the same day without delay.
5       Plaintiff also misconstrues waiver within the context of Rule 12(g).  Under Rule
6  12(g), certain defenses listed in Federal Rule of Civil Procedure 12(h) ("Rule 12(h)")[1] that
7  are not raised in a Rule 12 motion are deemed waived only if the moving party fails to bring
8  that defense in its first motion and later attempts to bring another motion in order to include
9  the missing defense.  Chilicky, 796 F.2d at 1136; CGHH, LLC, 2006 U.S. Dist. LEXIS at
10 *9; English, 23 F.3d at 1090-91.  Network Solutions filed simultaneous Rule 12 motions –
11 not *successive* motions – and therefore did not waive its Rule 12(h) defenses.
12      Network Solutions also complied with this Court's standing order that each motion
13 be fifteen pages or less.  Network Solutions did not seek to burden Plaintiff by filing
14 motions that are authorized by the Federal Rules of Civil Procedure and justified by the
15 issues raised by Plaintiff's Complaint.  To the contrary, Network Solutions informed
16 Plaintiff's counsel in advance of filing the pending motions, and requested that the parties
17 stipulate to an extended briefing schedule.  Plaintiff's counsel, however, refused, and
18 rejected this effort to ease the purported burden of opposing Network Solutions' Rule 12
19 motions.

---

25 [1] Federal Rule of Civil Procedure 12(h) provides that "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of
26 process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a
27 responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed. R. Civ. Proc. 12(h) (2007).

1  **IV.    <u>CONCLUSION</u>**

2      Defendant Network Solutions did not violate Rule 12(g), Local Rule 7-2, or this

3  Court's standing order and therefore Plaintiff's Motion to Strike should be denied.

4  Dated: December 21, 2007

        PILLSBURY WINTHROP SHAW PITTMAN LLP
        SHERI FLAME EISNER
        JOHN M. GRENFELL
        DAVID L. STANTON


        By:   /s/
           Sheri Flame Eisner
          Attorneys for Defendant
        NETWORK SOLUTIONS, LLC