**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE, et al.<br><br>  Plaintiffs,<br><br>v.<br><br>NETWORK SOLUTIONS, LLC<br><br>  Defendant.<br>_____/ | No. C 07-05115 JSW<br><br>**ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND PLAINTIFF'S CROSS MOTION FOR LEAVE TO FILE DOE COMPLAINT AND TO STRIKE** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the following motions filed by Defendant Network Solutions Inc. ("Network Solutions"): (1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1406(a), for Improper Venue; (3) Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6); and (4) Motion to Strike Pursuant to Rule 12(f).

Also before the Court is Plaintiff's Motion to Strike Defendant's Rule 12 Motions and Plaintiff's Cross-Motion for Leave to File a "Doe" Complaint and to Seal or Strike Portions of the Declarations of Sheri Flame Eisner and Natalie Sterling, which Plaintiff filed in connection with his opposition to Network Solutions' motion to dismiss for lack of subject matter jurisdiction.

Defendant also has filed a request for judicial notice, which Plaintiff opposes.

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 25, 2008 is VACATED. For the reasons set forth in the remainder of this Order, Plaintiff's motion to strike is DENIED, Network Solutions' motion to dismiss for lack of subject matter jurisdiction is DENIED, Plaintiff's motion to proceed under a pseudonym is DENIED WITHOUT PREJUDICE, and Network Solutions' motion to dismiss for improper venue is GRANTED, without prejudice to refiling in the United States District Court for the Eastern District of Virginia.

In light of this ruling, Network Solutions' motions to dismiss for failure to state a claim and to strike are DENIED AS MOOT.

**BACKGROUND**

On October 4, 2007, Plaintiff filed this putative class action against Network Solutions under the pseudonym "Doe," however, Plaintiff has not made an effort to hide his gender. Plaintiff alleges violations of: the Electronic Communications Privacy Act, 18 U.S.C. § 2702; the California Online Privacy Act of 2003, California Business and Professions Code § 22575, *et seq.*; the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; the California Customer Records Act, California Civil Code § 1798.80, *et seq.*; California Business and Professions Code § 17200, *et seq.*; unjust enrichment; and public disclosure of private facts.[1]

In or about October 2003, Plaintiff registered a private domain name with Network Solutions and renewed the registration each year from 2003 through 2007. (Compl. ¶ 4.) Plaintiff also purchased a web based email account for a yearly payment of $20. (*Id.*) Plaintiff alleges that in or about May 2007, he "became aware that private emails from his account were publicly available on the Internet ... [including] sensitive private personal and financial [*sic*]

---

[1] Before Plaintiff filed suit, his counsel contacted Network Solutions regarding the claims asserted in this action. (*See* Declaration of Sheri Eisner in Support of Defendant Network Solutions' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 3(b) ("Eisner Decl."), ¶ 2.) On September 21, 2007, Network Solutions filed a declaratory relief action in the Circuit Court of Fairfax County. (*Id.* ¶ 3, Ex. A.) Although Plaintiff moved to dismiss that action for lack of personal jurisdiction, the motion was denied. (*See* Network Solutions' Notices of Lodging of New Ruling and Transcript.)

2

including information such as Plaintiff's email address, physical address, telephone number(s), passwords, usernames, and other personal information about Plaintiff's personal and professional life." (*Id.*)

Plaintiff further alleges that Network Solutions' customers enter into a written agreement with Network Solutions that incorporates Network Solutions' privacy policy, which states that, subject to certain exceptions, it will not disclose the contents of a customers' private communications with third parties. (*Id.* ¶ 9.) Plaintiff alleges that Network Solutions has knowingly violated its privacy policy and failed to install industry-standard hardware and/or software that would have prevented the release of its customers' private information. (*Id.* ¶¶ 10-11.)

In order to obtain a domain name or a webmail account with Network Solutions, a customer must agree to the terms of its Service Agreement. (Declaration of Natalie Sterling ("Sterling Decl.") ¶ 13; *see also* Compl. ¶ 4.) When Plaintiff registered with Network Solutions, he thus became subject to those terms. Based on the record, Plaintiff would have accepted those terms by checking a box appearing on the Network Solutions website, which is adjacent to the statement "I have read the Network Solutions Service Agreement and agree to its terms." (Sterling Decl., ¶ 13 and Ex. A.) When a customer renews a registration, he or she is required to go through the same process. (*Id.* ¶ 13.)

As stated in his Complaint, Plaintiff renewed the registration each year from 2003 through 2007. The October 2006 and October 2007 versions of the Service Agreement each provide, in pertinent part:

> You and Network Solutions agree that this Agreement and any disputes hereunder shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflict of laws rules. You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction, and venue of the United States District Court for the Eastern District of Virginia, Alexandria Division for any disputes between you and Network Solutions under, arising out of, or related in any way to this Agreement (whether or not such disputes also involve other parties in addition to you and Network Solutions). If there is no jurisdiction in the United States District Court for the Eastern District of Virginia, Alexandria Division, for any such disputes, you and we agree that exclusive jurisdiction and venue shall be in the courts of Fairfax County, Fairfax, Virginia.

3

(Sterling Decl., Ex. E at 144, Ex. F at 332.)[2]

## ANALYSIS

**A.     Request for Judicial Notice.**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Network Solutions asks the Court to take judicial notice of its Service Agreements and Privacy Policies. That request is denied as moot, because the Service Agreements also are attached as exhibits to the Declaration of Natalie Sterling. The Court did not rely on the Privacy Policies to resolve these motions.

The Court also denies the request for judicial notice of the authorities and dictionary definition that are submitted as Exhibits 9-18. However, the Court has considered those authorities in due course, as they are cited in Network Solutions' motions.

**B.     Plaintiff's Motion to Strike is Denied.**

Under Federal Rule of Civil Procedure 12, a defendant must raise certain defenses in its initial responsive pleading or risk waiver of those defenses. *See* Fed. R. Civ. P. 12(b)(2), 12(g), 12(h). Plaintiff argues that Network Solutions should have filed an omnibus motion to dismiss and, having failed to do so, the Court should strike Network Solutions' motions to dismiss for improper venue, to dismiss for failure to state a claim, and to strike under Rule 12(f), on the ground that Network Solutions waived these defenses by failing to raise them in one motion.

These rules serve to prevent piecemeal litigation by precluding a defendant from filing *successive* motions on defenses that may be waived. It is not clear, however, that a defendant is required to raise the defenses in an omnibus motion rather than raising them in concurrent motions filed on the date an initial responsive pleading is due. The Court notes, however, that if Network Solutions was concerned about page limitations and whether it could address all issues that might warrant dismissal in one motion, it could have filed a motion for leave to file

---

[2]     Earlier versions of the forum selection clause differ in some respects from these versions. (*See* Sterling Decl., Exs. B-D.) These differences are not material to the resolution of this motion.

4

excess pages. Indeed, given the incorporation by reference of certain arguments and the repetition of certain facts, that would have been a preferable, and potentially safer, course of action.

In light of Plaintiff's failure to object to the multiple motions at the time they were filed and without definitive Ninth Circuit authority that an omnibus motion is required, the Court denies Plaintiff's motion to strike.

**B.   Network Solutions' Motion to Dismiss for Lack of Jurisdiction is Denied, and the Court Denies Without Prejudice Plaintiff's Request to Proceed Anonymously.**

In this motion, Network Solutions moves to dismiss because of Plaintiff's failure to seek leave to proceed under a pseudonym at the time the Complaint was filed. Network Solutions argues that the failure to do so deprives the Court of jurisdiction over this action, relying on a Tenth Circuit case in support of its argument. However, district courts within the Ninth Circuit have concluded that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss. *See Roe v. Providence Health System, Inc.*, 2007 WL 1876519 at * (D. Or. Apr. 24, 2007), *report and recommendation adopted in part and rejected in part*; 2007 WL 1876520 (D. Or. June 26, 2007); *Roe v. City of San Diego*, 2001 U.S. Dist. LEXIS 26137 at *10-12 (S.D. Cal. Dec. 21, 2001), *rev'd on other grounds Roe v. City of San Diego,* 356 F.3d 1108 (9th Cir. 2004). Because Plaintiff has filed a motion to proceed anonymously, the Court denies Network Solutions' motion to dismiss for lack of jurisdiction.

Although the right to proceed under a pseudonym "runs afoul of the public's common law right of access to judicial proceedings ... and Rule 10(a)'s command that the title of every complaint that the title of every complaint 'include the names of all the parties,'" the Ninth Circuit has permitted parties to proceed anonymously "when special circumstances justify secrecy." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). In *Advanced Textile,* the court held that a:

> party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield

5

> the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; ... (2) the reasonableness of the anonymous party's fears...; and (3) the anonymous party's vulnerability to such retaliation.

*Id.* at 1068.

Plaintiff alleges, in general, that if this action is not maintained as a "Doe" action, his personal email, which contains intimate information, will likely be made more public and that he and others may be more vulnerable to reputational harm. There is nothing in the record, however, from which the Court could conclude that these emails reveal information that would stigmatize Plaintiff or otherwise subject Plaintiff to retaliation. *See, e.g., Alyssa C. v. Palo Alto Housing Corp.*, 2007 WL 878524 at *2 (N.D. Cal. Mar. 20, 2007). Thus, although the Court is not persuaded that Network Solutions would be prejudiced by allowing Plaintiff to proceed anonymously, the Court finds that Plaintiff has not shown special or unusual circumstances that would warrant proceeding under a pseudonym.

Accordingly, based on the record that currently exists, Plaintiff's cross-motion for leave to file under a pseudonym is denied. If Plaintiff chooses to refile in the Eastern District of Virginia, this ruling is without prejudice to Plaintiff filing a motion for leave to file under a pseudonym in that court. This Court's ruling is based on the record as it exists here. Plaintiff's motion to seal his declaration and the portions of Network Solutions' pleadings that relate to Plaintiff's identity are denied as well.

**C.   Defendant's Motion to Dismiss for Improper Venue Or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1406(a) is Granted.**

**1.   Legal Standard.**

A motion to dismiss for "improper venue" based on the enforcement of a forum selection clause is governed by Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(3) does not require that the pleadings be accepted as true, and the Court can consider facts outside the pleadings. *Id.* at 324. However, the Court "must draw all reasonable inferences ... and

6

1 resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l.*
2 *Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

3 "Forum selection clauses are *prima facie* valid, and are enforceable absent a strong
4 showing by the party opposing the clause 'that enforcement would be unreasonable or unjust,
5 or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow,*
6 *Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in
7 original) (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "[B]ecause
8 enforcement of a forum clause necessarily entails interpretation of the clause before it can be
9 enforced, ... federal law applies to interpretation of forum selection clauses." *Id.* at 513.

**2.   Analysis.**

The forum selection clause provides that it applies to "any disputes between you and Network Solutions under, arising out of, or related in any way to this Agreement (whether or not such disputes also involve other parties in addition to you and Network Solutions)." (Sterling Decl., Exs. E, F.) Plaintiff argues that the forum selection clause is not applicable because (1) his claims are not contract based claims and, therefore, do not fall within its scope and (2) that enforcing it would be unreasonable.

**a.   Plaintiff's claims fall within the scope of the clause.**

A "forum selection clause[] can be equally applicable to contractual and tort causes of action." *Manetti-Farrow*, 858 F.2d at 514. In order to determine if a forum selection clause will apply to tort claims, a court must determine if "resolution of the claims relates to interpretation of the contract." *Id.* Although it is true that Plaintiff has not asserted a breach of contract claim, the claims do arise out of his status as one of Network Solutions' customers and relate to services provided by and representations made by Network Solutions to him, thus implicating their contractual relationship. (*See, e.g.,* Compl. ¶¶ 23-54.) In addition, Network Solutions has incorporated by reference its privacy policy into the Service Agreement. (Sterling Decl., Ex. E at 137-38, Ex. F at 328-29.)

Further, the forum selection clause applies to disputes "under, arising out of, or related in any way to this Agreement," which suggests that the forum selection was intended to be

7

1  applied broadly. *Compare Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 732
2  (9th Cir. 2006) ("arising out of or relating to" as used in arbitration clause to be interpreted
3  broadly) *with Coalition for ICAAN Transparency Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924,
4  932 (N.D. Cal. 2006) (noting that forum selection clause applied "only to 'legal proceeding[s]
5  relating to this Agreement,'" and concluding that "[t]he plain meaning of this language must
6  involve the" agreement itself to trigger the forum selection clause). Accordingly, the Court
7  finds that Plaintiffs' claims fall within the scope of the forum selection clause.[3]

**2.    It would not be unreasonable to enforce the forum selection clause.**

Plaintiff also contends that it would be unreasonable to enforce the forum selection clause. Plaintiff first argues that Network Solutions did not adequately apprise him of that forum selection clause existed. However, the record demonstrates that in order to register or renew his domain name and webmail account, Plaintiff was required to check the box on the Network Solutions' website that is adjacent to the statement "I have read the Network Solutions Service Agreement and agree to its terms." (Sterling Decl., ¶ 13 and Ex. A.) The fact that Plaintiff did not read the Service Agreement does not preclude the Court from enforcing it. *See, e.g., Operating Engineers Pension Trust v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986) ("A party who signs a contract is bound by its terms regardless of whether he reads it or considers the legal consequences of signing it.")

Plaintiff also argues that enforcement of the forum selection clause effectively would deprive him of his day in court because he has never been to Virginia, he lives and works in the Bay Area, his counsel is located in the Bay Area, and the costs of transporting "everyone to Virginia for all hearings and trial are astronomical." (Opp. at 8:7-12.) Plaintiff must satisfy a "heavy burden" to show that enforcement of the forum selection clause "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18-19. Plaintiff proffers no evidence in support of this argument. The Court finds that Plaintiff has failed to meet this burden.

---

[3]    The Court expresses no opinion on the validity of or scope of the choice of law provision.

8

Plaintiff's final argument against enforcement of the forum selection clause is that it contravenes public policy because it will preclude him from asserting his claims under the California Consumer Legal Remedies Act and under the Customer Records Act.[4] *See M/S Bremen*, 407 U.S. at 15 (a forum selection clause is "unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision"). In support of this argument, Plaintiff relies in part on the fact that the forum selection law clause also includes a choice of law provision that provides for the application of Virginia law, with the exclusion of its choice of law rules.

Plaintiff does not argue that California has expressed a policy against enforcement of a forum selection clause in the context of the claims asserted. Therefore, the Court finds Plaintiff's reliance on *Jones v. GNC Franchising*, 211 F.3d 495 (9th Cir. 2000) to be inapposite. In that case, California franchise law provided that clauses restricting venue to a forum outside California were void with respect to claims arising under or relating to franchise agreements when the agreement was with a franchise business operating within California. Thus, the forum selection clause itself contravened California statutory policy. *Cf. Marootian v. New York Life Insurance Co.*, 2001 U.S. Dist. LEXIS 22274 at * 27 (C.D. Cal. Dec. 3, 2001) (enforcement of forum selection clause would violate statutory policy in favor of providing California forum for specific claims notwithstanding any contrary forum selection clause in insurance policies at issue).

That a forum selection clause may provide for a forum which permits different or less favorable remedies to the plaintiff's chosen forum is not, alone, a basis for invalidating the forum selection clause. *See, e.g., E. & J. Gallo Winery, Inc. v. Andina Licores S.A.*, 440 F. Supp. 2d 1115, 1127 (E.D. Cal. 2006). Here, it is not clear that the forum selection clause and the choice of law provision will "'operate[] in tandem as a prospective waiver of [Plaintiff's] right to pursue statutory remedies.'" *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*,

---

[4] Plaintiff argues that California state courts have refused to apply similar clauses because enforcement would contravene public policy. (*See* Opp. at 8:25-9:8.) However, this Court is bound to apply federal law to determine whether or not the forum selection clause is enforceable. *Manetti-Farrow*, 858 F.2d at 513.

1  515 U.S. 528, 540 (1995) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*,
2  473 U.S. 614, 637 n.19 (1985)).  If Plaintiff chooses to re-file his claims in the Eastern
3  District of Virginia, he can assert his chosen claims and contest the validity of the choice of
4  law provision in that court.  *Cf. Vimar*, 515 U.S. at 541 (upholding arbitration agreement and
5  leaving arbitrator to decide choice of law issue).
6        Accordingly, the Court concludes that Plaintiff has not established enforcement of the
7  forum selection clause would violate a strong public policy of this forum.  Network Solutions'
8  motion to dismiss under Rule 12(b)(3) is granted, without prejudice to Plaintiff refiling his
9  claims in the United States District Court for the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is denied, Network Solutions' motion to dismiss for lack of jurisdiction is denied, Plaintiff's motion for leave to file under a pseudonym is denied without prejudice, Network Solutions' motions to dismiss for failure to state a claim and to strike are denied as moot, and Network Solutions' motion to dismiss for improper venue is granted.  A separate judgment shall issue and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: January 22, 2008

                                              JEFFREY S. WHITE
                                              UNITED STATES DISTRICT JUDGE